IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 21-1453 (RGA) |
| v. | ) ) ) | |
| NETLIST, INC., | ) ) | |
| Defendant. | ) | |

**SAMSUNG'S OPENING BRIEF IN SUPPORT OF
ITS MOTION FOR LEAVE TO AMEND THE COMPLAINT**

OF COUNSEL:

Brian Nester
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
(202) 662-6000

Alice J. Ahn
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105-2533
(415) 591-6000

January 25, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiffs*

TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF FACTS .................................................................................... 3

      A.    The Netlist-Samsung Joint Development and License Agreement ........................ 3

      B.    Samsung's Declaratory Judgment Complaint........................................................ 4

      C.    Netlist's Retaliatory Lawsuit Filed in the Eastern District of Texas ..................... 5

      D.    Samsung's Amended Complaints in the Present Action ........................................ 7

III.  LEGAL STANDARDS ......................................................................................... 8

IV.   ARGUMENT.......................................................................................................... 8

      A.    Samsung's Amended Complaint Is Timely ............................................................ 9

      B.    The Proposed Amendments Will Not Unfairly Prejudice Netlist........................... 9

      C.    Samsung's Amended Allegations Are Made for a Proper Purpose ..................... 11

      D.    Samsung's Amended Allegations Are Not Futile................................................. 18

V.    CONCLUSION..................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**                                                                                                    Page(s)

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
   190 F. Supp. 2d 726 (D. Del. 2002)................................................................................18, 19

*Anza Tech., Inc. v. Mushkin, Inc.*,
   934 F.3d 1359 (Fed. Cir. 2019).............................................................................13, 15, 18

*U.S. ex rel. B & R, Inc. v. Donald Lake Constr.*,
   19 F. Supp. 2d 217 (D. Del. 1998)....................................................................................11

*Barnes & Noble, Inc. v. LSI Corp.*,
   823 F. Supp. 2d 980 (N.D. Cal. 2011) ..............................................................................12

*Bechtel v. Robinson*,
   886 F.2d 644 (3d Cir. 1989)................................................................................................9

*Butamax Advanced Biofuels LLC v. Gevo, Inc.*,
   C.A. No. 11-54-SLR, 2012 WL 2365905 (D. Del. June 21, 2012) ........................................10

*Centerforce Techs., Inc. v. Austin Logistics, Inc.*,
   C.A. No. 99-243-MMS, 2000 WL 652943 (D. Del. Mar. 10, 2000)......................................10

*Cot'n Wash Inc. v. Henkel Corp.*,
   56 F. Supp. 3d 613 (D. Del. 2014)......................................................................................8

*CryoLife, Inc. v. C.R. Bard, Inc.*,
   C.A. No. 14-559-SLR, 2015 WL 10693997 (D. Del. Mar. 10, 2015)....................................18

*United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*,
   839 F.3d 242 (3d Cir. 2016)................................................................................................8

*Dole v. Arco Chem. Co.*,
   921 F.2d 484 (3d Cir. 1990)................................................................................................8

*E.E.O.C. v. Univ. of Pennsylvania*,
   850 F.3d 969 (3d Cir. 1988)..............................................................................................16

*Elecs. for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005)..........................................................................................12

*Foman v. Davis*,
   371 U.S. 178 (1962)..........................................................................................................8

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
   737 F.3d 704 (Fed. Cir. 2013)...........................................................................................16

*GlycoBioSciences, Inc. v. Nycomed US, Inc.*,
No. 11-cv-1280-JS-GRB, 2012 WL 540928 (E.D.N.Y. Feb. 15, 2021)............................12, 14

*Home Semiconductor Corp. v. Samsung Elecs. Co.*,
C.A. No. 13-2033-RGA, 2019 WL 2135858 (D. Del. May 16, 2019) .....................................9

*Int'l Constr. Prod. LLC v. Caterpillar Inc.*,
C.A. No. 15-108-RGA, 2018 WL 4611216 (D. Del. Sept. 26, 2018) ......................................8

*Intel Corp. v. Amberwave Sys. Corp.*,
233 F.R.D. 416 (D. Del. 2005) .....................................................................................12, 17

*Intell. Ventures I LLC v. Toshiba Corp.*,
C.A. No. 13-453-SLR, 2015 WL 4916789 (D. Del. Aug. 17, 2015)........................................9

*J.E. Mamiye & Sons, Inc. v. Fid. Bank*,
813 F.2d 610 (3d Cir. 1987).................................................................................................11

*Lony v. E.I. Du Pont de Nemours & Co.*,
935 F.3d 604 (3d Cir. 1991)..................................................................................................11

*Merial Ltd. v. Cipla Ltd.*,
681 F.3d 1283 (Fed. Cir. 2012).............................................................................................12

*Netlist, Inc. v. Samsung Electronics Co., Ltd.*,
No. 2:21-cv-00463 (E.D. Tex.) ..................................................................................... *passim*

*Netlist Inc. v. Samsung Electronics Co., Ltd.*,
No. 8:20-cv-00993-MCS (C.D. Cal.)......................................................................................3

*Nexans Inc. v. Belden Inc.*,
966 F. Supp. 2d 396 (D. Del. 2013).......................................................................................12

*PerfectVision Mfg., Inc. v. PPC Broadband, Inc.*,
951 F. Supp. 2d 1083 (E.D. Ark. 2013).............................................................................12, 15

*Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.*,
541 F. Supp. 2d 645 (D. Del. 2008).......................................................................................18

*Shure Inc. v. ClearOne, Inc.*,
C.A. No. 19-1343-RFA-CJB, 2020 WL 2839294 (D. Del. June 1, 2020)...................12, 13, 17

*Targus Int'l LLC v. Victorinox Swiss Army, Inc.*,
C.A. No. 20-464-RGA, 2021 WL 2291978 (D. Del. June 4, 2021) .......................................10

*Tiller v. Alt. Coast Line R.R. Co.*,
323 U.S. 574 (1945)...............................................................................................................13

## I.   INTRODUCTION

Plaintiffs Samsung Electronics Co., Ltd. ("SEC") and Samsung Semiconductor, Inc. ("SSI" and together with SEC, "Samsung") respectfully move for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

This is a declaratory judgment action between Samsung and Netlist, Inc. ("Netlist") relating to patents that Netlist contends are practiced by standard-compliant computer memory products. Samsung brought this action against Netlist, a Delaware corporation, in October 2021—following direct infringement accusations by Netlist against Samsung and one of its customers and a ruling by a district court in California that Netlist had properly terminated a license that Samsung had to Netlist's patents. Samsung's original Complaint sought declarations of non-infringement of four patents for which Netlist had charged Samsung and its customer of infringement (D.I. 1).

Netlist responded to Samsung's complaint by forum shopping, in an effort to draw the parties' dispute to Texas, where no party is incorporated or maintains a headquarters. Netlist's complaint in the Eastern District of Texas, filed on December 20, 2021, asserted infringement of three patents that were not the subject of Samsung's original declaratory judgment complaint. The Texas complaint also alleged that Netlist would add a fourth patent to the lawsuit based on an application that had recently been allowed by the Patent Office. That patent issued on January 25, 2022.

As the first-filed case, the parties' dispute concerning Netlist's allegedly standard-essential patents is properly before this Court. On January 18, 2022, Samsung filed an amended to, *inter alia*, include declaratory judgment claims for the three patents asserted in Netlist's Texas complaint. Samsung's claims with respect to those patents relate back to Samsung's original filing. Through the present motion, Samsung seeks leave to file a second amended complaint that includes

a declaratory judgment claim for the newly issued patent. This claim, too, relates back to Samsung's original filing.

Both the present action and Netlist's Texas action involve a singular dispute: whether Netlist has an enforceable and infringed claim for patents it asserts are essential to the memory standards at issue, and, if so, whether Netlist's conduct breaches its obligation to license such patents on reasonable and non-discriminatory ("RAND") terms and conditions. For this reason, there is substantial overlap between the claims originally asserted in the present action and the claims relating to the patents asserted in Netlist's Texas action. Both sets of patents relate to memory module technology, share common named inventors, were licensed to Samsung until at least July 20, 2020, are asserted against the same types of Samsung memory modules, are allegedly essential to industry standards covering such modules, and implicate Netlist's conduct before the standards organization and the contractual commitments that it made to the organization and its members, including Samsung. The two sets of patents will thus require overlapping discovery, witnesses, and documentary and testimonial evidence, and all the patents are subject to the relief requested for Samsung's breach of contract claim in the original complaint, including an order requiring Netlist to offer a RAND license to all patents that Netlist asserts are standard essential.

Where a patent owner seeks to circumvent a first-filed declaratory judgment action by filing suit on similar patents and products in another forum—as Netlist has done here—the proper remedy is to add those patents to the declaratory judgment action, as other courts have done in similar circumstances. Accordingly, for the reasons discussed below, Samsung respectfully requests that the Court grant Samsung leave to file the proposed Second Amended Complaint attached to the present motion as Exhibit A.

## II.    STATEMENT OF FACTS

### A.    The Netlist-Samsung Joint Development and License Agreement

On November 12, 2015, Netlist and SEC entered into a Joint Development and License Agreement (the "Agreement"). *See* D.I. 14, ¶ 21. In the Agreement, Netlist granted Samsung a perpetual, paid-up, worldwide, non-exclusive license to all Netlist patents having an effective first filing date on or prior to November 12, 2020. *Id*. ¶ 22. On May 27, 2020, Netlist sent a letter alleging that SEC materially breached the Agreement by (1) purportedly failing to supply memory products to Netlist pursuant to a supply provision in the Agreement, and (2) deducting withholding taxes from a payment owed to Netlist under the Agreement. *Id*. ¶ 26. The next day, Netlist filed a complaint against SEC in the Central District of California asserting two breach of contract claims corresponding to the breaches alleged in Netlist's letter. *See Netlist Inc. v. Samsung Electronics Co., Ltd.*, No. 8:20-cv-00993-MCS (C.D. Cal.) ("Breach Action").

On July 15, 2020, Netlist wrote to SEC purporting to terminate the Agreement, including the patent license to Samsung, and on July 22, 2020, Netlist amended its complaint in the Breach Action to request a declaratory judgment that it had properly terminated the Agreement. *See* D.I. 14, ¶¶ 28–29; Breach Action, D.I. 17. Netlist subsequently sent a "Notice of Infringement" letter to SEC and SSI regarding Samsung's alleged infringement of Netlist's portfolio of patents relating to memory technologies, including Load Reduced Dual In-Line Memory Modules ("LRDIMMs") and/or Registered Dual In-Line Memory Modules ("RDIMMs"). D.I. 14, ¶ 31.

On October 14, 2021, the court in the Breach Action issued an order granting summary judgment in favor of Netlist on its breach claims and its declaratory judgment claim. *See* D.I. 14, ¶ 34; Breach Action, D.I. 186. In a subsequent trial on damages, the jury found that Netlist failed to prove any damages for SEC's alleged failure to supply memory products. *See* D.I. 14, ¶ 35; Breach Action, D.I. 276. The parties are currently engaged in post-trial briefing, including on the

3

issue of whether the Agreement precludes Netlist from recovering damages on the other alleged breach.[1] *See* D.I. 14, ¶ 35.

### B.    Samsung's Declaratory Judgment Complaint

On October 15, 2021, Samsung filed this action seeking a declaration that Samsung does not infringe Netlist's U.S. Patent Nos. 10,217,523 (the "'523 patent"), 10,474,595 (the "'595 patent"), 9,858,218 (the "'218 patent"), and 7,619,912 (the "'912 patent") (collectively, the "Original DJ Patents"); and a declaration that the Original DJ Patents are unenforceable due to inequitable conduct and unclean hands. *See* D.I. 1. The products for which Samsung sought declarations of non-infringement are its LRDIMM and RDIMM devices that practice certain standards promulgated by the Joint Electron Device Engineering Council ("JEDEC"). *See, e.g.*, D.I. 1, ¶ 2. Netlist expressly accused Samsung of infringing three of the Original DJ Patents (the '523, '595, and '218 patents) in the "Notice of Infringement" letter mentioned above. *Id*. ¶¶ 21–22. Netlist recently asserted the fourth of the Original DJ Patents (the '912 patent) against JEDEC-compliant DDR4 LRDIMM and RDIMM products in an infringement lawsuit against Google, which uses DDR4 LRDIMM and RDIMM products supplied by Samsung. *Id*. ¶¶ 25–26.[2]

Netlist has alleged that each of the Original DJ Patents are infringed by memory modules that practice JEDEC standards. *Id*. ¶¶ 29–31. Although Samsung disagrees that the patents are standard essential, the original Complaint sought, in the alternative, a ruling that Netlist has breached contractual obligations to license its allegedly standard-essential patents and patent applications on RAND terms and conditions, and, among other things, an order that Netlist must

---

[1]    SEC is contesting the summary judgment ruling in post-trial motions, including a motion for entry of judgment filed on January 10, 2022.

[2]    Netlist's lawsuit against Google has been pending for years, but Netlist did not accuse the LRDIMM and RDIMM products at issue in Samsung's declaratory judgment claim until mid-2021, shortly before Samsung filed the present action. *See* D.I. 14, ¶¶ 40–41, 125.

offer a license to all patents and applications it asserts are essential to JEDEC standards on RAND terms. *Id.* ¶¶ 306–15.

Netlist requested and received two extensions of time to respond to the Complaint, with the second extension moving the deadline to January 19, 2022. *See* D.I. 9. Netlist, however, did not utilize the second extension. Instead, on December 20, 2021, Netlist filed a motion to dismiss Samsung's Complaint for lack of subject matter jurisdiction and failure to state a claim. *See* D.I. 10 (Mot. to Dismiss), D.I. 11 (Brief ISO Mot. to Dismiss).

**C.**     **Netlist's Retaliatory Lawsuit Filed in the Eastern District of Texas**

On December 20, 2021, the same day on which Netlist filed its motion to dismiss arguing there is "no case or controversy based on a real and immediate injury" to Samsung, D.I. 11 at 3, Netlist sued Samsung in the Eastern District of Texas. *See Netlist, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:21-cv-00463 (E.D. Tex.) (the "Texas Action"). Netlist, a Delaware corporation based in California, has no meaningful presence in Texas.[3] In the Texas Action, Netlist accuses Samsung's JEDEC-compliant memory modules of infringing U.S. Patent Nos. 10,860,506 (the "'506 patent"), 10,949,339 (the "'339 patent"), and 11,016,918 (the "'918 patent"). *See* Texas Action, D.I. 1, ¶ 38. Netlist's Complaint further states that Netlist intends to assert a fourth patent, resulting from Application No. 17/138,019 (the "'019 application"), that had not issued from the U.S. Patent and Trademark Office ("Patent Office") at the time of Netlist's Complaint in the Texas

---

[3]     SEC and SSI, which are responsible for designing and/or selling the relevant Samsung memory modules in the United States, have no meaningful connections to the Eastern District of Texas. SEC is a corporation organized and existing under the laws of the Republic of Korea, while SSI is a California corporation with a principal place of business in San Jose, California. D.I. 1, ¶¶ 4–5. Netlist's Texas Action names SEC, SSI, and a related company, Samsung Electronics America, Inc. ("SEA"), as defendants. *See* Texas Action, D.I. 1, ¶¶ 3–6. SEA is not involved in the design or sale of the allegedly infringing Samsung products. *See* Declaration of Blanca Graves ("Graves Decl."), ¶¶ 3–6.

Action. *See id.* ¶ 32. The '019 application, which is a continuation of the '918 patent, issued on January 25, 2022, as U.S. Patent No. 11,232,054 (the "'054 patent" and together with the '506, '339, and '918 patent, the "Additional DJ Patents").

Like the Original DJ Patents, Netlist alleges in the Texas Action that the Additional DJ Patents are essential to certain JEDEC standards, including some of the same standards as the Original DJ Patents. *Compare* D.I. 14, ¶ 63 (identifying operations defined by JESD82-32 as an accused feature for the '523 patent) *with* Texas Action, D.I. 1, ¶¶ 46, 61 (identifying operations defined by JESD82-32 as an accused feature for the '506 and '339 patents); *compare* D.I. 14, ¶ 75 (identifying operations defined by JESD79-4C as an accused feature for the '912 patent) *with* Texas Action, D.I. 1, ¶ 59 (identifying operations defined by JESD79-4C as an accused feature for the '339 patent). Thus, the Texas Action implicates Netlist's contractual obligation under the JEDEC patent policy to license any allegedly essential patents on RAND terms.

Also like the present case, the products at issue in the Texas Action include Samsung's LRDIMM and RDIMM products. *See, e.g.*, Texas Action, D.I. 1, ¶¶ 36–38. Because all of the patents are subject to the license that Netlist granted to Samsung in the Agreement, the infringement and non-infringement claims in both cases concern sales of these products following the purported termination of the license in July 2020.

The Original DJ Patents and the Additional DJ Patents have overlapping inventors and prosecuting attorneys. For example, Hyun Lee is a named inventor on three of the Original DJ Patents (the '523, '218, and '595 patents) and is a named inventor on two of the Additional DJ Patents (the '339 and '506 patents). *See* D.I. 14 ("FAC"), Exs. 1–3, 5–6. Jayesh Bhakta is a named inventor on two of the Original DJ Patents (the '523 and '912 patents) and is a named inventor on two of the Additional DJ Patents (the '339 and '506 patents). *See id.*, Exs. 1, 4–6. Jeffrey Solomon

6

is a named inventor on one of the Original DJ Patents (the '912 patent) and is a named inventor on two of the Additional DJ Patents (the '918 and '054 patents). *See id.*, Exs. 4, 7; Ex. A ("SAC"), Ex. 45. Furthermore, Jamie Zheng is identified as the prosecuting attorney for all but two of the eight patents (the '918 and '054 patents). *See* D.I. 14, Ex. 1–6.

Despite the significant overlap among the claims in the two cases, Netlist chose to assert the Additional DJ Patents—none of which Netlist had previously identified to Samsung by patent number—in the Texas Action rather than in this Court. Samsung's deadline to move, answer, or otherwise respond to Netlist's complaint in the Texas Action is April 12, 2022. *See* Texas Action, D.I. 11.

### D.    Samsung's Amended Complaints in the Present Action

On January 18, 2022, Samsung filed a First Amended Complaint in the present action, rendering moot Netlist's motion to dismiss. *See* D.I. 17 (Order on Netlist's Mot. to Dismiss). In the First Amended Complaint, Samsung added claims seeking declarations that Samsung does not infringe the '506, '339, and '918 patents and a declaration that the '506 patent is unenforceable due to inequitable conduct and unclean hands.[4] *See* D.I. 14 ¶¶ 190–220, 404–38. The proposed Second Amended Complaint would add a claim seeking a declaration that Samsung does not infringe the newly issued '054 patent. *See* SAC ¶¶ 222–32.

Before filing the First Amended Complaint, Samsung contacted Netlist and asked whether Netlist would agree to extend the deadline for filing an amended pleading as a matter of right under Federal Rule of Civil Procedure ("Rule") 15(a)(1) to January 25, 2022, in order to avoid filing two

---

[4]    Although Samsung contends Netlist's motion to dismiss the original Complaint lacked merit, the First Amended Complaint also added allegations relating to the Rule 12(b)(1) and 12(b)(6) arguments raised in Netlist's motion.

7

amendments over a short period of time. Netlist did not agree to this one-week extension. Following a meet-and-confer, Netlist indicated it would oppose the present motion.

## III.    LEGAL STANDARDS

Amendments to the pleadings before trial are governed by Rule 15, which provides that that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see generally Foman v. Davis*, 371 U.S. 178, 182 (1962). The Third Circuit has adopted a liberal policy favoring the amendment of pleadings. *See, e.g.*, *United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016) ("Generally, Rule 15 motions should be granted."); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990) ("[W]e have held consistently that leave to amend should be granted freely."). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182.

As this Court has stated, "[t]he factors to consider in weighing a motion for leave to amend are '(1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile.'" *Int'l Constr. Prod. LLC v. Caterpillar Inc.*, C.A. No. 15- 108-RGA, 2018 WL 4611216, at *3 (D. Del. Sept. 26, 2018) (quoting *Cot'n Wash Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 620 (D. Del. 2014)).

## IV.    ARGUMENT

All four factors favor the proposed amendment to add the '054 patent in this case: (1) Samsung acted without undue delay; (2) allowing Samsung's amendment will not unduly prejudice Netlist; (3) Samsung brings this motion for a proper purpose; and (4) Samsung's amendment is not futile. Although Netlist may assert an overlapping infringement claim in a later-

8

filed suit in a different court, the parties have a single dispute concerning Netlist's alleged JEDEC-essential patents, its JEDEC commitment on such patents, and sales of Samsung's JEDEC-compliant memory modules that allegedly infringe the patents. The dispute should be resolved in this Court, the first-filed forum.

### A.    Samsung's Amended Complaint Is Timely

A motion for leave to amend that is "filed within the deadline set forth in the scheduling order for amending pleadings . . . generally precludes a finding of undue delay." *Intell. Ventures I LLC v. Toshiba Corp.*, C.A. No. 13- 453-SLR, 2015 WL 4916789, at *2 (D. Del. Aug. 17, 2015).

Samsung seeks to file the proposed Second Amended Complaint in the earliest stages of this action—before Netlist has answered the operative pleading and before the Court has set any deadlines in this action. Samsung brings this motion on the same day that the '054 patent issued and approximately one month after Netlist sued Samsung in the Texas Action. Accordingly, Samsung's motion for leave is not unduly delayed under Rule 15. *See, e.g.*, *Home Semiconductor Corp. v. Samsung Elecs. Co.*, C.A. No. 13- 2033-RGA, 2019 WL 2135858, at *5 (D. Del. May 16, 2019) (granting leave to amend under Rule 15 and noting that "courts in the Third Circuit have found diligence when a party has sought leave to amend within three months of learning new information").

### B.    The Proposed Amendments Will Not Unfairly Prejudice Netlist

"To show undue prejudice, a defendant must demonstrate that it will be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence' unless leave to amend is denied." *Home Semiconductor*, 2019 WL 2135858, at *5 (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)). A party typically cannot make this showing where a motion to amend is made within the deadline set in the scheduling order or the parties otherwise have ample time to conduct discovery on newly added claims. *See Butamax Advanced Biofuels LLC v. Gevo, Inc.*,

C.A. No. 11- 54-SLR, 2012 WL 2365905, at *2 (D. Del. June 21, 2012) ("The instant motion to amend was filed timely and, therefore, there can be no unfair prejudice to defendant."); *Centerforce Techs., Inc. v. Austin Logistics, Inc.*, C.A. No. 99- 243-MMS, 2000 WL 652943, at *6 (D. Del. Mar. 10, 2000) (holding that addition of new patent claim was not prejudicial where "discovery has not yet closed, the [added patent] is closely related to [a patent-in-suit, and] both claims involve the same product"). A party's time and effort in defending against a new claim "does not, in itself, amount to undue prejudice." *Targus Int'l LLC v. Victorinox Swiss Army, Inc.*, C.A. No. 20-464-RGA, 2021 WL 2291978, at *3 (D. Del. June 4, 2021).

Netlist will not be unfairly prejudiced by the filing of Samsung's Second Amended Complaint. Samsung brings this motion before the Court has set any deadlines in this action and before any discovery has commenced. The newly issued '054 patent, which is the subject of the additional claim in the proposed Second Amended Complaint, is a continuation of the '918 patent, which itself is already the subject of a declaratory judgment of non-infringement claim in the operative complaint. *See* D.I. 14, Count VII. Netlist admits that the two patents claim similar subject matter. *See* Texas Action, D.I. 1 ¶ 33. In fact, Netlist filed a terminal disclaimer for the '054 patent over the '918 patent after the Patent Office determined that the claims of the two patents were patentably indistinct. *See* SAC, Ex. 45. Accordingly, the discovery and disputed issues for the '054 and '918 patents will substantially overlap.

More broadly, Netlist has indicated through the filing of the Texas Action that it is prepared to litigate the Additional DJ Patents in parallel with the Original DJ Patents. As discussed in more detail below, these patents relate to the same area of technology, and implicate substantially the same accused Samsung products, as the Original DJ Patents. In view of this overlap, the Additional DJ Patents will not meaningfully change the scope of discovery or add significant complexity to

the issues to be tried. To the contrary, the addition of these patents to the present action will promote efficiency and reduce the resources necessary to resolve this dispute.

### C.       Samsung's Amended Allegations Are Made for a Proper Purpose

A pleading is presented for an "improper purpose" if, for example, it has been used "to cause harassment, undue delay, or needless increase in litigation expense." *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.3d 604, 616 (3d Cir. 1991). Challenges based on bad faith "focus on the plaintiffs' motives for not amending their complaint . . . earlier," *J.E. Mamiye & Sons, Inc. v. Fid. Bank*, 813 F.2d 610, 614 (3d Cir. 1987) (citation omitted), and typically rely on some showing of a "sinister motive" or "nefarious purpose," *U.S. ex rel. B & R, Inc. v. Donald Lake Constr.*, 19 F. Supp. 2d 217, 221 n.6 (D. Del. 1998).

Samsung's proposed amendments are made for a proper purpose:  to seek a declaration that Samsung does not infringe an additional patent threatened against Samsung in the Texas Action. No meaningful delay would follow from the amendment, as this case is in its earliest stages and the Court has not set any case deadlines. Further, litigating the issues of infringement and Samsung's breach of contract claim in a single lawsuit in Delaware—the state in which Netlist is incorporated—would likely *decrease* the parties' overall litigation expenses as compared to simultaneously litigating substantially similar claims, involving overlapping technology, products, JEDEC standards, named inventors, inequitable conduct issues, and RAND and damages issues, in two different courts.

Because the present action was filed before the Texas Action, the first-to-file rule favors litigating these overlapping issues in this Court. "The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012).

11

This rule applies in cases of duplicative infringement and declaratory judgment actions filed in separate district courts. *See, e.g.*, *id.*; *see also Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345–46 (Fed. Cir. 2005) (holding that Federal Circuit law governs the application of the first-to-file rule in overlapping patent infringement and declaratory judgment actions).

Samsung filed the present action on October 15, 2021. Netlist filed the Texas Action over two months later, on December 20, 2021. Both cases involve mirror-image claims for non-infringement, and infringement, of the Additional DJ Patents. Thus, the present action takes precedence under the first-to-file rule. *See Merial*, 681 F.3d at 1299 ("[W]hat matters is the initiation of suit.").

As many courts have held, a first-filed declaratory judgment suit has priority over a second-filed infringement suit even as to patents that were first asserted in the infringement suit, but that overlap with the patents at issue in the declaratory judgment suit. *See, e.g.*, *GlycoBioSciences, Inc. v. Nycomed US, Inc.*, No. 11-cv-1280-JS-GRB, 2012 WL 540928, at *2 (E.D.N.Y. Feb. 15, 2021); *Nexans Inc. v. Belden Inc.*, 966 F. Supp. 2d 396, 402–06 (D. Del. 2013); *PerfectVision Mfg., Inc. v. PPC Broadband, Inc.*, 951 F. Supp. 2d 1083, 1087, 1093–94 (E.D. Ark. 2013); *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 986–91 (N.D. Cal. 2011); *Intel Corp. v. Amberwave Sys. Corp.*, 233 F.R.D. 416, 417–19 (D. Del. 2005).[5] In these cases, courts have permitted the

---

[5]     This Court recently considered the first-to-file and relation back doctrines with respect to a first-filed infringement action and a second-filed declaratory judgment action. *See Shure Inc. v. ClearOne, Inc.*, C.A. No. 19- 1343-RFA-CJB, 2020 WL 2839294, at *10–13 (D. Del. June 1, 2020), *report and recommendation adopted by* 2020 WL 8258362 (D. Del. June 18, 2020). There, Shure sued ClearOne in the District of Delaware alleging infringement of its '493 patent, and moved to amend its complaint to allege infringement of its '723 patent, which was scheduled to issue shortly. *Id.* at *2. On the same day that the '723 patent issued—and while Shure's motion to amend was pending—ClearOne filed a declaratory judgment suit in the Northern District of Illinois seeking a declaration of non-infringement of the '723 patent. *Id.* at *3. The Court granted Shure's motion to amend, *id.* at *2–3, and ClearOne then moved to dismiss the infringement claim

declaratory judgment plaintiff to pursue claims on the additional patents based on the relation back doctrine embodied in Rule 15(c)(1)(B). *See* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when: (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading").

Under the relation back doctrine, "newly alleged claims, based on separate patents, relate back to the date of the original complaint" where "the general factual situation or the aggregate of operative facts underlying the original claim for relief [gives] notice to [the other party] of the nature of the allegations it was being called upon to answer." *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1369–70 (Fed. Cir. 2019). The relevant factors are "the overlap of parties, the overlap in the accused products, the underlying science and technology, time periods [of alleged infringement], and any additional factors that might suggest a commonality or lack of commonality between the two sets of claims." *Id*. at 1369. The Federal Circuit has emphasized that Rule 15(c) should be applied "liberally." *Id*. at 1368 ("The Supreme Court has interpreted the relation back doctrine liberally. . . ." (citing *Tiller v. Alt. Coast Line R.R. Co.*, 323 U.S. 574 (1945)).

Here, this Delaware action is the first-filed action with respect to the claims concerning the Additional DJ Patents—even though they were first asserted in the Texas Action—because these claims relate back to the claims in Samsung's original complaint.

***First***, the parties for the two sets of claims—Netlist, SEC, and SSI—are the same. SEC designs and manufactures the accused products, and SSI sells them in the United States. Netlist's

---

regarding the '723 patent in the Delaware action under the first-to-file rule, *id*. at *1. The magistrate judge held that these allegations related back to Shure's original complaint, and therefore recommended denying ClearOne's motion to dismiss, *id*. at *15, which decision this Court adopted.

13

complaint in the Texas Action also names SEA, which is a corporate affiliate of SEC and SSI, but SEA has no involvement in the products at issue (though it does have an office in the district in which Netlist filed suit). *See* Graves Decl., ¶¶ 3–6. Netlist's naming of an irrelevant corporate affiliate in the Texas Action does not permit it to evade the first-to-file rule, which "does not require identical complaints but rather 'substantial overlap' of the parties." *GlycoBioSciences*, 2012 WL 540928, at *2 (finding relation back in a declaratory judgment action).

*Second*, there is substantial overlap in the Samsung memory modules at issue in both sets of claims. Samsung's original complaint in the present action was directed to LRDIMMs and RDIMMs—the products identified in Netlist's October 2020 "Notice of Infringement" letter. D.I. 1, ¶¶ 21–22. Netlist likewise accuses both LRDIMMs and RDIMMs with respect to the Additional DJ Patents. *See* Texas Action, D.I. 1, ¶¶ 36–38.

*Third*, there is substantial overlap in the underlying technology at issue in both sets of claims. For example, all of the patents relate to the same area of technology—computer memory modules—and they share common inventorship. All but one of the named inventors on the Original DJ Patents is a named inventor on the Additional DJ Patents, and each of the Additional DJ Patents contains one or more named inventors from the Original DJ Patents (Hyun Lee, Jayesh Bhakta, and Jeffrey Solomon). *See* D.I. 14, Exs. 1–7; SAC, Ex. 45.

Moreover, Netlist contends that all of the patents are essential to JEDEC standards relating to memory modules. In fact, there is overlap among the specific JEDEC standards that Netlist contends practice one or more of the Original DJ Patents and Additional DJ Patents. *Compare* D.I. 14, ¶ 63 (identifying JESD82-32 for the '523 patent) *with* Texas Action, D.I. 1, ¶¶ 46, 61 (identifying JESD82-32 for the '506 and '339 patents); *compare* D.I. 14, ¶ 75 (identifying JESD79-4C for the '912 patent) *with* Texas Action, D.I. 1, ¶ 59 (identifying JESD79-4C for the

14

'339 patent). Accordingly, the technology at issue in the two sets of claims is not only similar, but identical in some instances. *See Anza*, 934 F.3d at 1370 (applying relation back doctrine to newly added patents because, despite "the patents address[ing] different bonding techniques, they all share the same underlying technology"); *PerfectVision*, 951 F. Supp. at 1093–94 ("The same technological knowledge will be required to decide whether the [accused device] infringes any of these patents. . . . [T]he Ehret Patent is not a member of [the original complaint's] patents' families and does not share a file history with those patents, but the fact remains that the evidence presented and the technological knowledge needed will be substantially similar in determining whether the [accused device] infringes the Ehret Patent and whether it infringes the patents named in the original complaint.").

*Fourth*, the relevant time periods between the two sets of claims substantially overlap because Netlist's assertions of infringement implicate Samsung memory modules sold on or after July 20, 2020, the date on which Netlist claims to have terminated the Agreement. Thus, discovery relating to the infringement allegations for both sets of claims will cover substantially the same time period. Both sets of claims may also implicate the same events from before the alleged termination, such as the negotiation and performance of the Agreement (which may be relevant to damages) and Netlist's participation in the JEDEC standard-setting committees (which may be relevant to Samsung's inequitable conduct and unclean hands defenses).

*Fifth*, numerous additional factors demonstrate a commonality between the Original DJ Patents and the Additional DJ Patents. *See Anza*, 934 F.3d at 1369 (relation back analysis may consider "any additional factors that might suggest a commonality or lack of commonality between the two sets of claims").

For example, all of the patents implicate Samsung's breach of contract claim in the present case. Netlist contends that the practice of JEDEC standards constitutes infringement of all patents at issue in both actions, yet Netlist has failed to offer a RAND license for any of those patents and, indeed, failed to specifically identify the Additional DJ Patents to Samsung before filing the Texas Action. Samsung will demonstrate that this conduct violates Netlist's contractual commitments and will ask the Court for, *inter alia*, an order compelling Netlist to offer a RAND license for any standard-essential patents. If the Additional DJ Patents were litigated in the Texas Action, Samsung would be forced to bring the same breach of contract claim seeking the same relief, thereby creating the potential for inconsistent rulings or rulings from one court that interfere with the proceedings in the other court. *See, e.g.*, *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.3d 969, 971 (3d Cir. 1988) (holding that first-to-file rule "encourages sound judicial administration and promotes comity among federal courts of equal rank"); *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 709 (Fed. Cir. 2013) ("key objectives" of first-to-file rule include "minimization or avoidance of duplication of effort, waste of judicial resources, and risk of inconsistent rulings that would accompany parallel litigation") (internal quotations omitted).

In addition, there is overlap across the two actions with respect to Samsung's claims for inequitable conduct and unclean hands. For example, in the case of the '218 and '595 patents (two of the Original DJ Patents), Samsung has alleged inequitable conduct and unclean hands based on, *inter alia*, the failure to disclose to the Patent Office draft JEDEC standards, proposals, and presentations that were obtained by named inventors through their participation in JEDEC meetings. *See, e.g.*, D.I. 14, ¶¶ 290–327, 335–41, 348–60. Samsung's claim for inequitable conduct and unclean hands with respect to the '506 patent (one of the Additional DJ Patents) is

16

similarly based on the failure to disclose highly relevant JEDEC materials to the Patent Office. *See, e.g., id.* ¶¶ 408–36.

Further, to the extent invalidity becomes an issue in the present action (*e.g.*, based on a subsequently filed counterclaim), Samsung expects that at least some of the relevant prior art references will be asserted against one or more of the Original DJ Patents and one or more of the Additional DJ Patents. This includes, for example, draft JEDEC standards, proposals, and presentations to the Patent Office.

Given the overlap among the claims, it is not surprising that many of the same witnesses and much of the same evidence will be required for both sets of patents. For example, the overlapping witnesses will include named inventors, JEDEC personnel, Netlist employees (including, but not limited to, employees involved in the negotiation and performance of the Agreement, in JEDEC activities, and in efforts to license Netlist patents), and Samsung employees (including, but not limited to, employees involved in the negotiation and performance of the Agreement and in the design and sale of the accused products). Similarly, there will be substantial overlap among documents and information produced during discovery, including documents relating to Netlist's development of the alleged inventions and its participation in JEDEC, Samsung's design documents and sales data, documents relating to the Agreement, and documents from JEDEC.[6]

Accordingly, the *Anza* factors show that Samsung's claims regarding the Additional DJ Patents relate back to Samsung's original complaint in this action.

---

[6]    The fact that the '054 patent issued after the filing of Samsung's original complaint in this action is not a barrier to the application of the first-filed rule or relation back doctrines. Courts in this District have held that claims involving a newly issued patent relate back to an original complaint—even where the original complaint predates the patent's issuance. *See Intel Corp.*, 233 F.R.D. at 418–19; *Shure Inc.*, 2020 WL 2839294, at *9–10.

17

Case 1:21-cv-01453-JLH    Document 19    Filed 01/25/22    Page 22 of 24 PageID #: 5569

### D.      Samsung's Amended Allegations Are Not Futile

A motion for leave to amend is not futile unless it is clear that the amended complaint "would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736–37 (D. Del. 2002). Even then, the "better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised." *Id.* at 736.

Samsung's proposed Second Amended Complaint is not futile and should be allowed. The sole claim Samsung seeks to add—a claim for declaratory judgment of non-infringement of the '054 patent—follows Netlist's recent statement that it would sue Samsung for infringing the patent, thereby causing a real and immediate threat of injury to Samsung. *See, e.g.*, *Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 649 (D. Del. 2008) (holding that case or controversy existed on Samsung's claim for declaratory judgment of non-infringement where the patent holder accused Samsung of infringing specific patents and had made a "studied and considered determination" regarding the alleged infringement). Likewise, Samsung's claim for declaratory judgment of non-infringement of the '054 patent states a plausible claim for relief because it identifies specific claim limitations that are not satisfied by the accused Samsung memory modules. *See, e.g.*, *CryoLife, Inc. v. C.R. Bard, Inc.*, C.A. No. 14- 559-SLR, 2015 WL 10693997, at *3 (D. Del. Mar. 10, 2015) (denying motion to dismiss claim for declaratory judgment of non-infringement where pleading identified the product at issue and provided a brief explanation for why product did not infringe patent-in-suit).

The remainder of the allegations in the proposed Second Amended Complaint are also present in the First Amended Complaint, to which Netlist has not responded. If Netlist seeks to dismiss any claims in the First Amended Complaint, the merits of Netlist's argument should be

18

considered if and when those arguments are fully briefed before this Court. *See Agere Sys.*, 190 F.

Supp. 2d at 736.

## V.     CONCLUSION

For the reasons set forth above, Samsung requests that the Court enter an order granting

leave to file the proposed Second Amended Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

|                                         |
|-----------------------------------------|

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Brian Nester
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
(202) 662-6000

Alice J. Ahn
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105-2533
(415) 591-6000

January 25, 2022

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 25, 2022, upon the following in the manner indicated:

Karen E. Keller, Esquire
Andrew E. Russell, Esquire
Nathan R. Hoeschen, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)