# Exhibit 1

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1   IRELL & MANELLA LLP
    Jason G. Sheasby (CA SBN 205455)
2   jsheasby@irell.com
    Andrew J. Strabone (CA SBN 301659)
3   astrabone@irell.com
4   1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067
5   Telephone: (310) 277-1010
    Facsimile: (310) 203-7199
6
7   *Attorneys for Plaintiff Netlist, Inc.*

8

9                   **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
10                         **OAKLAND DIVISION**

11

12  NETLIST, INC.,                    )   Case No. 4:09-cv-05718-SBA
                                      )
13              Plaintiff,            )
                                      )   **NETLIST'S OPPOSITION TO**
14       v.                           )   **DEFENDANT'S MOTION TO AMEND**
                                      )   **ANSWER AND COUNTERCLAIMS**
15  GOOGLE LLC,                       )   **(Dkt. 206) [REDACTED]**
                                      )
16              Defendant.            )   Date: November 10, 2021
                                      )
17  ─────────────────────────────────)
                                          Time: 2:00 PM
18
                                          Location: Oakland Courthouse
19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO  4:09-CV-05718-SBA

1

## <u>STATEMENT OF THE ISSUES TO BE DECIDED</u>

2

3

Whether Google should be granted leave to file the Amended Answer to Plaintiff's Complaint for Patent Infringement; and Assertion of Counterclaims?

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO  4:09-CV-05718-SBA

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION.................................................................................................1

II.     LEGAL STANDARD .........................................................................................3

III.    ARGUMENT ......................................................................................................3

      A.      Google Should Not Be Allowed to Add a Late Unfair Competition
            Counterclaim .............................................................................................3

            1.      Google Cannot Show Good Cause in Asserting an Unfair
                  Competition Claim Based on Facts Occurring Before this
                  Case Was Stayed ............................................................................3

            2.      Google's Proposed Unfair Competition Claim Is Futile ...........................4

                 (a)      Google Fails to State a Claim Under the "Unlawful"
                      Prong ...................................................................................7

                 (b)      Google Fails to State a Claim Under the "Unfair"
                      Prong ...................................................................................7

                 (c)      Google Fails to State a Claim Under the "Fraud"
                      Prong ...................................................................................9

      B.      Google's Should Not Be Granted Leave to Add the Inequitable
            Conduct Defense Because Google's Proposed Amendment Is Futile .................10

            1.      Google Fails to Allege a Material Misrepresentation ..............................11

                 (a)      Attorney Argument Is Not Basis for Inequitable
                      Conduct ...............................................................................11

                 (b)      Google Has Not Identified Any False Statement ..........................12

                 (c)      Google Has Not Alleged the Requisite Materiality .....................12

            2.      Google Fails to Allege Specific Facts to Show Deceptive
                  Intent.............................................................................................13

      C.      Google Should Not Be Allowed to Add a Generic Intervening
            Rights Defense .........................................................................................13

IV.     CONCLUSION .................................................................................................15

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

**Cases**

3

*Ahern v. Apple Inc.*,
   411 F. Supp. 3d 541 (N.D. Cal. 2019) ...............................................................9, 10

4

5

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006)....................................................................................3

6

7

*In re Anthem, Inc. Data Breach Litig.*,
   162 F. Supp. 3d 953 (N.D. Cal. 2016) ....................................................................9

8

9

*Apple Inc. v. Samsung Elec. Co.*,
   No. 11-cv-1846, 2011 WL 4948567 (N.D. Cal. Oct. 18, 2011)..........................8, 9

10

*Apple, Inc. v. Motorola Mobility, Inc.*,
   No. 11-CV-178, 2011 WL 7324582 (W.D. Wis. June 7, 2011) ...............................9

11

12

*Aryeh v. Canon Bus. Solutions, Inc.*,
   55 Cal. 4th 1185 (2013).............................................................................................5

13

14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................13

15

16

*Avago Techs. U.S. Inc. v. IPtronics Inc.*,
   No. 10-cv-2863, 2014 WL 12650655 (N.D. Cal. Dec. 10, 2014)...........................4

17

*Barrington v. A. H. Robins Co.*,
   39 Cal.3d 146 ............................................................................................................6

18

19

*Berryman v. Merit Prop. Mgmt., Inc.*,
   62 Cal. Rptr. 3d 177 (2007) .....................................................................................9

20

21

*Blackberry Ltd. v. Typo Prod. LLC*,
   No. 14-cv-23, 2014 WL 1867009 (N.D. Cal. May 8, 2014) ..................................13

22

*Brodsky v. Apple Inc.*,
   445 F. Supp. 3d 110 (N.D. Cal. 2020) .....................................................................6

23

24

*Cancer Rsch. Tech. Ltd. v. Barr Lab'ys, Inc.*,
   625 F.3d 724 (Fed. Cir. 2010)................................................................................13

25

26

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999).............................................................................................7

27

*Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prod., Inc.*,
   No. 19-cv-802, 2021 WL 1405477 (N.D. Cal. Apr. 14, 2021) ..............................13

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- ii -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO  4:09-CV-05718-SBA

**Page(s)**

*ChriMar Sys., Inc. v. Cisco Sys., Inc.,*
No. 13-cv-1300, 2019 WL 8333452 (N.D. Cal. Dec. 17, 2019) ............................................4

*ChriMar Sys., Inc. v. Cisco Sys., Inc.,*
72 F. Supp. 3d 1012 (N.D. Cal. 2014) ...............................................................................8, 9

*Clemens v. DaimlerChrysler Corp.,*
534 F.3d 1017 (9th Cir. 2008)...................................................................................................5

*Davenport v. Litton Loan Servicing, LP,*
725 F. Supp. 2d 862 (N.D. Cal. 2010) ....................................................................................6

*Dror v. Kenu, Inc.,*
No. 19-cv-3043, 2019 WL 5684520 (N.D. Cal. Nov. 1, 2019) ................................................10

*Exergen Corp. v. Wal-Mart Stores, Inc.,*
575 F.3d 1312 (Fed. Cir. 2009)...................................................................................10, 13

*Fitbit, Inc. v. Aliphcom, Inc.,*
No. IPR2016-00607, 2017 WL 3525349 (P.T.A.B. Aug. 15, 2017) ........................................12

*Garrison v. Oracle Corporation,*
159 F. Supp. 3d 1044 (N.D. Cal. 2016) ....................................................................................5

*Google LLC v. Netlist, Inc.,*
810 F. App'x 902 (Fed. Cir. 2020)...........................................................................................13

*Hodsdon v. Mars, Inc.,*
891 F.3d 857 (9th Cir. 2018)......................................................................................................9

*Hum. Genome Scis., Inc. v. Genentech, Inc.,*
No. 11-cv-6519, 2011 WL 7461786 (C.D. Cal. Dec. 9, 2011) .........................................11, 13

*Intel Corp. v. Fortress Inv. Grp. LLC,*
511 F. Supp. 3d 1006 (N.D. Cal. 2021) ....................................................................................8

*Jackson v. Bank of Hawaii,*
902 F.2d 1385 (9th Cir. 1990)....................................................................................................4

*Johnson v. Mammoth Recreations, Inc.,*
975 F.2d 604 (9th Cir. 1992)...............................................................................................3, 14

*Kearns v. Ford Motor Co.,*
567 F. 3d 1120 (9th Cir. 2009)...............................................................................................7, 9

*Miller v. Rykoff-Sexton, Inc.,*
845 F.2d 209 (9th Cir. 1988)......................................................................................................3

*MLC Intell. Prop., LLC v. Micron Tech., Inc.,*
10 F.4th 1358 (Fed. Cir. 2021)................................................................................................15

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**Page(s)**

*Nuvo Rsch. Inc. v. McGrath,*
No. 11-cv-4006, 2012 WL 1965870 (N.D. Cal. May 31, 2012) ..............................................4, 7

*Parks Sch. of Bus., Inc. v. Symington,*
51 F.3d 1480 (9th Cir. 1995) ..............................................8

*Phillips. Convolve, Inc. v. Compaq Comput. Corp.,*
812 F.3d 1313 (Fed. Cir. 2016) ..............................................2, 12

*PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC,*
815 F.3d 734 (Fed. Cir. 2016) ..............................................12

*Presidio Comp., Inc. v. Am. Tech. Ceramics Corp.,*
No. 14-cv-2061, 2016 WL 7319533 (S.D. Cal. Feb. 10, 2016) ..............................................13

*Qureshi v. Countrywide Home Loans, Inc.,*
No. 09-cv-4198, 2010 WL 841669 (N.D. Cal. Mar.10, 2010) ..............................................7

*Rambus, Inc. v. FTC,*
522 F.3d 456 (D.C. Cir. 2008) ..............................................8

*Rojas-Lozano v. Google, Inc.,*
159 F. Supp. 3d 1101 (N.D. Cal. 2016) ..............................................7, 10

*Rothman v. Target Corp.,*
556 F.3d 1310 (Fed. Cir. 2009) ..............................................11

*Sosa v. DIRECTV, Inc.,*
437 F.3d 923 (9th Cir. 2006) ..............................................7

*Stoll v. Runyon,*
165 F.3d 1238 (9th Cir. 1999) ..............................................5

*Swartz v. KPMG LLP,*
476 F.3d 756 (9th Cir. 2007) ..............................................3

*Takeda Pharm. Co. v. TWi Pharm., Inc.,*
87 F. Supp. 3d 1263 (N.D. Cal. 2015) ..............................................11

*TCL Commc'ns Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson,*
No. 14-cv-0341, 2016 WL 7049263 (C.D. Cal. Aug. 9, 2016) ..............................................6

*Tessenderlo Kerley, Inc. v. Or-Cal, Inc.,*
No. 11-cv-4100, 2012 WL 1094324 (N.D. Cal. Mar. 29, 2012) ..............................................13

*Therasense, Inc. v. Becton, Dickinson and Co.,*
649 F.3d 1276 (Fed. Cir. 2011) ..............................................10, 11, 12

*In re Tobacco II Cases,*
46 Cal. 4th 298 (2009) ..............................................10

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- iv -

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO AMEND ANSWER
CASE NO 4:09-CV-05718-SBA

**Page(s)**

*UCP Int'l Co. Ltd. v. Balsam Brands Inc.*,
    420 F. Supp. 3d 966 (N.D. Cal. 2019) ...........................................................7

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
    715 F.3d 716 (9th Cir. 2013) ..........................................................................3

*Wi-LAN Inc. v. LG Elecs., Inc.*,
    382 F. Supp. 3d 1012 (S.D. Cal. 2019) ...........................................................9

*Williams v. Boeing Co.*,
    517 F.3d 1120 (9th Cir. 2008) .........................................................................6

*Young v. Lumenis, Inc.*,
    492 F.3d 1336 (Fed. Cir. 2007) ...................................................................2, 11

**Statutes**

Cal. Bus. & Prof. Code § 17200 ..............................................................................6

Cal. Bus. & Prof. Code § 17204 ..............................................................................6

Cal. Bus. & Prof. Code § 17208 ..............................................................................4

**Rules**

Fed. R. Civ. P. 9(b)..............................................................................................9, 10

Fed. R. Civ. P. 12(b)(6).............................................................................................3

Fed. R. Civ. P. 13(f)..................................................................................................3

Fed. R. Civ. P. 15(a)..............................................................................................3, 14

Fed. R. Civ. P. 15(c)..................................................................................................6

Fed. R. Civ. P. 16(b)..................................................................................................3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- v -

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO AMEND ANSWER
CASE NO  4:09-CV-05718-SBA

1  ## I.      **INTRODUCTION**

2           Google has filed what is on its face a ***non***-dispositive motion on intervening rights.  Dkt.

3  155.  It has used this as an excuse to delay the entire progress of a case that is incredibly important

4  to Netlist.  Google evinces annoyance at having to file a motion to amend.  Dkt. 206 (the "Motion").

5  The Federal Rules say otherwise.

6           Netlist focuses its opposition to the motion to amend on four narrow but important elements

7  of Google's proposed Amended Answer and Counterclaims (Dkt. 206-2, "AA" or "AC") that fail

8  even the most lenient characterization of the standard for granting leave to amend.  The other new

9  elements of the Amended Answer and Counterclaims not addressed in this opposition are more

10 appropriately resolved on a motion for judgment on the pleadings or summary judgment.

11          ***First***, Google should not be permitted to supplement its pleading as to facts or claims that in

12 good faith could have been alleged before the Court granted a stay in this matter 11 years ago.  This

13 implicates Google's new state law unfair competition claim (the "UCL claim"), and its supplemental

14 allegations involving interactions between JEDEC and Netlist that occurred before the stay.  For

15 facts that did not arise until after the stay, Google should be entitled to plead these facts.[1]  This is

16 the exact same rule Netlist has applied to its amended infringement contentions in this matter.  Long

17 ***after*** the stay of this proceeding, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Ex. 1, at 72-73

18 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).  After the stay was lifted, and over a

19 month before the deadline to amend infringement contentions, Netlist presented its contentions that

20 claim 16 reads on certain DDR4 DIMM products.  Ex. 6.  Netlist does not maintain that claim 16

21 reads on any earlier Google product.  Google has feigned outrage over the fact that after the stay

22 was entered, it began infringing claim 16 of the '912 patent.  As it wrote with crocodile tears in its

23 motion to strike Netlist's infringement contentions:

24       "Netlist's attempt to assert a new claim at this stage of the litigation amounts to
         nothing more than an effort to start over and impose burdensome discovery and
25       litigation on Google and the Court."  Dkt. 153 at 6.

26       "Netlist first argues that there is no prejudice because this case is in an 'early stage.'

27 ─────────────────────

28          [1] As discussed below, there are substantial technical defects with Google's UCL and
    inequitable conduct claims that, as currently pleaded, also render them futile.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO 4:09-CV-05718-SBA

- 1 -

1     See Opp. at 12. That argument ignores the reality of the case[.]" Dkt. 181 at 5.

2 Now, when it benefits Google, it tells the Court that: "This case was stayed for over ten years

3 between January 26, 2011 and February 17, 2021, and therefore this case is still in its early stages."

4 Motion at 7. Google is obviously willing to say to the Court whatever it thinks will achieve the

5 outcome it desires, regardless of how contradictory it is with the position previously taken. Claim

6 16 could not have been asserted before the claim. The UCL claim could have been.

7     **Second,** Google's UCL claim as pleaded is barred on its face by the statute of limitations

8 and controlling authority. As a result, it is futile and leave to amend should be denied.

9     **Third,** Google's inequitable conduct allegations are futile. Google is alleging that Netlist is

10 committing fraud based on the following: Noting that in the context of a reexamination—during

11 which the broadest reasonable interpretation standard was applied—the claims were narrowed via

12 amendment; and noting before this Court that the amendments to the claims did not narrow the

13 claims to a scope narrower than the meaning of the original claims under the *Phillips* standard.

14 Google can disagree with this position, but the cavalier way in which it accuses members of the bar

15 of this Court with committing a fraud reflects poorly on the Defendant. It also has no basis in law:

16 It is settled Federal Circuit law that attorney argument cannot provide the basis for inequitable

17 conduct. *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1349 (Fed. Cir. 2007).

18     **Fourth,** Google declines to disclose to the Court the true purpose of its attempt to amend its

19 answer to add affirmative defenses of intervening rights while a motion for summary judgment on

20 the same subject is pending. [REDACTED]

21 [REDACTED]

22 [REDACTED]

23 [REDACTED]

24 [REDACTED]

25 [REDACTED]. Dkt. 155. At the same time, Google

26 apparently wants to preserve an argument that intervening rights exist as to these undisclosed

27 products by raising a generic affirmative defense, [REDACTED]

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 2 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO 4:09-CV-05718-SBA

1 ████████████████████████████. Google was required by Judge Spero to respond "in

2 full" to Netlist's interrogatory on intervening rights.  Dkt. 145.  ████████████████████

3 ███████████████████████.  Google must be limited to its complete contention interrogatory

4 response, and its intervening rights defenses should apply solely to the products which Google

5 actually identified and produced required information regarding in these responses.

6 ## II.    LEGAL STANDARD

7        Google seeks to amend its answer under Federal Rule of Civil Procedure 16(b)'s "good

8 cause" standard.  Motion at 14 (ECF).  Rule 16(b) focuses on "the moving party's reasons for

9 seeking modification," and "[i]f that party was not diligent, the inquiry should end."  *In re W. States*

10 *Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 736 (9th Cir. 2013).  Only once the party has

11 demonstrated good cause under Rule 16(b), the party must then also demonstrate that amendment

12 is proper under Rule 15.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

13 In assessing whether to grant leave to amend under Rule 15(a), courts consider whether the proposed

14 amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

15 delay in litigation; or (4) is futile."  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946,

16 951 (9th Cir. 2006).[2]  In assessing futility, courts apply the same standard as under Rule 12(b)(6).

17 *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Futility alone is a sufficient basis

18 to deny leave to amend.  *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007).

19 ## III.   ARGUMENT

20        **A.    Google Should Not Be Allowed to Add a Late Unfair Competition Counterclaim**

21             **1.    Google Cannot Show Good Cause in Asserting an Unfair Competition
                       Claim Based on Facts Occurring Before this Case Was Stayed**

22        Google attempts to raise a completely new UCL claim twelve years after this case

23 commenced, even though as pleaded, this claim allegedly existed before the stay.  With two limited

24 exceptions (that are not necessary to make out the UCL claim as pleaded), all the allegations in

25 support of the UCL claim existed before the stay in this case.  Motion at 16.  For example, the

26

27        [2] Google states "Rule 13(f) governs the procedure for counterclaims."  Mot. at 9.  This
28 is wrong.  Rule 13(f) has been abrogated since December 1, 2009.  "An amendment to add a
counterclaim is governed by Rule 15."  Adv. Comm. Notes on 2009 Amend. to Fed. R. Civ. P. 13.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 3 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO 4:09-CV-05718-SBA

1   relevant section of the Amended Counterclaims lists JEDEC meetings minutes from 2007 and letters

2   Netlist sent to JEDEC from 2008 to 2011.  *E.g.* AA ¶¶ 25-34.  Google cannot explain why it could

3   not have asserted the UCL claim based on these facts occurring before the stayed issued on January

4   26, 2011, either a decade ago or right after this case reopened on February 17, 2021.  Google fails

5   to show good cause for its delayed assertion of the UCL claim, and therefore, should be prevented

6   from doing so now.  *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (denying

7   amendment for an "inexplicable and unjustified" seven-month delay); *Avago Techs. U.S. Inc. v.

8   IPtronics Inc.*, No. 10-cv-2863, 2014 WL 12650655, at \*7 (N.D. Cal. Dec. 10, 2014) (finding the

9   defendant unduly delayed in seeking leave to amend to add additional facts which occurred *before*

10  the case was stayed since the defendant was not prevented by the stay from filing the motion sooner).

### 2.    Google's Proposed Unfair Competition Claim Is Futile

12         Google's UCL claim should be denied also because it is futile.

13         ***First***, Google's UCL claim is barred by the four-year statute of limitations.  Cal. Bus. &

14  Prof. Code § 17208; *Nuvo Rsch. Inc. v. McGrath*, No. 11-cv-4006, 2012 WL 1965870, at \*6 (N.D.

15  Cal. May 31, 2012) (Armstrong, J.).  Google pleads that Netlist disclosed the patent in suit to JEDEC

16  on April 1, 2010.  AC ¶ 31.  Google alleges in its UCL count that Netlist's conduct harmed

17  "manufacturers and end-users of DDR2, DDR3 and DDR4 memory modules."  *Id.* ¶ 64.  Google

18  alleges that JEDEC adopted DDR2 before Netlist's disclosure of the '912 patent in April 2010.  *Id.*

19  ¶ 31.  Likewise, Google claims Netlist made a disclosure relating to the DDR3 and the '912 patent

20  on November 22, 2010.  *Id.* ¶ 33.  Google concedes in its motion that the relevant DDR2, DDR3,

21  and DDR4 standards were adopted on or before 2014.  *See* Motion, 12-13.  Accepting these

22  allegations as true, the UCL claim as pleaded is time-barred because the alleged harm occurred when

23  the standards were adopted.  *See ChriMar Sys. Inc. v. Cisco Sys., Inc.*, No. 13-cv-1300, 2019 WL

24  8333452, at \*17 (N.D. Cal. Dec. 17, 2019) (finding that harm caused by a patentee's failure to

25  disclose a patent to a SSO "would have occurred at the time the standards were ratified").

26         The stay of this case in 2011 does not allow Google to invoke the "equitable tolling"

27  doctrine.  Google has not pleaded facts showing that Google was "prevented from asserting a claim

28  by [Netlist's] wrongful conduct" or "extraordinary circumstances beyond [Google's] control [that]

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 4 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO 4:09-CV-05718-SBA

1   made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).

2   Google could have brought a separate action for a UCL claim.

3       Likewise, the "delayed discovery rule" is of limited protection to Google.  The court explains

4   in *Garrison v. Oracle Corporation* that the delayed discovery rule "might be appropriate for UCL

5   claims based on allegations of fraud, but [it] does not apply to UCL claims based purely on

6   allegations of unfair competition." 159 F. Supp. 3d 1044, 1082 (N.D. Cal. 2016).   Google's UCL

7   count is purely focused on unfair competition without stating "fraud" at all.  *See* AC ¶¶ 63-65.

8       Even if Google's UCL count involves any claim of fraud, the discovery rule does not apply

9   because Google did or could have reasonably discovered the cause of action underlying the UCL

10  claim more than four years ago, and Google cannot affirmatively "excuse [its] failure to discover"

11  such basis. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008).  First, after

12  the decade-long litigation and reexamination proceeding since 2009, Google has become familiar

13  with the '912 patent published as early as 2008 and knew or should have known that the '912 patent

14  applies to DDR2–4 standards, because the patent states on its face that it can apply to "DDR1,

15  DDR2, DDR3, *and beyond*." Ex. 8 at 12:27-29; AC ¶ 30 (emphasis added).  Second, Google

16  admitted that all relevant DDR standards were finalized by 2014, Motion at 12-13, and as a JEDEC

17  member, Google participated in the standard setting process.  AC ¶ 41.  Further, to the extent Google

18  alleges that it did not know that the '912 patent also reads on DDR4 DIMMs until after seeing

19  Netlist's amended infringement contentions, this does not save Google's case because Google's

20  Amended Counterclaims confirms that the UCL count is also premised on alleged harms to

21  manufacturers and consumers of DDR2 and DDR3 modules.  AC ¶¶ 63-65.

22      Additionally, Google cannot rely on the continuous accrual rule to avoid being time barred.

23  Under California law, continuous accrual applies when "there is a continuing or recurring

24  obligation." *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1199 (2013).  Google contends

25  that Netlist has a duty to disclose "*before* the technology is voted on by its members," Motion at 11

26  (emphasis original), and it does not allege that Netlist had any recurring disclosure obligation.  It is

27  settled law that continuous accrual does not apply to allegedly continuing obligation to avoid illegal

28  behavior. *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 137-38 (N.D. Cal. 2020) (collecting cases).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 5 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO 4:09-CV-05718-SBA

Finally, neither the Federal nor state relation-back rule applies. California law allows relation back only if the amendment "(1) rests on the same general set of facts as the original complaint; and (2) refers to the same accident and same injuries as the original complaint." *Barrington v. A. H. Robins Co.*, 39 Cal.3d 146, 151(1985). The federal rule requires the amendment to assert "a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleadings." Fed. R. Civ. P. 15(c)(1)(B). A comparison of the amended and original answers shows that Google originally pleaded facts focusing on Netlist's alleged failure to timely disclose the '912 patent at all; whereas Google's new allegations are that JEDEC policies require Netlist to continuously identify its subjective belief as to the relationship between the patent and each new version of the DDR standard. Ex. 9 at 21; AC ¶¶ 40-41. That Google is attempting to plead additional facts, including allegations of Netlist's new conducts and resulting harms, to support its new UCL count is strong evidence that the claim cannot relate back. *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (rejecting relation back a "new legal theory depending on different facts").

**Second**, Google has not sufficiently pleaded standing to sue under the UCL. A party has standing to challenge a business practice under the UCL only if it (1) "suffered injury in fact" and (2) "has lost money or property as a result of" the asserted unfair competition. Cal. Bus. & Prof. Code § 17204. Google states no specific fact to show any "injury in fact" or that Google "*has lost money or property.*" *See* AC ¶ 64 (generally asserting potential injury or damages that "will result"). Mere "hypothetical injury" that Google would incur or "litigation expenses" in defending this patent litigation are insufficient. *TCL Commc'ns Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson*, No. 14-cv-0341, 2016 WL 7049263, at *4 (C.D. Cal. Aug. 9, 2016) (the *Noerr-Pennington* doctrine prevents using litigation expenses as basis for standing).

**Third**, Google's proposed amendment fails on its face because Google has not identified which particular prong of the UCL it is relying on. The UCL prohibits business acts or practices that are (1) fraudulent, (2) unlawful, or (3) unfair. *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 878 (N.D. Cal. 2010). "Each prong of the UCL is a separate and distinct theory of liability." *Kearns v. Ford Motor Co.*, 567 F. 3d 1120, 1127 (9th Cir. 2009). Google only vaguely

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 6 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO 4:09-CV-05718-SBA

1   quotes the statutory language to allege that Netlist has committed "unlawful, unfair, or fraudulent

2   business acts" based on "Netlist's failure to timely disclose the '912 patent as required by the JEDEC

3   Patent Policy."  Motion at 20; AC § 62 ("The above-described conduct of Netlist constitutes unfair

4   competition in violation of . . . § 17299[sic] *et seq*.").  This defect by itself warrants dismissal and

5   renders Google's amendment futile.  *Nuvo Rsch.*, 2012 WL 1965870, at *6 ("Plaintiffs fail to

6   identify which prong or prongs of the UCL on which they are attempting to predicate Defendant's

7   liability. Their failure to do so improperly deprives [Defendant] of 'fair notice' of the claims alleged

8   against him."); *Qureshi v. Countrywide Home Loans, Inc.,* No. 09-cv-4198, 2010 WL 841669, at *7

9   (N.D. Cal. Mar.10, 2010) (Armstrong, J.) (dismissing the UCL claim for the same reason).

10       ***Fourth***, to the extent Google bases its UCL claim on positions Netlist takes in this litigation,

11   including that claim 16 covers certain embodiments of DDR4, this constitutes petitioning activity

12   protected by the *Noerr-Pennington* doctrine and cannot serve as a basis for liability.  *Sosa v.*

13   *DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006); *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 420

14   F. Supp. 3d 966, 980 & n.11 (N.D. Cal. 2019) (*Noerr-Pennington* doctrine applies to UCL claims).

15       ***Fifth***, Google has not sufficiently pleaded facts to state a claim under any UCL prong:

16           **(a)    Google Fails to State a Claim Under the "Unlawful" Prong**

17       To raise a UCL claim for unlawfulness, Google must plead a violation of another statute or

18   common law.  *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1117 (N.D. Cal. 2016) ("As

19   Plaintiff fails to state a claim under either statute, she necessarily cannot state a UCL unlawful prong

20   claim.").  Google's UCL count does not purports to rely on violations of other laws. AC ¶¶ 62-65.

21           **(b)    Google Fails to State a Claim Under the "Unfair" Prong**

22       Under the unfairness prong, a party must plead "conduct that threatens an incipient violation

23   of an antitrust law, or violates the policy or spirit of one of those laws because its effects are

24   comparable to or the same as a violation of the law, or otherwise significantly threatens or harms

25   competition."  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 186-87 (1999).

26   A UCL claim based on unfairness cannot survive unless the party alleges conduct violating antitrust

27   laws.  *See ChriMar Sys., Inc. v. Cisco Sys., Inc.*, 72 F. Supp. 3d 1012, 1020 (N.D. Cal. 2014).

28       Google does not dispute that Netlist had already disclosed the '912 patent to the relevant

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 7 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO 4:09-CV-05718-SBA

1  JEDEC committees.  Google only asserts that Netlist failed to disclose the '912 again and identify

2  specifically its relevance to DDR3 and DDR4 standards in a timely manner.  Motion at 12; AC

3  ¶¶ 32-33.  However, Google does not plead any applicable JEDEC contractual obligation to make

4  this type of serial disclosure.  *See* Dkt. 169-4, at 11.  The actual patent policy must be considered in

5  assessing the futility of Google's amendment, because Google has incorporated it by reference into

6  its amended answer.  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

7       The JEDEC patent policy provides that "disclosure and licensing obligations of Committee

8  Members and Participants are limited to Standards developed in the particular JEDEC committees

9  in which and while they Participate."  Dkt. 206-7 at 3.  Google's proposed amendment does not

10  identify any portion of the policy that requires a re-declaration each time the same committee adopts

11  a new version of DDR from a JEDEC member.  On its face, Google fails to allege that Netlist

12  breached the JEDEC patent policy.

13       Even if Google had sufficiently alleged that Netlist had an obligation to make ***additional***

14  disclosure of the '912 patent for each separate DDR generation and that Netlist breached that

15  obligation, as a general matter, a breach of an SSO commitment does not rise to the level of an

16  antitrust violation."  *Intel Corp. v. Fortress Inv. Grp. LLC*, 511 F. Supp. 3d 1006, 1030 (N.D. Cal.

17  2021); *see also Rambus, Inc. v. FTC*, 522 F.3d 456, 462 (D.C. Cir. 2008) (overturning an FTC order

18  finding that Rambus engaged in unlawful monopolization based on its failure to disclose its patent

19  to the SSO).  In the limited instances where courts allow claims for antitrust law violations based

20  on a "failure to disclose patents to SSO" theory, the claimant must allege that the patentee's failure

21  to disclose "***induced*** the SSO to set the standard incorporating the essential patent," and more

22  specifically, "must allege that there was an ***alternative technology*** that the SSO was considering

23  during the standard setting process and that the ***SSO would have adopted an alternative standard***

24  had it known of the patent holder's intellectual property rights."  *Apple Inc. v. Samsung Elec. Co.*,

25  No. 11-cv-1846, 2011 WL 4948567, at *5-6 (N.D. Cal. Oct. 18, 2011).  Google has not alleged that

26  JEDEC was considering any alternatives during any DDR standard-setting process, or that JEDEC

27  would have adopted an alternative standard had Netlist disclosed the '912 patent for a third time.

28  *Compare id*, at *5-6 ("merely conclusory statements" insufficient); *ChriMar Sys.*, 72 F. Supp. 3d at

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

- 8 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO  4:09-CV-05718-SBA

1019 (dismissing antitrust counterclaim where defendants "fail to clearly allege that the IEEE would have adopted an alternative standard had it known about the [ChriMar's] patent and ChriMar's position with respect to [the patent]"); *with Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1022-23, 1025 (S.D. Cal. 2019) (finding LG sufficiently alleged Sherman Act and UCL claims where LG "allege[d] in detail . . . the specific alternative technology that the SSOs could have adopted").  Google only relies on a single case to support its UCL claim, *Apple, Inc. v. Motorola Mobility, Inc.*, No. 11-CV-178, 2011 WL 7324582 (W.D. Wis. June 7, 2011).  This out-of-circuit authority is inconsistent with the law of this district.

### (c)   Google Fails to State a Claim Under the "Fraud" Prong

To state a claim under the "fraud" prong of the UCL, Google "must allege facts showing that members of the public are likely to be deceived by the alleged fraudulent business practice." *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 990 (N.D. Cal. 2016) (quotation omitted).  "[A] failure to disclose a fact one has no affirmative duty to disclose is [not] likely to deceive anyone with the meaning of the UCL." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018) (citing *Berryman v. Merit Prop. Mgmt., Inc.*, 62 Cal. Rptr. 3d 177, 188 (2007)).  A UCL claim based on fraud is subject to Rule 9(b)'s particularity requirement. *Kearns*, 567 F.3d at 1125.  Thus, to state a fraud claim based on omission, Google must plead specific facts showing that: (1) Netlist "must have concealed or suppressed a material fact"; (2) Netlist "must have been under a duty to disclose the fact"; (3) Netlist "must have intentionally concealed or suppressed the fact with the intent to defraud" Google; (4)  Google "must have been unaware of the fact and would not have acted  as [it] did if [Google] had known of the concealed or suppressed fact"; and (5) "as a result of the concealment or suppression of the fact, [Google] must have sustained damages." *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 561 (N.D. Cal. 2019) (citations omitted).

In the Amended Answer, Google fails to allege sufficient facts showing that Netlist's purported failure to disclose was made with "the intent to defraud" Google.  Google did not even plead facts showing that Netlist had knowledge of the '912 patent's relevance to DDR4 standards before the standards were finalized in 2014. *See Apple*, 411 F. Supp. 3d at 565-66 (dismissing a fraud claim based on omission because the plaintiff failed to adequately plead actual knowledge and

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 9 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO. 4:09-CV-05718-SBA

1    "[c]onstructive knowledge is insufficient to state a claim based on omissions").

2    Further, as to the reliance element, Google's Amended Counterclaims does no more than
3    baldly assert that "JEDEC, including Google" relied on Netlist's "silence" in adoption of relevant
4    standards. AC ¶ 42. Google does not plead facts showing that ***Google*** or JEDEC would have
5    changed any position had Netlist acted in a way differently than alleged in the counter-claim.
6    Google's UCL claim based on fraud fails. *See Apple*, 411 F. Supp. 3d at 561; *Dror v. Kenu, Inc.*,
7    No. 19-cv-3043, 2019 WL 5684520, at *13 (N.D. Cal. Nov. 1, 2019) (a plaintiff prosecuting a
8    private enforcement action under the UCL's fraud prong must show its "*own* reliance" of any alleged
9    fraud) (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009)).

10   **B.     Google's Should Not Be Granted Leave to Add the Inequitable Conduct Defense Because Google's Proposed Amendment Is Futile**

11
12   Inequitable conduct requires that the "applicant misrepresented or omitted material
     information with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson and*
13   *Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011). Inequitable conduct must be pleaded with particularity
14   under Rule 9(b), which requires allegation of the specific "who, what, when, where, and how of the
15   material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart*
16   *Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

17   Google's inequitable conduct allegations are premised solely on Netlist's arguments
18   regarding the scope of the asserted claims. Motion at 19. Google points out that during the
19   reexamination, Netlist stated that it had "narrowed its claims to define its precise inventive
20   contributions over the prior art." *Id.* Google contends that this is in "direct contradiction" to
21   Netlist's position in the current litigation "that the amendments made to those same claims merely
22   made express the inherent functions of the [original limitation], and thus did not substantially change
23   the scope of the claims." *Id.* Based on these two facts alone, Google then alleges that "Netlist made
24   a material misrepresentation and had specific intent to deceive the Board and the Federal Circuit."
25   *Id*. These allegations fail to meet either prong of *Exergen*.

26
27
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 10 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO 4:09-CV-05718-SBA

1

**1.       Google Fails to Allege a Material Misrepresentation**

**(a)       Attorney Argument Is Not Basis for Inequitable Conduct**

As an initial matter, the only alleged misrepresentation Google identifies is arguments made during reexamination. *See Young*, 492 F.3d at 1349 (patentee's statements distinguishing the claims from the prior art constituted "attorney argument and an interpretation of what the prior art discloses"). It is settled Federal Circuit law that that attorney argument cannot constitute a material misrepresentation supporting inequitable conduct. *Id.* (patentee's arguments are not affirmative misrepresentations of material fact because the reference was in front of the examiner and thus "the examiner was free to reach his own conclusions and accept or reject [the patentee's] arguments"). This holding reflects the reality of patent prosecution. If all relevant information is presented to the USPTO, the Board, or the Federal Circuit, the appropriate body can reach its own conclusion, and "[a]n applicant cannot be guilty of inequitable conduct if the reference was cited to the examiner, whether or not it was a ground of rejection by the examiner." *Takeda Pharm. Co. v. TWi Pharm., Inc.*, 87 F. Supp. 3d 1263, 1286 (N.D. Cal. 2015). A rule to the contrary would conflict with clear Federal Circuit precedent protecting patent prosecutors from "confront[ing] the specter of inequitable conduct charges." *Therasense*, 649 F.3d at 1289-90. Google "cannot drop the atomic bomb" by asserting "prosecution attorney's zealous arguments were inequitable conduct." *Hum. Genome Scis., Inc. v. Genentech, Inc.*, No. 11-cv-6519, 2011 WL 7461786, at *4, 6 (C.D. Cal. Dec. 9, 2011) ("Attorneys prosecuting a patent should be able to correct mistakes, change their opinion, or adjust their argument to convince the examiner without risking invalidation of the patent by a later finding of inequitable conduct.") (citations omitted).

To be clear, Google has not alleged that Netlist hid any references from the Patent Office. To the contrary, Netlist presented the original and amended claims, prior art, and related arguments to the Board and Federal Circuit for their consideration. This open-book behavior cannot support a claim of inequitable conduct, and Google's amendment is thus futile. *Takeda*, 87 F. Supp. 3d at 1286; *Rothman v. Target Corp.*, 556 F.3d 1310, 1328-29 (Fed. Cir. 2009) ("While the law prohibits genuine misrepresentations of material fact, a prosecuting attorney is free to present argument in favor of patentability without fear of committing inequitable conduct.").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 11 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO. 4:09-CV-05718-SBA

### (b)   Google Has Not Identified Any False Statement

Even if attorney argument could provide the basis for an inequitable conduct claim, Google's proposed amendment fails to allege the requisite falsity.  Google argues that Netlist's earlier statement regarding the scope of the amended claims must be false because Netlist's litigation arguments are in "direct contradiction."  Motion at 19.  Google once again fails to understand the different claim construction standards applied in reexamination (broadest reasonable interpretation ("BRI")) and in assessing whether intervening rights exist in a district court (*Phillips*). The BRI standard requires the PTO to select the broadest of "multiple reasonable interpretations in light of the specification."  *Fitbit, Inc. v. Aliphcom, Inc.*, No. IPR2016-00607, 2017 WL 3525349, at *9 (P.T.A.B. Aug. 15, 2017).  The *Phillips* standard by contrast requires district courts to determine "the correct construction" in light of the claims and specifications.  *PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 734, 740 (Fed. Cir. 2016) (citations omitted).

During prosecution, the claims were amended to exclude constructions that the PTO believe were encompassed by BRI.  Netlist admits this fact in its briefing before this Court.  Dkt. 197 at 32 ("In its Federal Circuit brief, Netlist explained that '[it] did what patent owners are expected to do during a reexamination—it narrowed its claims to define its precise inventive contributions over the prior art.'  This appeal was under the ***BRI*** standard.").  But the issue before this Court is intervening rights.  The Federal Circuit has made clear that in the context of intervening rights, the question is whether the claims as amended are narrower than the construction the original claims would have received under *Phillips*.  *Convolve, Inc. v. Compaq Comput. Corp.*, 812 F.3d 1313, 1325 (Fed. Cir. 2016).  What Google glibly calls a fraud is black letter Federal Circuit law: A claim narrowed during prosecution under BRI can still have the same scope as the original claim under *Phillips*.

### (c)   Google Has Not Alleged the Requisite Materiality

Inequitable conduct requires a showing of "but-for materiality."  *Therasense*, 649 F.3d at 1291.  Google fails to allege *any* factual basis for its assertion that Netlist's statements were material to the Board's or Federal Circuit's determinations.  Instead, Google conclusively contends—without any citation to the Board's or the Federal Circuit's decisions or other basis—that "[b]ut for Netlist's statements . . . the Federal Circuit and the Board would have found these claims obvious and would

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO. 4:09-CV-05718-SBA

- 12 -

not have allowed them to issue."  Motion at 19; AA ¶ 33.  Google's contention is merely a legal conclusion disagreeing with Netlist's claim construction, which need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Genentech*, 2011 WL 7461786, at *4 (legal conclusions insufficient to state materiality).  Further, nothing in the record supports this argument: the Board's 44-page opinion makes no mention of the Board's reliance on Netlist's characterization of the claims, *see generally* Ex. 2; and the Federal Circuit summarily affirmed the Board in a one-line order.  *Google LLC v. Netlist, Inc.*, 810 F. App'x 902 (Fed. Cir. 2020).  Google fails to allege but-for materiality.  *See Presidio Comp., Inc. v. Am. Tech. Ceramics Corp.,* No. 14-cv-2061, 2016 WL 7319533, at *16 (S.D. Cal. Feb. 10, 2016) (dismissing inequitable conduct defense where the PTO did not rely on the alleged misrepresentation about "what the scope of the original claims were under [the court's] claim construction rulings").

### 2.     Google Fails to Allege Specific Facts to Show Deceptive Intent

*First*, Google has not identified any "individual" who made an allegedly false statement. This alone renders Google's proposed amendment futile as a matter of law.  *See Exergen*, 575 F.3d at 1329 (asserting "Exergen, its agents and/or attorneys" had committed inequitable conduct was insufficient); *Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prod., Inc.*, No. 19-cv-802, 2021 WL 1405477, at *6 (N.D. Cal. Apr. 14, 2021) (referring to the patentee or outside counsel is insufficient).

*Second*, Google alleges no separate facts to show that Netlist's representations were made with the specific intent to deceive. AA ¶¶ 17-34 (alleging Netlist "knowingly misrepresented the amendments" by allegedly failing to disclose "its intention not to narrow the claims at all in order to distinguish the prior art," which is information "material to the patentability of the claims"). Materiality and intent are separate, and "intent to deceive cannot be found based on materiality alone. *Cancer Rsch. Tech. Ltd. v. Barr Lab'ys, Inc.*, 625 F.3d 724, 733 (Fed. Cir. 2010).  Google's "conclusory allegation of specific intent is insufficient." *Blackberry Ltd. v. Typo Prod. LLC*, No. 14-cv-23, 2014 WL 1867009, at *3 (N.D. Cal. May 8, 2014)); *see also Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*, No. 11-cv-4100, 2012 WL 1094324, at *4 (N.D. Cal. Mar. 29, 2012).

### C.     Google Should Not Be Allowed to Add a Generic Intervening Rights Defense

Google's broad assertion of intervening rights at this stage, after the parties briefed this issue,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 13 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO  4:09-CV-05718-SBA

1   demonstrates Google's bad faith. *Johnson*, 975 F.2d at 608 (considering bad faith in assessing leave

2   to amend pleadings under Rule 15(a)).  Specifically, Google may not add an intervening rights

3   defense *generically*; it should be limited to the specific products it disclosed in the interrogatory

4   response Google has provided before the intervening rights briefing completed.

5       Shortly after the Court entered an order setting the briefing schedule for intervening rights,

6   on April 19, 2021, Netlist served interrogatories on Google seeking information regarding Google's

7   DIMMs and the "full factual and legal basis" for Google's intervening rights defense (ROG. No. 3).

8   Ex. 7 at 6-7.  Google repeatedly relied on the expected intervening rights briefing schedule as a basis

9   to refuse to substantially engage in the discovery proceeding.  Ex. 3 at 10.  At the June 25, 2021

10  hearing, Judge Spero ordered Google to respond to ROG No. 3 "in full."  Dkt. 145.  Google

11  thereafter committed, in a stipulation filed with the Court, to "a complete document production

12  based on a reasonable investigation relevant to equitable intervening rights by July 30." Dkt. 149.

13      Google strategically decided to not comply with its discovery obligation in attempt to hide

14  certain classes of products from Netlist.  For example, Netlist's amended infringement contentions

15  accuse DDR4 RDIMMs, DDR4 LRDIMMs, DDR4 NVDIMMs, DDR3 LRDIMMs, and DDR2

16  FBDIMMs that meet certain portions of JEDEC standards, and "products that operate in

17  *substantially similar manner*." Ex. 4 at 2 (emphasis added).

18  

19  , even though the discovery request, which Google was ordered by Judge

20  Spero to respond to, was not limited to products explicitly listed in the infringement contentions.  In

21  particular, the discovery request seeks information of all Google's "Memory Module," which was

22  defined to include any "printed circuit board which is connectable to a computer system, with a

23  plurality of [DDR] memory devices, and at least one circuit that sends a clock signal." Ex. 7 at 2.

24  

25  . *E.g.*

26  Ex. 1; Ex. 5 at 13, 18.  Google has also made the unilateral determination that what it describes as

27  "8-rank" and "16-rank" DIMMs do not fit within this definition of the accused products, even

28  

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 14 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO  4:09-CV-05718-SBA

1  though they are covered by Netlist's amended infringement contentions. *See, e.g.*, Dkt. 208 at 19.[3]

2  In addition, Google refused to provide any information as to products purchased, used or made by

3  subsidiaries or affiliates of Google LLC.  *E.g.* Ex. 5 at 2 (objecting to the definition of "Google"

4  and "You" as overbroad, and "interpret[ing] these terms to mean Defendant Google LLC").

5      In Google's summary judgment brief, despite bearing the burden to identify products

6  covered by Google's alleged intervening rights, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Dkt. 155.

8  Google apparently wants to amend its answer to preserve the ability to argue absolute and equitable

9  intervening rights as to these products at a later date.  Google is attempting to hide information on

10  ▮▮▮▮▮▮▮▮▮▮▮ for a tactical reason. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

12  Google does not contend these licenses apply to instances in which ▮▮▮▮▮▮▮▮▮

13  ▮▮▮.  It wants to obfuscate the existence of ▮▮▮▮▮▮▮▮▮ because their existence

14  eviscerates its license defense.  Google should be prevented from doing so, because under similar

15  circumstances, failure to respond to discovery requests or timely provide information in damages

16  contentions precludes use of such information later at trial.  *E.g. MLC Intell. Prop., LLC v. Micron*

17  *Tech., Inc*., 10 F.4th 1358 (Fed. Cir. 2021) (striking expert report where Plaintiff failed to disclose

18  "factual underpinnings and evidence underlying its damages theory" during fact discovery).

19  **IV.    CONCLUSION**

20      Netlist respectfully requests that the Court deny Google's Motion to Amend (Dkt. 206).

21

22      [3] Netlist's original complaint referenced "4-rank" FBDIMM products. Dkt. 1 at 3.  Netlist

23  maintained in its infringement contentions that "[a]ll the Accused Instrumentalities constitute "4-Rank Fully-Buffered Dual In-Line Memory Modules" as that term is used in the Complaint."  Ex.

24  4 at 2.  As apparent from the broad language in the amended infringement contentions—which accuse DDR4 RDIMMs, DDR4 LRDIMMs, DDR4 NVDIMMs, DDR3 LRDIMMs, DDR2

25  FBDIMMs that meet certain portions of JEDEC standards, and "products that operate in

26  ***substantially similar manner***"—Netlist was not limiting its contentions to what Google arbitrarily defines as "4-rank" versus "8-rank" versus "16-rank" DIMMs.  *Id.*  In fact, the portions of the

27  standards cited in the contentions reference what Google describes as "8-rank" and "16-rank" DIMMs.  *E.g.* Ex. 6 at 10 (reproducing Figure 10 from JEDEC Standard No. 21C showing common

28  layout of a "4-rank" "8-rank" or "16-rank" DIMM).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 15 -

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO 4:09-CV-05718-SBA

1       Dated: October 1, 2021        IRELL & MANELLA LLP

2

3                      By: */s/    Jason G. Sheasby*
                           Jason G. Sheasby

4                           jsheasby@irell.com
                           Andrew J. Strabone

5                           astrabone@irell.com
                           IRELL & MANELLA LLP

6                           1800 Avenue of the Stars, Suite 900
                           Los Angeles, California 90067

7                           Telephone: (310) 277-1010
                           Facsimile: (310) 203-7199

8

9                           *Attorneys for Plaintiff Netlist, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO 4:09-CV-05718-SBA

1

## <u>CERTIFICATE OF SERVICE</u>

2

    I hereby certify that on October 1, 2021, I caused the electronic filing of the foregoing with

3

the Clerk of the Court using the CM/ECF system which will automatically email notification of such

4

filing to all counsel of record who have made a formal appearance.  I further certify that on October

5

1, 2021, the unredacted version of the foregoing were served on counsel of record who have made

6

7

a formal appearance.

8

                            By: <u>*/s/         Yanan Zhao*         </u>

9

                                    Yanan Zhao

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

NETLIST'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND ANSWER
CASE NO  4:09-CV-05718-SBA