IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NETLIST, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )     C.A. No. 21-1453 (RGA) |

## SAMSUNG'S MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF IN OPPOSITION TO NETLIST'S MOTION TO DISMISS PLAINTIFFS' <u>FIRST AMENDED COMPLAINT</u>

Plaintiffs Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. ("Samsung") respectfully move the Court for permission to file a short sur-reply brief to address arguments raised by Defendant Netlist, Inc. ("Netlist") for the first time in its Reply Brief in Support of Netlist's Motion to Dismiss Plaintiffs' First Amended Complaint.  D.I. 28 ("Reply").  A copy of the sur-reply that Samsung would file, if permitted to do so by the Court, is attached as Exhibit A.

In its Opening Brief, Netlist argued that the Court lacks jurisdiction over Samsung's declaratory judgment claims relating to the '912 patent.  Netlist's only argument addressed whether an indemnification request from Samsung's customer Google gave rise to jurisdiction. D.I. 25 at 7.  As explained in Samsung's Answering Brief, however, jurisdiction exists based on the totality of the circumstances, including the fact that Netlist recently accused Google of infringing an apparatus claim in the patent based on Google's use of certain standard-compliant

memory products supplied by Samsung—which implies a claim of direct infringement against Samsung for making and selling such products.  D.I. 27 at 6–8.

In its Reply Brief, Netlist provides three *new* arguments to support its contention that this Court lacks subject matter jurisdiction over Samsung's claims relating to the '912 patent: (1) Samsung does not plead in the First Amended Complaint that its products practice the PDA function that is at issue in Netlist's infringement contentions against Google; (2) Netlist's infringement contentions against Google do not explicitly refer to Samsung and thus do not imply infringement by Samsung; and (3) Samsung does not plead in the First Amended Complaint that there are any product designs beyond the ones at issue in Netlist's lawsuit against Google.  D.I. 28 at 4.

Generally, leave to file a sur-reply is granted where the proposed brief responds to new evidence, facts, or arguments raised for the first time in the moving party's reply brief.  *See, e.g.*, *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016).  Here, Netlist has presented new arguments for the first time in its Reply Brief, to which Samsung has not had an opportunity to respond.  Samsung's proposed sur-reply should be permitted because it will allow the Court to more fully and fairly evaluate the merits of Netlist's motion to dismiss.  *See id*. at 103 (granting leave to file sur-reply where reply brief raised new arguments and legal authority); *Endo Pharm. Inc. v. Actavis Inc.*, C.A. No. 14-1381-RGA, 2017 WL 3731001, at *2 n.3 (D. Del. Aug. 30, 2017) (granting leave to file sur-reply where reply brief raised new arguments).

Accordingly, Samsung respectfully requests that the Court permit the filing of the sur-reply brief attached hereto as Exhibit A.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Brian Nester<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC  20001-4956<br>(202) 662-6000<br><br>Alice J. Ahn<br>COVINGTON & BURLING LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA  94105-2533<br>(415) 591-6000<br><br>March 23, 2022 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Rodger D. Smith II*<br><br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |

## **RULE 7.1.1 CERTIFICATION**

    Pursuant to D. Del. LR 7.1.1, the undersigned counsel hereby certifies that counsel for Samsung discussed the substance of this motion with counsel for Netlist, and Netlist indicated it opposes the relief requested herein.

                     */s/ Rodger D. Smith II*

                     Rodger D. Smith II (#3778)

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 23, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>Nathan R. Hoeschen, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Mark Reiter, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX  75201<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Jason Lo, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)