# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NETLIST, INC., <br><br> Defendant. | C.A. No. 21-1453 (RGA) |

**SAMSUNG'S SUR-REPLY BRIEF IN OPPOSITION TO NETLIST'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

OF COUNSEL:

Brian Nester
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
(202) 662-6000

Alice J. Ahn
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105-2533
(415) 591-6000

March 23, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiffs*

Plaintiffs Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. ("Samsung") respectfully submit this short sur-reply to address new arguments made by Defendant Netlist, Inc. ("Netlist") in Section II of its Reply Brief in support of its motion to dismiss (D.I. 28).

In its Opening Brief, Netlist argued that the Court lacks jurisdiction over Samsung's declaratory judgment claims relating to the '912 patent. Netlist's only argument addressed whether an indemnification request from Samsung's customer Google gave rise to jurisdiction. D.I. 25 at 7. As explained in Samsung's opposition, however, jurisdiction exists based on the totality of the circumstances, including the fact that Netlist recently accused Google of infringing an apparatus claim in the patent based on Google's use of certain standard-compliant memory products supplied by Samsung—which implies a claim of direct infringement against Samsung for making and selling such products. D.I. 27 at 6–8. In its Reply Brief, Netlist argues for the first time that "Samsung has plead [*sic*] itself out of this theory." D.I. 28 at 3. There is no merit to the three new arguments that Netlist raises in Reply Brief.

*First*, Netlist incorrectly asserts that Samsung does not allege "that its products practice the PDA function" that allegedly infringes claim 16 of the '912 patent. *Id.* at 4. As explained in the First Amended Complaint ("FAC"), Netlist contends in the Google case that "claim 16 reads on the DDR4 standard and later technology," FAC, ¶ 41 (quoting FAC, Ex. 8 at 2), and "Netlist points to the PDA mode in JESD79-4C for DDR4 SDRAM as the infringing feature," *id.* ¶ 178. The FAC alleges that the Samsung products at issue comply with that DDR4 standard (JESD79-4C) or other standards requiring materially similar functionality. *See id.* ¶¶ 55, 58. The FAC further provides exemplary reasons why those products do not infringe while "in the PDA mode." *Id.* ¶ 182.

*Second*, Netlist's argument—that the Court lacks jurisdiction because Netlist made "no reference to Samsung anywhere in its infringement contentions" against Google, D.I. 28 at 4—is contrary to law.  In *Microsoft Corp. v. GeoTag, Inc.*, this Court rejected a similar argument in finding jurisdiction over declaratory judgment claims brought by suppliers, following infringement suits against their customers that made no mention of the suppliers.  Defs'. Ans. Br., C.A. No. 11-175-RGA, D.I. 498 at 9 (Aug. 14, 2014) ("GeoTag never accused any defendant in the Texas actions of infringing based on [Microsoft's] services and never asserted that [Microsoft's] mapping services infringed the '474 Patent.").  The Court held that "[a]n express accusation by the [patent owner] is unnecessary" to imply a claim of direct infringement against the suppliers because "[i]t is entirely possible that a customer and vendor can both directly infringe a patent based upon the same conduct."  *Microsoft Corp. v. GeoTag, Inc.*, C.A. No. 11-175-RGA, 2014 WL 4312167, at *2 (D. Del. Aug. 29, 2014).  Here, Netlist does not dispute that its allegations as to apparatus claim 16 accuse Google's use of standard-compliant DDR4 products supplied by Samsung—indeed, Netlist has repeatedly invited Samsung to intervene in the lawsuit against Google, *see, e.g.*, D.I. 21 at 3, 20; D.I. 25 at 3, 5, 7; D.I. 28 at 5.  Thus, as in *GeoTag*, Netlist "could just as easily have asserted a claim of direct infringement against [Samsung], based on the same underlying circumstances in the customer suit[]."  2014 WL 4312167, at *2.

*Third*, Netlist makes the puzzling statement that "Samsung does not plead that there are any product designs beyond the ones it allegedly provides to Google that it is concerned about." D.I. 28 at 4.  Samsung's non-infringement claim concerning the '912 patent relates to the standard-compliant products that Netlist has accused in its case against Google and any other products that have materially similar functionality.  *See* FAC, ¶¶ 55, 179, 185.  As Samsung has explained, Netlist's infringement allegations against products that Samsung has supplied to Google—along

2

with Netlist's efforts to terminate the JDLA, its clear intent to enforce its allegedly standard-essential patents against Samsung, and its previous enforcement of the '912 patent, *see id.* ¶¶ 12, 15, 26–32—demonstrate the existence of an actual case or controversy between Samsung and Netlist as to the '912 patent.

For these reasons, and those explained in Samsung's Answering Brief, the Court should deny Netlist's motion to dismiss.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Brian Nester
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

Alice J. Ahn
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000

March 23, 2022

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 23, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>Nathan R. Hoeschen, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Mark Reiter, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX  75201<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Jason Lo, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)