IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO., LTD.           )
and SAMSUNG SEMICONDUCTOR, INC.,        )
                                        )
           Plaintiffs,                  )
                                        )   C.A. No. 21-1453-RGA
       v.                               )
                                        )
                                        )
NETLIST, INC.,                          )
                                        )
           Defendant.                   )


**DEFENDANT NETLIST, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR
<u>LEAVE TO FILE SUR-REPLY BRIEF (D.I. 29)</u>**


Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
*Attorney for Defendant*

Dated: April 6, 2022

## NATURE AND STAGE OF THE PROCEEDINGS

Fourteen days after Netlist served its Reply in support of its Motion to Dismiss Plaintiffs' First Amended Complaint (D.I. 28) (the "Reply"), Samsung sought leave of this Court to file a Sur-Reply (D.I. 29). Samsung claims—incorrectly—that Netlist's Reply improperly introduced new arguments. *Id.* Contrary to Samsung's assertion, Netlist's Reply directly responds to arguments Samsung poses in its answering brief challenging Netlist's second Motion to Dismiss. *See* D.I. 27 at 13. Samsung mooted Netlist's first Motion to Dismiss by filing its First Amended Complaint ("FAC"). D.I. 16. Samsung had every opportunity to plead facts in its FAC to support its claim for jurisdiction. It failed. Unsupported attorney argument in an improper sur-reply does not change this.

## ARGUMENT

In this District, it is permissible to include arguments or evidence in a reply brief where "they involve content that is directly responsive to arguments made in [the opposing party's] answering brief." *Jordan v. Mirra*, No. 14-cv-1485, 2016 WL 3265694, at *9 (D. Del. June 7, 2016), *adopted in relevant part*, 2016 WL 4577004 (D. Del. Aug. 31, 2016); *see also Drit LP v. Glaxo Grp. Ltd.,* No. 21-cv-844, 2022 WL 605123, at *8 n.9 (D. Del. Feb. 18, 2022) (denying motion for leave to file a sur-reply because the plaintiff's rely brief did not raise "new arguments" but only responded to defendant's answering brief) (citing *Trans Video Elecs., Ltd. v. Netflix, Inc.*, No. 12-cv-1743, 2014 WL 900929, at *1 n.1 (D. Del. Mar. 4, 2014)). This is exactly what Netlist did in its Reply.

Samsung asserts that three arguments were improperly introduced by Netlist in its Reply: (1) the FAC does not plead that Samsung's accused infringing products practice the accused PDA function; (2) Netlist's infringement contentions against Google never explicitly referred to Samsung or Samsung's products; and (3) Samsung's declaratory judgment claim regarding the

- 1 -

'912 patent does not plead products other than those Samsung allegedly supplied to Google.  D.I. 29 at 2.  On the contrary, these complained-of arguments are directly responsive to arguments Samsung made in its answering brief.  For example, Samsung's answering brief asserted that:

> [T]he FAC alleges—and Netlist does not dispute—that Netlist's recently amended infringement contentions in its case against Google accuse, for the first time, standard-compliant DDR4 products of infringing the '912 patent—specifically, claim 16, which is an apparatus claim. . . . Nor does Netlist dispute that its new allegations implicate Google's use of standard-compliant DDR4 products supplied by Samsung. . . . These undisputed facts establish the existence of an actual, substantial, and immediate controversy between Netlist and Samsung as to the '912 patent.

D.I. 27 at 13.

The discussion at issue in Netlist's Reply regarding its infringement contentions in the earlier-filed *Netlist v. Google*, No. 09-cv-5718 (N.D. Cal.) case responds directly to Samsung's argument:

> Simply put, **the infringement contentions before Chief Judge Seeborg do not make any reference to Samsung**. In contrast, Samsung only relies on cases in which courts allowed a manufacturer to use threats against a customer as a basis for jurisdiction when the threats were based explicitly on products from that particular manufacturer.

D.I. 28 (Netlist's Reply) at 8 (emphasis added) (rebutting Samsung's implication that Netlist's contentions in another matter referenced Samsung, and distinguishing the case law cited in Samsung's answering brief).

This is the second motion to dismiss Samsung has faced.  In Netlist's first motion to dismiss, Netlist pointed out that Samsung pled jurisdiction as to the '912 patent based on Google's alleged indemnification request and that this is legally insufficient.  D.I. 10 at 10.  When Samsung filed the FAC, it did nothing to address this deficiency by pleading facts that establish an actual case or controversy of sufficient immediacy.  D.I. 14, 16.  Samsung had every opportunity to allege facts that its products actually "implement[] the JESD79-4C standard" allegedly at issue before

Chief Judge Seeborg. Samsung never did. *Compare* D.I. 1 (Original Complaint) ¶ 31 and D.I. 14 (FAC) ¶ 55 (identical language). The FAC just parrots the generic statement from the original complaint that Samsung's "memory modules that comply with the DDR4 standards" do not infringe, D.I. 14 (FAC) ¶ 58,[1] without ever expressly pleading that its products *actually implement* the feature accused in the Northern District of California case. This is not an accident. Samsung maintains that "compl[iance]" with a standard does not require implementing that standard.

Finally, even if this Court were to accept the studiously ambiguous statements in Paragraph 58 of Samsung's FAC as sufficient to allege that Samsung's product designs "implement[] the JESD79-4C standard," Samsung's FAC does not identify any other products beyond those before Chief Judge Seeborg that it would have a reasonable anticipation of suit for infringing the '912 patent. Since Samsung pleads no other product designs beyond those before Chief Judge Seeborg, this is another factor further supporting Netlist's arguments that Samsung's improper collateral action here should be dismissed in favor of the much more advanced Northern District case.

Separately, Netlist objects to Samsung's Sur-Reply citation to a new case—*Microsoft Corp. v. Geotag, Inc.*, No. 11-cv-175, 2014 WL 4312167 (D. Del. Aug. 29, 2014). Samsung could have raised this case in its answering brief. Further, *Geotag* involves an entirely different set of facts. In that case, the patent holder was attempting to avoid the consequences of a covenant not to sue granted to the declaratory judgment plaintiffs, despite having filed a permissive counterclaim against the declaratory judgment plaintiffs. Netlist did not file—and still has not filed—any claim against Samsung for infringing any of the patents listed in its original Complaint.

## CONCLUSION

For reasons stated above, Samsung's Motion for Leave to File Sur-Reply Brief in

---

[1] Samsung used the identical boilerplate language in its original Complaint. D.I. 1 ¶ 32.

Opposition to Netlist's Motion to Dismiss Plaintiffs' First Amended Complaint (D.I. 29) should be denied.

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
*Attorney for Defendant*

Dated: April 6, 2022