IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NETLIST, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. 21-1453 (RGA) |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE
TO FILE SUR-REPLY BRIEF (D.I. 29)**

Samsung respectfully submits this reply in support of its motion for leave to file a sur-reply brief in opposition to Netlist's Motion to Dismiss Plaintiffs' First Amended Complaint.[1]

Netlist does not deny that its reply brief abandoned its argument for dismissal of Samsung's declaratory judgment claims involving the '912 patent in favor of other tenuous arguments never before raised. Netlist's struggle results from the contradictory assertions that it has made in two courts: In the Northern District of California, Netlist contends that Samsung's standard compliant memory modules infringe an apparatus claim of the '912 patent, while in this Court, Netlist maintains that Samsung cannot demonstrate a case or controversy regarding non-infringement of the same patent. Rather than contend it presented its new arguments in its opening brief, Netlist claims they are "responsive" to arguments made in Samsung's answering brief. D.I. 30 at 1-2. The Local Rules are clear, however, that "[t]he party filing the opening brief shall

---

[1]  Netlist notes that Samsung waited fourteen days after Netlist served its reply to seek leave to file a sur-reply. D.I. 30 at 1. Netlist fails to mention that Netlist delayed providing its position on Samsung's motion for leave for *six days*.

not reserve material for the reply brief which should have been included in a full and fair opening brief." D. Del. LR 7.1.3(c)(2).

Netlist could have made its new arguments in its opening brief. In the First Amended Complaint ("FAC"), Samsung pled jurisdiction as to the '912 patent on several grounds, including Netlist's allegations in a separate lawsuit that Google's use of standard-compliant DDR4 products supplied by Samsung infringe claim 16 (D.I. 14 ¶¶ 14, 40-41), Netlist's litigation campaign against the industry, including an assertion of the '912 patent against Inphi (*id.* ¶¶ 13, 15, 17-18), and Samsung's receipt of customer indemnification requests (*id.* ¶¶ 14, 43-44).[2] Netlist chose to focus, however, only on the indemnification requests in its opening brief. D.I. 25 at 7. When Samsung pointed out the additional bases for jurisdiction in its answering brief, D.I. 27 at 6-8, Netlist replied with previously undisclosed arguments, D.I. 28 at 3-4. On similar facts, the Court has routinely permitted the responding party to file a sur-reply brief. *See* D.I. 29 at 2 (citing cases).[3]

The remainder of Netlist's opposition consists of improper argument on the merits of Netlist's motion to dismiss. D.I. 30 at 2–3. To the extent the Court is inclined to consider these arguments, Samsung responds briefly as follows:

---

[2] Netlist is wrong to suggest that Samsung's original complaint pled jurisdiction solely "based on Google's alleged indemnification request," and that Samsung "did nothing" to bolster the jurisdictional allegations in the FAC. D.I. 30 at 2. In the original complaint, Samsung alleged that Netlist recently amended its infringement contentions in a lawsuit against Google to accuse DDR4 memory modules supplied by Samsung and used in Google's computer systems and servers. *See* D.I. 1 ¶¶ 11, 25. In the FAC, Samsung elaborated on those infringement contentions and attached documentary support. *See* D.I. 14 ¶¶ 14, 40-41, Exs. 8, 9.

[3] There is no merit to Netlist's contention that Samsung should have cited the *Geotag* case in its answering brief. D.I. 30 at 3. Samsung relied on the case to refute Netlist's new reply argument that Netlist's infringement contentions against Google do not give rise to jurisdiction because they do not reference Samsung by name. D.I. 29-1 at 2. Samsung could not have known Netlist would make this argument in its reply.

2

First, Netlist argues that subject matter jurisdiction over the '912 patent requires not only an allegation that Samsung's products "comply with" the accused JEDEC standard, but also an allegation that they "implement" the specific part of the standard that is accused of infringement (PDA mode). D.I. 30 at 2–3. Netlist's hyper-technical pleading argument has no merit. There is no dispute that Netlist is pursuing a claim that Samsung's products infringe while operating in PDA mode. It is that infringement claim—not the specific wording of the FAC—that gives rise to declaratory judgment jurisdiction. *See* D.I. 29-1 at 1. Moreover, Netlist is wrong that the FAC does not allege that the products at issue implement PDA mode. As Samsung previously explained, the FAC specifically alleges that Samsung's products do not infringe while "in the PDA mode." D.I. 14 ¶ 182.

Second, Netlist argues that the FAC is deficient because it does not identify any accused Samsung products beyond those that are already at issue in Netlist's lawsuit against Google. D.I. 30 at 3. Samsung's non-infringement claim concerning the '912 patent, however, encompasses the standard-compliant products accused in the Google lawsuit and any other products with materially similar functionality. D.I. 14 ¶¶ 55, 179, 185. In any event, Netlist cites no authority for its novel proposition that a manufacturer suit must include additional products beyond a customer suit in order for the manufacturer suit to proceed. Such a requirement is fundamentally at odds with the Federal Circuit precedent giving preference to the manufacturer's suit. D.I. 27 at 7, 11.

OF COUNSEL:

Brian Nester
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
(202) 662-6000

Alice J. Ahn
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105-2533
(415) 591-6000

April 13, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 13, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Mark Reiter, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Jason Lo, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)