IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NETLIST, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 21-1453 (RGA) |

## NOTICE OF DEVELOPMENTS IN RELATED ACTION

Plaintiffs Samsung Electronics Co., Ltd. ("SEC") and Samsung Semiconductor, Inc. ("SSI") (collectively, "Samsung") submit this notice to inform the Court of recent developments in Netlist, Inc.'s patent infringement action against Google LLC involving U.S. Patent No. 7,619,912 (the "'912 patent"), which is currently pending in the U.S. District Court for the Northern District of California, Case No. 3:09-cv-05718-RS ("Google Action"). The '912 patent is at issue in Samsung's declaratory judgment complaint in the present case and is the subject of a pending motion to dismiss filed by Netlist. *See* D.I. 24.

The Google Action restarted in 2021 following a stay pending an *inter partes* reexamination, which resulted in the cancellation or amendment of nearly all claims of the '912 patent. *See* Google Action, D.I. 111. The district court recently granted Google summary judgment that the defense of absolute intervening rights bars Netlist's original infringement allegations, *see* Google Action, D.I. 258 at 44, thereby limiting the case to Netlist's new infringement theory concerning claim 16, which Netlist did not assert until after the reexamination concluded, *see id.* at 2–4. On June 3, 2022, Google filed an opposed motion to stay the Google

Action pending resolution of Samsung's declaratory judgment action filed in this Court. *See* Google Action, D.I. 292. Google contends a stay is warranted under the customer-suit doctrine because "Samsung memory modules [are] the only products at issue in this litigation." *Id.* at 1. Briefing on Google's motion is now complete and a hearing is set for July 14, 2022. *See* Google Action, D.I. 303.

The briefing on Google's motion to stay is relevant to Netlist's motion to dismiss Samsung's declaratory judgment claims involving the '912 patent. *See* D.I. 24. In arguing that there is no case or controversy as to the '912 patent, Netlist states that it "makes no reference to Samsung anywhere in its infringement contentions" in the Google Action, D.I. 28 at 4, and Netlist attempts to cast doubt on whether Samsung's standard-compliant memory modules "actually implement the feature accused in the [Google Action]," D.I. 30 at 3. But in opposing Google's stay motion, Netlist concedes that its infringement claim against Google targets Google's "[i]mportation and use of Samsung-branded DIMMs." Google Action, D.I. 301 at 2; *see also id.* at 15 ("Google is . . . one of Samsung's largest customers."). Netlist's opposition to the stay motion also confirms that Netlist believes any standard-compliant product will infringe the '912 patent. *See* Google Action, D.I. 301 at 4 ("DDR4 DIMMs have a standardized interface provided by JEDEC. Within this standardized footprint Google has a vast number of options for obtaining infringing products."); *see also* Google Action, D.I. 310 at 4 (statement by Google that Netlist's "infringement allegations are based on JEDEC specifications").

Accordingly, the briefing provides further support for Samsung's allegations that there is a case or controversy regarding whether Samsung's products infringe the '912 patent.

OF COUNSEL:

Brian Nester
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
(202) 662-6000

Alice J. Ahn
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105-2533
(415) 591-6000

June 30, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 30, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>Nathan R. Hoeschen, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Mark Reiter, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Jason Lo, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)