# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

302 658 9200
302 658 3989 Fax

**Rodger D. Smith II**
(302) 351-9205
rsmith@morrisnichols.com

November 4, 2022

The Honorable Jennifer L. Hall     *VIA ELECTRONIC FILING*
U.S. District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

      Re:   *Samsung Electronics Co., Ltd.  v. Netlist, Inc.,*
            C.A. No. 21-1453-RGA-JLH (D. Del.)

Dear Magistrate Judge Hall:

Samsung Electronics Co., Ltd. ("SEC") and Samsung Semiconductor, Inc. ("SSI") (together, "Samsung"), Defendant, Netlist, Inc. ("Netlist"), and Google LLC/Alphabet Inc. (together, "Google") jointly submit this letter pursuant to the Court's Oral Order (D.I. 54.)

**I.  Case Overview**

*Technology at Issue*.  This is a patent infringement action involving U.S. Patent Nos. 10,217,523; 10,474,595; and 9,858,218 ("Patents-in-Suit"), which relate generally to computer memory modules.  Netlist accuses various Samsung and Google memory modules of infringement.

*Case History*.  Netlist and SEC were parties to a Joint Development and Licensing Agreement ("JDLA") entered in November 2015.  On May 28, 2020, Netlist sued SEC for material breach of contract and declaratory judgment that Netlist properly terminated the JDLA. *Netlist, Inc. v. Samsung Electronics Co., Ltd.*, No. 20-cv-993 (C.D. Cal.).  On October 14, 2021, that court entered summary judgment that Netlist properly terminated the JDLA (*id*., D.I. 186). The judgment is presently on appeal, with a decision expected in mid-2023.

On October 15, 2021, Samsung filed its Complaint in this Court against Netlist seeking, *inter alia*: (1) a declaration that Samsung does not infringe the Patents-in-Suit and U.S. Patent No. 7,619,912; (2) a declaration that those patents are unenforceable; and (3) in the alternative, a ruling that Netlist breached its contractual obligations to license its allegedly essential patents to Samsung on reasonable and non-discriminatory terms and conditions (D.I. 1).  On December 20, 2021, Netlist moved to dismiss Samsung's Complaint for lack of subject matter jurisdiction and failure to state a claim (D.I. 10).  On the same day, Netlist sued Samsung in Texas, alleging

The Honorable Jennifer L. Hall
November 4, 2022
Page 2

infringement of U.S. Patent Nos. 10,860,506, 10,949,339, and 11,016,918. *Netlist, Inc. v. Samsung Electronics Co., Ltd.*, No. 21-cv-00463 (E.D. Tex.). On January 18, 2022, Samsung filed a First Amended Complaint that added declaratory judgment claims for non-infringement and unenforceability of the '506 patent and non-infringement of the '339 and '918 patents (D.I. 14).

On August 1, 2022, the Court declined to exercise jurisdiction over Samsung's claims on the '506, '339, and '918 patents (D.I. 37). The Court also declined to exercise jurisdiction over Samsung's claims on the '912 patent because that patent has been the subject of "a long-running lawsuit against Samsung's customer, Google" in the Northern District of California and "[t]he infringement and inequitable conduct claims are essentially the same in the two cases" (*id*. at 5-6). The Court noted that "Samsung can likely achieve certainty regarding its legal rights by moving to intervene in that case" (*id*. at 6). On the same day, Netlist filed a new complaint against Samsung in Texas, alleging infringement of the '912 patent. *Netlist, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:22-cv-00293 (E.D. Tex.) ("*Texas II*"). Netlist's California action against Google was stayed in July 2022 and remains stayed today. Samsung has not intervened in that action.

On August 22, 2022, Netlist answered Samsung's First Amended Complaint and asserted counterclaims against Samsung alleging infringement of the Patents-in-Suit (D.I. 40). On September 12, 2022, Netlist filed a First Amended Answer to add a cross-claim against Google (D.I. 45). Google argued that the cross-claim was improper; therefore, on November 1, 2022, Netlist amended its complaint to bring counterclaims against Google (D.I. 58).

***IPRs***. SEC filed IPRs challenging all claims of the Patents-in-Suit, which were instituted in May 2022. Final Written Decisions are expected around May 2023.

## II.    Scheduling Order Disputes

The parties have reached agreement on a proposed scheduling order.

## III.   Other Issues

**Google's Position**: Google is not a proper party to this action and should not be subject to the deadlines in the proposed scheduling order. Netlist first attempted to add Google to the action through procedurally improper cross-claims that Netlist withdrew this week in favor of counter-claims (D.I. 45, 58). Those counterclaims are also improper because they violate FRCP 21, 35 U.S.C. § 299, and principles underlying the "customer suit" doctrine, which holds that a customer (Google) should not have to litigate parallel claims as its supplier (Samsung) for the same asserted patents and accused products. *In re Nintendo*, 544 F. App'x 934, 939-42 (Fed. Cir. 2013) (instructing district court to consider the customer-suit doctrine when deciding motion to sever and stay); *UltimatePointer, L.L.C. v. Nintendo, Ltd.*, No. 6:11-cv-00496- JRG, D.I. 448 (E.D. Tex. 2014) (on remand, granting motion to sever and staying customer suits).

That is the conclusion Chief Judge Seeborg reached when he stayed Netlist's case against Google in the Northern District of California. *Netlist, Inc. v. Google LLC*, No. 09-5718- RS, D.I. 325 (N.D. Cal. 2022). There, Netlist asserted the '912 patent against products Google

purchases from Samsung. Chief Judge Seeborg recognized that Samsung was the true defendant with respect to those products and stayed the litigation against Google – a stay *Netlist agreed to extend* pending resolution of its action asserting the '912 patent against Samsung. *Id*. at 16-18, D.I. 338. Netlist's attempt to bring Google into this action is a collateral attack on Chief Judge Seeborg's order and a direct contradiction of Netlist's agreement to extend the stay. Google intends to file a motion to dismiss Netlist's counterclaims, or alternatively to sever and stay them pending resolution of Netlist's litigation against Samsung and the instituted IPRs against the asserted patents. Until its motion is resolved, Google should not be forced to litigate Netlist's infringement allegations against Samsung products – the very relief it sought and received from Chief Judge Seeborg.

**Netlist's Position:** Under FRCP 20 and 35 U.S.C. § 299, Google is properly joined in this litigation. Samsung has alleged that Google sought indemnification from Samsung regarding DIMM products Samsung supplies to Google, which would include the product categories at issue in this litigation. *See Novartis Vaccines & Diagnostics, Inc. v. MedImmune, LLC*, No. 11-cv-084, 2012 WL 3150524 (D. Del. Aug. 2, 2012) (denying motion to dismiss for improper joinder where the defendants' accused infringing products have overlapping components); *Amarin Pharma, Inc. v. Hikma Pharmaceuticals USA Inc.*, 2021 WL 3363496 at *2 (D. Del. 2021) (finding that the language in § 299 "appears to be broad enough to encompass situations, like this one, where both defendants are alleged to induce the same act of direct infringement of a method patent").

Samsung claims that it does not manufacture the accused products in the United States. Samsung also does not claim that it offers to sell or sells in the United States the accused products that it makes in a foreign country.[1] As a result, Google's presence is necessary because it could be the sole party liable in the United States for infringement of the patents, via importation and use. Courts routinely find that joining claims against manufacturer and those against downstream retailer/consumer in the same patent infringement action is appropriate. *See, e.g.*, *Omega Patents, LLC v. Skypatrol*, LLC, 2012 WL 2339320, at *2 (S.D. Fla. June 19, 2012); *Carucel Investments, L.P. v. Novatel Wireless, Inc.*, 2016 WL 8738221 (S.D. Cal. May 13, 2016); *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, 2014 WL 5580967, at *6 (D. Haw. Oct. 30, 2014).

Joining Google in this case by no means circumvents Judge Seeborg's ruling in the other litigation involving the '912 patent, which is unrelated to the Patents-in-Suit. The customer-suit exception Google relies on before the N.D. Cal. proceeding does not apply where the customer and manufacturer are sued in the same proceeding. *See In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015) ("[W]e are aware of none [appellate court case] that sets forth the proposition that a district must stay proceedings against a customer in the very same litigation . . . .").

---

[1] **Samsung's Position**: This statement is misleading and unsupported. This action is in the earliest stages; Samsung has taken no position on whether it "offers to sell" or "sells" accused products in the United States. It is undisputed that SSI supplies certain accused products to Google, a U.S.-based company. In the *Texas II* action, moreover, SSI admitted that it sells certain products in the United States. *See Texas II* (D.I. 29, ¶ 7).

The Honorable Jennifer L. Hall
November 4, 2022
Page 4

                                                Respectfully,

                                                */s/ Rodger D. Smith II*

                                                Rodger D. Smith II (#3778)

RDS/rah
Enclosure

cc:      All Counsel of Record (via email)