IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 21-1453 (RGA) (JLH) |
| NETLIST, INC., | ) ) ) | |
| Defendant. | ) | |
| NETLIST, INC., | ) | |
| Counter Plaintiff, | ) ) | |
| v. | ) ) | |
| GOOGLE LLC, ALPHABET INC., SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., | ) ) ) ) ) | |
| Counter Defendants. | ) ) | |

## [~~PROPOSED~~][1] SCHEDULING ORDER

This   9th  day of   November  , 2022, ~~the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and~~ the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

---

[1]     As set forth in the accompanying letter to the Court, Google LLC and Alphabet Inc. respectfully submit that they are not proper parties to this action and should not be subject to the deadlines set forth in the proposed scheduling order.  Google and Alphabet's participation in the preparation of this proposed order is subject to those objections.

IT IS HEREBY ORDERED that:

1.      Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within fourteen (14) days of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at https://www.ded.uscourts.gov/default-standard-discovery and is incorporated herein by reference.

2.      Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **May 12, 2023**.

3.      Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within forty-five (45) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      Papers and Proceedings Under Seal.  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted

version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosures of the redacted material would work a clearly defined and serious injury to the party seeking redaction

5.    Courtesy Copies.  The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6.    ADR Process.  Magistrate Judges will no longer engage in alternative dispute resolution in patent and securities cases. *See* the Court's Standing Order No. 2022-2 dated March 14, 2022.

7.    Disclosures.  Absent agreement among the parties, and approval of the Court:

a.  By **December 2, 2022**, Netlist, Inc. ("Netlist") shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted

patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

b. By **February 10, 2023**, Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Alphabet Inc., and Google LLC (collectively "Samsung and Google") shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Samsung and Google shall also produce sales figures for the accused product(s).

c. By **April 27, 2023**, Netlist shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

d. By **June 12, 2023**, Samsung and Google shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

e. By **January 24, 2024**, Netlist shall provide final infringement contentions.

f. By **March 11, 2024**, Samsung and Google shall provide final invalidity contentions.

8. <u>Discovery</u>.  Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

a. <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before **March 22, 2024**.

b. <u>Document Production</u>.  Document production shall be substantially complete by **December 15, 2023**.

c.  <u>Requests for Admission</u>.   Each party may serve a maximum of thirty (30) requests for admission on each other party.  This limitation does not apply to requests for admission related to the authentication of documents and things. The parties are required to meet and confer in good faith prior to serving any requests for admission directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable. Parties must respond promptly to any request for such a meet and confer.

d.  <u>Interrogatories</u>.

i.      A maximum of thirty-five (35) interrogatories, including contention interrogatories, are permitted for each side.[2]

ii.      Responses to contention interrogatories related to the issues of infringement and invalidity for which the party bears the burden of proof (*e.g.*, infringement for Netlist and invalidity for Samsung and Google) which seek information that is required to be disclosed in initial infringement or invalidity contentions are due no sooner than the deadline set forth for disclosure on the respective issues in paragraph 7 of this Order. Responses to contention interrogatories related to the issues of non-infringement and validity on which a party does not bear the burden of proof (*e.g.,* validity for Netlist and non-infringement for Samsung and Google) are due no sooner than 60 days after the deadline set forth for disclosure on the respective issues in paragraph 7 of this Order. All other contention interrogatories shall first be addressed by the party with the burden of proof and supplemented in accordance with Fed. R. Civ. P. 26(e), unless

---

[2]      For avoidance of doubt, Netlist constitutes one "side" and Samsung and Google together constitute one "side."  Thus, in this example Netlist may serve no more than 35 interrogatories on Samsung and Google, collectively; likewise, Samsung and Google, collectively, may serve no more than 35 interrogatories on Netlist.

the party without the burden of proof has not propounded an interrogatory on the issue (in which case normal deadlines will apply).

        iii.    The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

    e.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>

        (1)    <u>Fact Witnesses</u>. Each side may conduct up to 150 hours of fact depositions of party and non-party witnesses.[3] Netlist may not use more than 90 hours of deposition time for Samsung witnesses and 60 hours of deposition time for Google witnesses. The foregoing limits include depositions taken pursuant to Rule 30(b)(6) and 30(b)(1).

        (2)    Each deposition of a party witness shall count as at least 3 hours on the record.

        (3)    <u>Expert Witnesses</u>. Each side is permitted a deposition of each of the other side's experts for up to seven (7) deposition hours for each expert report submitted by that expert.

        (a)    To the extent an expert report or disclosure of any expert witness testifying on behalf of Netlist is addressed to alleged activities (e.g., alleged infringement or damages) of more than one of Samsung and Google, such expert may be deposed for an additional five (5) hours per additional activity addressed. In no event shall any one of Samsung and Google depose such expert concerning such report or disclosure for more than seven (7) hours.  To the extent an expert report or disclosure of any expert witness testifying on behalf of both Samsung and Google is addressed to alleged activities (e.g., alleged infringement or damages) of both Samsung and Google, such expert may be

---

[3]    If the Court determines that Netlist is not entitled to proceed with its counterclaims against Google in this action (*e.g.*, through dismissal or a sever and stay of those counterclaims), then Netlist and Samsung agree to negotiate in good faith to reach agreement on a number for total fact deposition hours that is lower than 150 hours per side.

deposed for up to five (5) additional hours per additional activity addressed per report, but in no event shall Netlist depose such expert concerning the alleged activities of Samsung or Google individually addressed in such report or disclosure for more than seven (7) hours.

(4)     For any deposition requiring the use of a translator, only sixty-seven percent (67%) of the time used will count toward the time limits (for example, 10.5 hours of translated deposition time would count as 7 hours for purposes of the deposition time limits).

(5)     The parties shall act reasonably and in good faith to schedule depositions expeditiously, while accommodating the schedules of counsel and witnesses.

(6)     If the parties desire to depose a common witness (fact or expert witness), the parties agree to work in good faith to schedule a single deposition of the witness. The parties shall meet and confer in good faith to define the number of total hours and the number of hours allotted to each party for that deposition.

ii.     <u>Location of Depositions</u>.   Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court.

f.   <u>Disclosure of Expert Testimony</u>.

i.     <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **April 19, 2024**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **May 24, 2024**. Reply expert reports from the party with the initial burden of proof are due on or before **June 21, 2024**. No other expert reports

will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **July 19, 2024**.

       ii.     <u>Expert Report Supplementation</u>.  The parties agree they **will** permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions), but only insofar as the opinions provided in such expert declarations were otherwise timely disclosed in an expert report.

       iii.     <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

       g.  <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

       i.     Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

       ii.     Should counsel find, after good faith efforts – including verbal communication among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (*i.e.*, the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Magistrate Judge Hall's section of the Court's website, in the "Forms" tab.

iii.     The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

iv.     Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

v.     Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

9.     <u>Motions to Amend / Motions to Strike</u>.

a.   Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g), above.

b.   Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken.

10.    <u>Technology Tutorials</u>.  Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11.    <u>Claim Construction Issue Identification</u>.  On **June 19, 2023**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **June 26, 2023**, the parties shall exchange their initial proposed constructions for those claim term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging the initial proposed constructions, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed two weeks prior to service of the opening claim construction brief. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.    <u>Claim Construction Briefing</u>.  Netlist shall serve, but not file, its opening brief, not to exceed 20 pages, on **July 18, 2023**. Samsung and Google shall serve, but not file, their answering brief, not to exceed 30 pages, on **August 25, 2023**. Netlist shall serve, but not file, its reply brief, not to exceed 20 pages, on **September 8, 2023**. Samsung and Google shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on **September 22, 2023**. No later than **September 29, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Agreed-Upon Constructions

II.     Disputed Constructions

A.      [TERM I]

      1.     Netlist's Opening Position
      2.     Samsung and Google's Answering Position
      3.     Netlist's Reply Position
      4.     Samsung and Google's Sur-Reply Position

B.      [TERM 2]

      1.     Netlist's Opening Position
      2.     Samsung and Google's Answering Position
      3.     Netlist's Reply Position
      4.     Samsung and Google's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

          13.     <u>Hearing on Claim Construction</u>.  Beginning at <u>10:00</u>a.m. on **October 20, 2023**, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

          Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the claim construction hearing.

14.    <u>Supplementation</u>.  Absent agreement among the parties, and approval of the Court, no later than the respective deadlines set forth in paragraph 7(e) for final infringement contentions and paragraph 7(f) for final invalidity contentions, the parties must finally supplement the identification of all accused products and of all invalidity references.

15.    <u>Interim Status Report</u>.  On **January 10, 2024**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.    <u>Case Dispositive Motions</u>.

a.    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **August 7, 2024**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

b.    <u>Concise Statement of Facts Requirement</u>.  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate

that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

        c.   The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

        d.   <u>Page limits combined with *Daubert* Motion page limits</u>.  Each party is permitted to file as many case dispositive motions as desired provided, however, that each *side* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *side*.[4]

        e.   <u>Hearing</u>.  The Court will hear argument on all pending case dispositive and *Daubert* motions on **November 13, 2024** beginning at   10:00   a.m. Unless otherwise ordered by the Court, each side will be allocated a total of forty-five minutes to present its argument on all pending motions.

---

[4]     The parties must work together to ensure that the Court receives no more than a total of 250 pages (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

17.     <u>Applications by Motion</u>.  Except as otherwise specified herein,  any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

18.     <u>Pretrial Conference</u>.  On **January 24, 2025**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at   9:00   a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

19.     <u>Motions *in Limine*</u>.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20.     <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51. l, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict

forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

21.    Trial.  This matter is scheduled for a five (5) day[5] jury trial beginning at 9:30 a.m. on **February 3, 2025**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22.    Service by E-mail.  The parties consent to service by email in accordance with Fed. R. Civ. P. 5(b)(2)(E) and agree that service on any party by e-mail shall be made on both Delaware and Lead Counsel for that party.

_____
Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE

---

[5]    Five days (*i.e.*, about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

## PROPOSED SCHEDULE

| EVENT | DEADLINE |
|---|---|
| Initial disclosures | 14 days after entry of Scheduling Order |
| Application to Court for Protective Order | 21 days after entry of Scheduling Order |
| Identification of accused products, asserted patents, and damages model | December 2, 2022 |
| Production of core technical documents and sales figures | February 10, 2023 |
| Initial infringement contentions | April 27, 2023 |
| Joinder of other parties and amendment of pleadings | May 12, 2023 |
| Initial invalidity contentions | June 12, 2023 |
| Exchange proposed terms for claim construction | June 19, 2023 |
| Exchange proposed claim constructions | June 26, 2023 |
| Joint claim construction chart | 2 weeks before opening claim construction brief |
| Opening claim construction brief | July 28, 2023 |
| Answering claim construction brief | August 25, 2023 |
| Reply claim construction brief | September 8, 2023 |
| Sur-reply claim construction brief | September 22, 2023 |
| File joint claim construction brief | September 29, 2023 |
| Claim construction hearing | October 20, 2023 |
| Document production substantially complete | December 15, 2023 |
| Interim Status Report | January 10, 2024 |
| Final infringement contentions and final identification of accused products | January 24, 2024 |
| Final invalidity contentions and final identification of all invalidity references | March 11, 2024 |
| Discovery cut-off | March 22, 2024 |
| Opening expert reports | April 19, 2024 |
| Rebuttal expert reports | May 24, 2024 |
| Reply expert reports | June 21, 2024 |
| Expert depositions completed | July 19, 2024 |
| Dispositive and *Daubert* motions | August 7, 2024 |
| Hearing on Dispositive and *Daubert* motions | November 13, 2024 |
| Final Pretrial Conference | January 24, 2025 |
| Jury trial | February 3, 2025 |