IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO., LTD. )
AND SAMSUNG SEMICONDUCTOR, )
INC., )
                                 )
           Plaintiffs, )       C.A. No. 21-1453 (RGA)
                                  )
   v. )
                                  )      **DEMAND FOR JURY TRIAL**
NETLIST, INC., )
                                  )
           Defendant. )

**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO NETLIST, INC.'S
SECOND AMENDED COUNTERCLAIMS**

Plaintiffs and Counterclaim-Defendants Samsung Electronics Co., Ltd. ("SEC")
and Samsung Semiconductor, Inc. ("SSI" and together with SEC, "Samsung") file this Answer
and Affirmative Defenses to the Second Amended Counterclaims filed by Defendant and
Counterclaim-Plaintiff Netlist, Inc. ("Netlist") on November 1, 2022 ("Netlist's Counterclaims").
Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Samsung denies
each and every allegation, matter, or thing contained in Netlist's Counterclaims and states in
response to each of the numbered paragraphs of Netlist's Counterclaims as follows:

**DEFENDANT/COUNTERCLAIM-PLAINTIFF NETLIST INC.'S COUNTERCLAIMS[1]**

1.     Samsung admits that Netlist's Counterclaims identify three patents: U.S.
Patent Nos. 10,217,523 (the "'523 patent"), 9,858,218 (the "'218 patent"), and 10,474,595 (the

---

[1]     Samsung repeats the headings set forth in Netlist's Counterclaims to simplify comparison
between Netlist's Counterclaims and this response. In doing so, Samsung makes no admissions
regarding the substance of the headings or any other allegations of Netlist's Counterclaims. Unless
otherwise stated, to the extent that a particular heading can be construed as an allegation, Samsung
specifically denies all such allegations.

"'595 patent") (collectively, the "Netlist Patents-in-Suit") as being involved in this action. Samsung admits that a purported copy of the '523 patent is attached to Netlist's Counterclaims as Exhibit 1, a purported copy of the '218 patent is attached to Netlist's Counterclaims as Exhibit 2, and a purported copy of the '595 patent is attached to Netlist's Counterclaims as Exhibit 3. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 1, and on that basis denies them.

## THE PARTIES

2.      To the extent the allegations of Paragraph 2 set forth legal conclusions, no response is required.  Samsung admits that Netlist is a corporation organized and existing under the laws of the State of Delaware.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 2, and on that basis denies them.

3.      To the extent the allegations of Paragraph 3 set forth legal conclusions, no response is required.  SEC admits that it is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea.  SEC admits that it is a parent corporation of SSI.  SEC admits that the Device Solutions division has involvement in certain semiconductor products.  SEC admits that it is involved in the design, manufacture, and provision of certain products sold by certain SEC subsidiaries or affiliates.  Samsung denies any remaining allegations of Paragraph 3.

4.      To the that the allegations of Paragraph 4 set forth legal conclusions, no response is required.  SSI admits that SSI is a corporation organized and existing under the laws of the State of California.  Samsung denies any remaining allegations of Paragraph 4.

5.      To the extent the allegations of Paragraph 5 set forth legal conclusions, no response is required.  Samsung admits that SSI supplies certain memory modules to Google LLC.

Samsung denies all allegations of patent infringement, and further denies that Netlist is entitled to any relief for its allegations of patent infringement whether by award of damages, injunction, or otherwise.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 5, and on that basis denies them.

6.      To the extent the allegations of Paragraph 6 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 6 as to Samsung, including all allegations of patent infringement, and further denies that Netlist is entitled to any relief for its allegations of patent infringement whether by award of damages, injunction, or otherwise.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 6, and on that basis denies them.

7.      To the extent the allegations of Paragraph 7 set forth legal conclusions, no response is required.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 7, and on that basis denies them.

## JURISDICTION AND VENUE

8.      To the extent the allegations of Paragraph 8 set forth legal conclusions, no response is required.  Samsung admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 in that this action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, but denies that Netlist's claims are meritorious.  Samsung denies all allegations of patent infringement, and further denies that Netlist is entitled to any relief for its allegations of patent infringement whether by award of damages, injunction, or otherwise.  Samsung denies any remaining allegations of Paragraph 8.

9.      To the extent the allegations of Paragraph 9 set forth legal conclusions, no response is required.  Samsung admits that this Court has personal jurisdiction over SEC and SSI in this particular action.  Samsung admits that it filed the instant lawsuit for declaratory judgment

of non-infringement and unenforceability and breach of contract in this Court.  Samsung denies

that it performed or continues to perform acts of infringement in this District.  Samsung denies any

remaining allegations of Paragraph 9.

10.     To the extent the allegations of Paragraph 10 set forth legal conclusions, no

response is required.  Samsung lacks knowledge or information sufficient to form a belief as to the

truth of the other allegations of Paragraph 10, and on that basis denies them.

11.     To the extent the allegations of Paragraph 11 set forth legal conclusions, no

response is required.  Samsung admits that it filed the instant lawsuit for declaratory judgment of

non-infringement and unenforceability and breach of contract in this Court.  SEC admits that it is

a foreign entity incorporated under the laws of the Republic of Korea.  Samsung denies all

allegations of patent infringement, and further denies that Netlist is entitled to any relief for its

allegations of patent infringement whether by award of damages, injunction, or otherwise.

Samsung denies any remaining allegations of Paragraph 11 as to Samsung.  Samsung lacks

knowledge or information sufficient to form a belief as to the truth of the other allegations of

Paragraph 11, and on that basis denies them.

## **BACKGROUND**

12.     To the extent the allegations of Paragraph 12 set forth legal conclusions, no

response is required.  Samsung lacks knowledge or information sufficient to form a belief as to the

truth of the other allegations of Paragraph 12, and on that basis denies them.

13.     To the extent the allegations of Paragraph 13 set forth legal conclusions, no

response is required.  Samsung admits that the technologies disclosed in the '523, '595, and '218

patents relate generally to memory modules.  Samsung denies that the other allegations of

Paragraph 13 are complete or accurate, and on that basis denies them.

14.     To the extent the allegations of Paragraph 14 set forth legal conclusions, no response is required.  Samsung admits that memory modules are used in server computers and that the JEDEC Solid State Technology Association ("JEDEC") is a standardization body that develops open standards and publications for a broad range of semiconductor technologies, including memory modules.  Samsung denies that the other allegations of Paragraph 14 are complete or accurate, and on that basis denies them.

15.     To the extent the allegations of Paragraph 15 set forth legal conclusions, no response is required.  Samsung admits that dual in-line memory modules ("DIMMs") are a type of memory module.  Samsung admits that registered dual in-line memory modules ("RDIMMs") are a type of memory module.  Samsung admits that load-reduced dual in-line memory modules ("LRDIMMs") are a type of memory module.  Samsung denies that the other allegations of Paragraph 15 are complete or accurate, and on that basis denies them.

16.     To the extent the allegations of Paragraph 16 set forth legal conclusions, no response is required.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 16, and on that basis denies them.

17.     To the extent the allegations of Paragraph 17 set forth legal conclusions, no response is required.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 17, and on that basis denies them.

18.     To the extent the allegations of Paragraph 18 set forth legal conclusions, no response is required.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 18, and on that basis denies them.

19.     To the extent the allegations of Paragraph 19 set forth legal conclusions, no response is required.  Samsung denies that the other allegations of Paragraph 19 are complete or accurate, and on that basis denies them.

### The Asserted '523 Patent

20.     To the extent the allegations of Paragraph 20 set forth legal conclusions, no response is required.  Samsung admits that the '523 patent states, on its face, that it is entitled "Multi-Mode Memory Module With Data Handlers," and that it lists Hyun Lee, Jayesh R. Bhakta, and Soonju Choi as inventors.  Samsung further admits that the '523 patent states, on its face, that it issued as a patent on February 26, 2019, and is a continuation of application No. 13/745,790, filed on January 19, 2013, now U.S. Patent No. 8,689,064, which is a continuation of application No. 13/183,253, filed on July 14, 2011, now U.S. Patent No. 8,359,501, which is a continuation of application No. 12/422,925, filed on April 13, 2009, now U.S. Patent No. 8,001,434.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 20, and on that basis denies them.

21.     To the extent the allegations of Paragraph 21 set forth legal conclusions, no response is required.  Samsung admits that the '523 patent states, on its face, that Netlist is the assignee.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 21, and on that basis denies them.

22.     To the extent the allegations of Paragraph 22 set forth legal conclusions, no response is required.  Samsung admits that the '523 patent relates to a self-testing memory module for testing a plurality of memory devices mounted thereon.  Samsung admits that the '523 patent includes the language "without substantial system memory controller involvement."  '523 patent, 3:56.  Samsung admits that the '523 patent includes Figure 3.  Samsung denies the other allegations of Paragraph 22.

23.　　To the extent the allegations of Paragraph 23 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 23.

**The Asserted '595 Patent**

24.　　To the extent the allegations of Paragraph 24 set forth legal conclusions, no response is required.  Samsung admits that the '595 patent states, on its face, that it is entitled "Memory Module Having An Open-Drain Output Pin For Parity Error In A First Mode And For Training Sequences In A Second Mode," and that it lists Hyun Lee as inventor.  Samsung further admits that the '595 patent states, on its face, that it was filed as Application No. 15/857,553 on December 28, 2017, issued as a patent on November 12, 2019, and is a continuation of application No. 15/088,115, filed on April 1, 2016, now U.S. Patent No. 9,858,218.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 24, and on that basis denies them.

25.　　To the extent the allegations of Paragraph 25 set forth legal conclusions, no response is required.  Samsung admits that the '595 patent states, on its face, that Netlist is the assignee.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 25, and on that basis denies them.

26.　　To the extent the allegations of Paragraph 26 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 26.

**The Asserted '218 Patent**

27.　　To the extent the allegations of Paragraph 27 set forth legal conclusions, no response is required.  Samsung admits that the '218 patent states, on its face, that it is entitled "Memory Module And Methods For Handshaking With A Memory Controller," and that it lists Hyun Lee as inventor.  Samsung further admits that the '218 patent states, on its face, that it was filed as Application No. 15/088,115 on April 1, 2016, issued as a patent on January 2, 2018, and

is a continuation of application No. 13/942,721, filed on July 16, 2013, now U.S. Patent No. 9,311,116, which is a continuation of application No. 12/815,339, filed on June 14, 2010, now U.S. Patent No. 8,489,837.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 27, and on that basis denies them.

28.     To the extent the allegations of Paragraph 28 set forth legal conclusions, no response is required.  Samsung admits that the '218 patent states, on its face, that Netlist is the assignee.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 28, and on that basis denies them.

29.     To the extent the allegations of Paragraph 29 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 29.

30.     To the extent the allegations of Paragraph 30 set forth legal conclusions, no response is required.  Samsung admits that the '218 patent includes the language "such as memory modules are generally involved in the initialization procedure for computer systems, including servers, personal computers, and the like." '218 patent, 1:25–27.  Samsung admits that the '218 patent includes the language "[e]xisting initialization schemes have certain inefficiencies which lead to wasted time and expense." '218 patent, 2:49–50.  Samsung admits that the '218 patent includes the language "MCH." '218 patent, 2:60.  Samsung admits that the '218 patent includes the language "polling." '218 patent, 3:39.  Samsung denies the other allegations of Paragraph 30.

31.     To the extent the allegations of Paragraph 31 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 31.

32.     To the extent the allegations of Paragraph 32 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 32.

**Samsung's and Google's Activities[2]**

33.     To the extent the allegations of Paragraph 33 set forth legal conclusions, no response is required.  Samsung admits that certain Samsung entities manufacture semiconductor memory products such as DRAM, NAND Flash, and MCP (Multi-Chip Package).  Samsung admits that certain Samsung entities make memory components and memory modules designed for, among other things, use in servers such as those supporting cloud-based computing and other applications.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 33, and on that basis denies them.

34.     To the extent the allegations of Paragraph 34 set forth legal conclusions, no response is required.  Samsung admits that certain Samsung entities make and sell DDR4 RDIMMs and DDR4 LRDIMMs.  Samsung denies that SEC and SSI make the Accused Instrumentalities in the State of Delaware or the District of Delaware. Samsung denies that any of the Accused Instrumentalities are infringing.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 34, and on that basis denies them.

35.     To the extent the allegations of Paragraph 35 set forth legal conclusions, no response is required.  Samsung admits that Samsung lists certain products on its website.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 35, and on that basis denies them.

36.     To the extent the allegations of Paragraph 36 set forth legal conclusions, no response is required.  Samsung admits that on November 12, 2015, Netlist and SEC entered into a Joint Development and License Agreement (the "Agreement").  Samsung admits that in the Agreement, Netlist granted SEC and its subsidiaries, including SSI, a perpetual, paid-up,

---

[2]     Samsung denies the allegation contained in the heading preceding Paragraph 33.

worldwide, non-exclusive license to all patents owned or controlled by Netlist or any of its subsidiaries having an effective first filing date on or prior to November 12, 2020, and the license extends through the expiration of the last to expire of the licensed patents. Samsung denies the other allegations of Paragraph 36.

37.     To the extent the allegations of Paragraph 37 set forth legal conclusions, no response is required. Samsung admits that on July 15, 2020, Netlist wrote to SEC to terminate the Agreement. Samsung admits that on May 27, 2020, Netlist wrote to SEC alleging that Samsung materially breached the Agreement by "repeatedly fail[ing] to fulfill Netlist's request for NAND and DRAM products throughout the term of the Agreement" and by improperly deducting withholding taxes. Samsung admits that on May 28, 2020, the U.S. District Court for the Central District of California docketed Netlist's breach of contract complaint against SEC. *Netlist Inc. v. Samsung Electronics Co., Ltd.*, No. 8:20-cv-00993-MCS (C.D. Cal.) ("Breach Action"). Samsung denies the other allegations of Paragraph 37.

38.     To the extent the allegations of Paragraph 38 set forth legal conclusions, no response is required. Samsung admits that on October 14, 2021, the court in the Breach Action issued a confidential order granting summary judgment in favor of Netlist on Netlist's Third Claim for Relief, which seeks a declaration that Netlist terminated Samsung's license effective July 20, 2020, *see* Breach Action, D.I. 186, and also granted summary judgment in Netlist's favor that Samsung was liable for certain alleged breaches of other provisions in the Agreement, *see id.* Samsung admits that on February 15, 2022, the court in the Breach Action entered judgment in favor of Netlist on its three contract claims. Breach Action, D.I. 306. Samsung further admits that on February 25, 2022, SEC filed a notice of appeal concerning the judgment entered by the court in the Breach Action. Breach Action, D.I. 309. Samsung admits that certain Samsung entities

continue to make and sell DDR4 RDIMMs and DDR4 LRDIMMs.  Samsung denies the other allegations of Paragraph 38.

39.     To the extent the allegations of Paragraph 39 set forth legal conclusions, no response is required.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 39, and on that basis denies them.

40.     To the extent the allegations of Paragraph 40 set forth legal conclusions, no response is required.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 40, and on that basis denies them.

41.     To the extent the allegations of Paragraph 41 set forth legal conclusions, no response is required.  Samsung admits that SSI supplies certain memory modules to Google LLC. Samsung further admits that Samsung lists certain products on its website.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 41, and on that basis denies them.

42.     To the extent the allegations of Paragraph 42 set forth legal conclusions, no response is required.  Samsung admits that Google LLC made an indemnification request to SSI in connection with Netlist's assertion in *Netlist, Inc. v. Google Inc.*, No. 09-cv-05718 (N.D. Cal.) (the "Google Infringement Action") of United States Patent No. 7,619,912 (the "'912 patent") against Google LLC's use of Samsung's DDR4 LRDIMM and RDIMM memory modules. Samsung denies the other allegations of Paragraph 42.

## CLAIMS FOR RELIEF

### Count I
### (Alleged Infringement of the '523 Patent)[3]

43.     Samsung incorporates by reference its responses to Paragraphs 1-42 of Netlist's Counterclaims as if specifically set forth herein.  The allegations of Netlist's Affirmative Defenses do not require an answer.  Except as expressly admitted, Samsung denies each and every allegation of Paragraph 43.

44.     To the extent the allegations of Paragraph 44 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 44 as to Samsung.  Samsung further denies that its Accused Instrumentalities infringe the '523 patent.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 44, and on that basis denies them.

45.     To the extent the allegations of Paragraph 45 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung webpage is attached to Netlist's Counterclaims as Exhibit 4.  Samsung denies the other allegations of Paragraph 45.

46.     To the extent the allegations of Paragraph 46 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M386AAG40MMB Datasheet is attached to Netlist's Counterclaims as Exhibit 5.  Samsung denies the other allegations of Paragraph 46.

47.     To the extent the allegations of Paragraph 47 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M386AAG40MMB Datasheet is attached to Netlist's Counterclaims as Exhibit 5 (modified in Paragraph 47 of Netlist's Counterclaims).  Samsung admits that a purported copy of portions of the JEDEC JESD82-32A

---

[3]     Samsung denies the allegation contained in the heading preceding Paragraph 43.

Standard is attached to Netlist's Counterclaims as Exhibit 6 (with different watermark in Paragraph 47 of Netlist's Counterclaims). Samsung denies the other allegations of Paragraph 47.

48.     To the extent the allegations of Paragraph 48 set forth legal conclusions, no response is required. Samsung admits that a purported copy of a Samsung webpage is attached to Netlist's Counterclaims as Exhibit 4. Samsung admits that a purported copy of a Samsung M386AAG40MMB Datasheet is attached to Netlist's Counterclaims as Exhibit 5. Samsung denies the other allegations of Paragraph 48.

49.     To the extent the allegations of Paragraph 49 set forth legal conclusions, no response is required. Samsung denies the allegations of Paragraph 49 as to Samsung. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 49, and on that basis denies them.

50.     To the extent the allegations of Paragraph 50 set forth legal conclusions, no response is required. Samsung admits that a purported copy of a Samsung M386AAG40MMB Datasheet is attached to Netlist's Counterclaims as Exhibit 5. Samsung admits that a purported copy of portions of the JEDEC Standard No. 21C is attached to Netlist's Counterclaims as Exhibit 10 (with different watermark in Paragraph 50 of Netlist's Counterclaims). Samsung admits that a purported copy of portions of the JEDEC JESD82-31A Standard is attached to Netlist's Counterclaims as Exhibit 9 (with different watermark in Paragraph 50 of Netlist's Counterclaims). Samsung denies the other allegations of Paragraph 50 as to Samsung. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 50, and on that basis denies them.

51.     To the extent the allegations of Paragraph 51 set forth legal conclusions, no response is required. Samsung admits that a purported copy of portions of the JEDEC JESD82-

31A Standard is attached to Netlist's Counterclaims as Exhibit 9.  Samsung admits that a purported copy of portions of the JEDEC JESD82-32A Standard is attached to Netlist's Counterclaims as Exhibit 6.  Samsung denies the other allegations of Paragraph 51.

52.    To the extent the allegations of Paragraph 52 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of portions of the JEDEC JESD82-32A Standard is attached to Netlist's Counterclaims as Exhibit 6 (with different watermark in Paragraph 52 of Netlist's Counterclaims).  Samsung admits that a purported copy of portions of the JEDEC JESD82-31A Standard is attached to Netlist's Counterclaims as Exhibit 9.  Samsung denies the other allegations of Paragraph 52 as to Samsung.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 52, and on that basis denies them.

53.    To the extent the allegations of Paragraph 53 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of portions of the JEDEC JESD82-32A Standard is attached to Netlist's Counterclaims as Exhibit 6 and includes the language: "The host-to-DB data path has not been trained at this time so the data that is written to the DRAM comes from the data buffer's internal data control words that are written through the DDR4 register via the BCOM bus."  Samsung admits that Exhibit 6 includes the language: "After that the host sends write commands to an arbitrary DRAM location without driving data on the host interface. The data for these write commands come from the DB MPRs."  Samsung denies the other allegations of Paragraph 53.

54.    To the extent the allegations of Paragraph 54 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of portions of the JEDEC JESD82-31A Standard is attached to Netlist's Counterclaims as Exhibit 9.  Samsung admits that a purported

copy of portions of the JEDEC JESD82-32A Standard is attached to Netlist's Counterclaims as Exhibit 6 (modified in Paragraph 54 of Netlist's Counterclaims).   Samsung denies the other allegations of Paragraph 54.

54.

55.     To the extent the allegations of Paragraph 55 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of portions of the JEDEC JESD82-32A Standard is attached to Netlist's Counterclaims as Exhibit 6 (modified in Paragraph 55 of Netlist's Counterclaims) and includes the language: "To perform DB-to-DRAM write training, the host will first enable the MDQ-MDQS write delay training mode in the Training Mode Control Word (BC0C) and it will also program the MPRs F5BC0x through F5BC3x and F6BC0x through F6BC3x.  After that the host sends write commands to an arbitrary DRAM location without driving data on the host interface.  The data for these write commands come from the DB MPRs." Samsung denies the other allegations of Paragraph 55 as to Samsung.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 55, and on that basis denies them.

56.     To the extent the allegations of Paragraph 56 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 56 as to Samsung.  Samsung further denies that its Accused Instrumentalities infringe the '523 patent.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 56, and on that basis denies them.

57.     To the extent the allegations of Paragraph 57 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 57 as to Samsung.  Samsung further denies that its Accused Instrumentalities infringe the '523 patent.  Samsung lacks

knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 57, and on that basis denies them.

58.     To the extent the allegations of Paragraph 58 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 58 as to Samsung.  Samsung further denies that its Accused Instrumentalities infringe the '523 patent.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 58, and on that basis denies them.

59.     To the extent the allegations of Paragraph 59 set forth legal conclusions, no response is required.  On October 15, 2020, Netlist's outside counsel in the Breach Action wrote to SEC's outside counsel in the Breach Action and to the General Counsel of SSI, copying Netlist's Chief Licensing Officer, Marc J. Frechette, providing notice of Samsung's alleged infringement of Netlist's portfolio of patents.  Netlist stated that because it had terminated the Agreement, "Samsung is no longer licensed to any of Netlist's portfolio of patents."  Netlist further asserted that its patents relate to Load Reduced Dual In-Line Memory Modules ("LRDIMMs") and/or Registered Dual In-Line Memory Modules ("RDIMMs").  Netlist then alleged: "Despite the termination of the Joint Development and License Agreement, Samsung continues to unlawfully utilize Netlist's innovations and to infringe Netlist's patents, including United States Patent Nos. 10,217,523, 10,474,595, and 9,858,218."  Netlist concluded the letter by demanding that "Samsung and its subsidiaries honor third-party intellectual property rights" and engage in "formal licensing discussions."  Netlist further stated that it "reserves all rights and remedies" with respect to the alleged infringement.  Samsung denies the other allegations of Paragraph 59.

60.     To the extent the allegations of Paragraph 60 set forth legal conclusions, no response is required.  Samsung denies that its Accused Instrumentalities infringe the '523 patent.

Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 60, and on that basis denies them.

**Count II**
**(Alleged Infringement of the '595 Patent)[4]**

61.     Samsung incorporates by reference its responses to Paragraphs 1-60 of Netlist's Counterclaims as if specifically set forth herein.  The allegations of Netlist's Affirmative Defenses do not require an answer.  Except as expressly admitted, Samsung denies each and every allegation of Paragraph 61.

62.     To the extent the allegations of Paragraph 62 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 62 as to Samsung.  Samsung further denies that its Accused Instrumentalities infringe the '595 patent.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 62, and on that basis denies them.

63.     To the extent the allegations of Paragraph 63 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung webpage is attached to Netlist's Counterclaims as Exhibit 7.  Samsung denies the other allegations of Paragraph 63.

64.     To the extent the allegations of Paragraph 64 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M393AAG40M32 Datasheet is attached to Netlist's Counterclaims as Exhibit 8.  Samsung denies the other allegations of Paragraph 64.

65.     To the extent the allegations of Paragraph 65 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M393AAG40M32

---

[4]     Samsung denies the allegation contained in the heading preceding Paragraph 61.

Datasheet is attached to Netlist's Counterclaims as Exhibit 8.  Samsung denies the other allegations of Paragraph 65.

66.     To the extent the allegations of Paragraph 66 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M393AAG40M32 Datasheet is attached to Netlist's Counterclaims as Exhibit 8 (modified in Paragraph 66 of Netlist's Counterclaims).  Samsung denies the other allegations of Paragraph 66.

67.     To the extent the allegations of Paragraph 67 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 67.

68.     To the extent the allegations of Paragraph 68 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 68.

69.     To the extent the allegations of Paragraph 69 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M393AAG40M32 Datasheet is attached to Netlist's Counterclaims as Exhibit 8.  Samsung denies the other allegations of Paragraph 69.

70.     To the extent the allegations of Paragraph 70 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 70.

71.     To the extent the allegations of Paragraph 71 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 71.

72.     To the extent the allegations of Paragraph 72 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 72.

73.     To the extent the allegations of Paragraph 73 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 73.

74.     To the extent the allegations of Paragraph 74 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M393AAG40M32 Datasheet is attached to Netlist's Counterclaims as Exhibit 8 (modified in Paragraph 74 of Netlist's Counterclaims).  Samsung denies the other allegations of Paragraph 74.

75.     To the extent the allegations of Paragraph 75 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 75.

76.     To the extent the allegations of Paragraph 76 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 76 as to Samsung. Samsung further denies that its Accused Instrumentalities infringe the '595 patent.   Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 76, and on that basis denies them.

77.     To the extent the allegations of Paragraph 77 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 77 as to Samsung.  Samsung further denies that its Accused Instrumentalities infringe the '595 patent.   Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 77, and on that basis denies them.

78.     To the extent the allegations of Paragraph 78 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 78 as to Samsung.  Samsung further denies that its Accused Instrumentalities infringe the '595 patent.   Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 78, and on that basis denies them.

79.     To the extent the allegations of Paragraph 79 set forth legal conclusions, no response is required.  On October 15, 2020, Netlist's outside counsel in the Breach Action wrote

to SEC's outside counsel in the Breach Action and to the General Counsel of SSI, copying Netlist's Chief Licensing Officer, Marc J. Frechette, providing notice of Samsung's alleged infringement of Netlist's portfolio of patents.  Netlist stated that because it had terminated the Agreement, "Samsung is no longer licensed to any of Netlist's portfolio of patents."  Netlist further asserted that its patents relate to Load Reduced Dual In-Line Memory Modules ("LRDIMMs") and/or Registered Dual In-Line Memory Modules ("RDIMMs").  Netlist then alleged: "Despite the termination of the Joint Development and License Agreement, Samsung continues to unlawfully utilize Netlist's innovations and to infringe Netlist's patents, including United States Patent Nos. 10,217,523, 10,474,595, and 9,858,218."  Netlist concluded the letter by demanding that "Samsung and its subsidiaries honor third-party intellectual property rights" and engage in "formal licensing discussions."  Netlist further stated that it "reserves all rights and remedies" with respect to the alleged infringement. Samsung denies the other allegations of Paragraph 79.

80.     To the extent the allegations of Paragraph 80 set forth legal conclusions, no response is required.  Samsung denies that its Accused Instrumentalities infringe the '595 patent. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 80, and on that basis denies them.

**Count III**
**(Alleged Infringement of the '218 patent)[5]**

81.     Samsung incorporates by reference its responses to Paragraphs 1-80 of Netlist's Counterclaims as if specifically set forth herein.  The allegations of Netlist's Affirmative Defenses do not require an answer.  Except as expressly admitted, Samsung denies each and every allegation of Paragraph 81.

---

[5]     Samsung denies the allegation contained in the heading preceding Paragraph 81.

82.     To the extent the allegations of Paragraph 82 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 82 as to Samsung.  Samsung further denies that its Accused Instrumentalities infringe the '218 patent.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 82, and on that basis denies them.

83.     To the extent the allegations of Paragraph 83 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung webpage is attached to Netlist's Counterclaims as Exhibit 7.  Samsung denies the other allegations of Paragraph 83.

84.     To the extent the allegations of Paragraph 84 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M393AAG40M32 Datasheet is attached to Netlist's Counterclaims as Exhibit 8.  Samsung denies the other allegations of Paragraph 84.

85.     To the extent the allegations of Paragraph 85 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M393AAG40M32 Datasheet is attached to Netlist's Counterclaims as Exhibit 8.  Samsung denies the other allegations of Paragraph 85.

86.     To the extent the allegations of Paragraph 86 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M393AAG40M32 Datasheet is attached to Netlist's Counterclaims as Exhibit 8 (modified in Paragraph 86 of Netlist's Counterclaims).  Samsung denies the other allegations of Paragraph 86.

87.     To the extent the allegations of Paragraph 87 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 87.

88.     To the extent the allegations of Paragraph 88 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 88.

89.     To the extent the allegations of Paragraph 89 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 89.

90.     To the extent the allegations of Paragraph 90 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M393AAG40M32 Datasheet is attached to Netlist's Counterclaims as Exhibit 8.  Samsung denies the other allegations of Paragraph 90.

91.     To the extent the allegations of Paragraph 91 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 91.

92.     To the extent the allegations of Paragraph 92 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M393AAG40M32 Datasheet is attached to Netlist's Counterclaims as Exhibit 8.  Samsung denies the other allegations of Paragraph 92.

93.     To the extent the allegations of Paragraph 93 set forth legal conclusions, no response is required.  Samsung admits that a purported copy of a Samsung M393AAG40M32 Datasheet is attached to Netlist's Counterclaims as Exhibit 8 (modified in Paragraph 93 of Netlist's Counterclaims).  Samsung denies the other allegations of Paragraph 93.

94.     To the extent the allegations of Paragraph 94 set forth legal conclusions, no response is required.  Samsung otherwise denies the allegations of Paragraph 94.

95.     To the extent the allegations of Paragraph 95 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 95 as to Samsung.  Samsung further denies that its Accused Instrumentalities infringe the '218 patent.  Samsung lacks

knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 95, and on that basis denies them.

96.     To the extent the allegations of Paragraph 96 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 96 as to Samsung.  Samsung further denies that its Accused Instrumentalities infringe the '218 patent.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 96, and on that basis denies them.

97.     To the extent the allegations of Paragraph 97 set forth legal conclusions, no response is required.  Samsung denies the allegations of Paragraph 97 as to Samsung.  Samsung further denies that its Accused Instrumentalities infringe the '218 patent.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 97, and on that basis denies them.

98.     To the extent the allegations of Paragraph 98 set forth legal conclusions, no response is required.  On October 15, 2020, Netlist's outside counsel in the Breach Action wrote to SEC's outside counsel in the Breach Action and to the General Counsel of SSI, copying Netlist's Chief Licensing Officer, Marc J. Frechette, providing notice of Samsung's alleged infringement of Netlist's portfolio of patents.  Netlist stated that because it had terminated the Agreement, "Samsung is no longer licensed to any of Netlist's portfolio of patents."  Netlist further asserted that its patents relate to Load Reduced Dual In-Line Memory Modules ("LRDIMMs") and/or Registered Dual In-Line Memory Modules ("RDIMMs").  Netlist then alleged: "Despite the termination of the Joint Development and License Agreement, Samsung continues to unlawfully utilize Netlist's innovations and to infringe Netlist's patents, including United States Patent Nos. 10,217,523, 10,474,595, and 9,858,218."  Netlist concluded the letter by demanding that

"Samsung and its subsidiaries honor third-party intellectual property rights" and engage in "formal licensing discussions."  Netlist further stated that it "reserves all rights and remedies" with respect to the alleged infringement.  Samsung denies the other allegations of Paragraph 98.

99. To the extent the allegations of Paragraph 99 set forth legal conclusions, no response is required.  Samsung denies that its Accused Instrumentalities infringe the '218 patent.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 99, and on that basis denies them.

## NETLIST'S DEMAND FOR TRIAL BY JURY

100. To the extent a response is required, Samsung admits that Netlist's Counterclaims contain a demand for a trial by jury on all issues triable to a jury.

## NETLIST'S PRAYER FOR RELIEF

101. Samsung denies that Netlist is entitled to any of the relief against Samsung requested in its Prayer for Relief.

## GENERAL DENIAL

To the extent any allegations of Netlist's Counterclaims have not been previously specifically admitted or denied, Samsung denies them.

## SAMSUNG'S ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Samsung, without waiver, limitation or prejudice, hereby asserts the additional defenses listed below.  Samsung reserves the right to amend this Answer to add additional defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Samsung as they become known throughout the course of discovery in this action.  Assertion of a defense is not a concession that Samsung has the burden of proving the matter asserted.

## FIRST ADDITIONAL DEFENSE
### (Non-Infringement)

Samsung does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Netlist Patents-in-Suit, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

Samsung incorporates by reference Paragraphs 141-174 of its First Amended Complaint as if specifically set forth herein.

## SECOND ADDITIONAL DEFENSE
### (Invalidity)

Each asserted claim of the Netlist Patents-in-Suit is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## THIRD ADDITIONAL DEFENSE
### (Laches, Estoppel, and/or Waiver)

Netlist's attempted enforcement of the Netlist Patents-in-Suit against Samsung is barred by laches, estoppel, and/or waiver.  For example, to the extent the Netlist Patents-in-Suit are essential to one or more JEDEC standards, Netlist is estopped from enforcing the Netlist Patents-in-Suit against Samsung because its failure to comply with its RAND obligations.  As another example, to the extent the Netlist Patents-in-Suit are essential to one or more JEDEC standards, Netlist is estopped from seeking an injunction or lost profits by its RAND obligations.

## FOURTH ADDITIONAL DEFENSE
### (Prosecution History Estoppel)

Netlist's claims are barred by the doctrine of prosecution history estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Netlist Patents-in-Suit.

## FIFTH ADDITIONAL DEFENSE
### (Failure to State a Claim)

Netlist's Counterclaims fails to state a claim upon which relief can be granted.

## SIXTH ADDITIONAL DEFENSE
### (Lack of Standing)

Netlist's Counterclaims fail to the extent Netlist does not have standing to assert the Netlist Patents-in-Suit against Samsung.

## SEVENTH ADDITIONAL DEFENSE
### (Marking)

Any claim for damages by Netlist is limited by its failure to mark, including without limitation, to the extent Netlist contends there are products covered by the Netlist Patents-in-Suit, Netlist's failure to mark its own products with the numbers of the Netlist Patents-in-Suit and/or its failure to require and/or police the marking of Netlist's customers and licensees.

## EIGHTH ADDITIONAL DEFENSE
### (Notice, Damages, and Costs)

Netlist's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287. Netlist is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Netlist's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Netlist is not entitled to a double recovery.  For example, to the extent the Netlist Patents-in-Suit are essential to one or more JEDEC standards, Netlist is barred from seeking lost profits by its RAND obligations.

## NINTH ADDITIONAL DEFENSE
### (License (Express or Implied) and/or Patent Exhaustion)

Netlist's claims are barred in whole or in part by express or implied license and/or patent exhaustion.

For example, on November 12, 2015, Netlist and SEC entered into a Joint Development and License Agreement (the "Agreement").  The Agreement contains cross-license, joint development, and product supply provisions.

In the Agreement, Netlist granted SEC and its subsidiaries, including SSI, a perpetual, paid-up, worldwide, non-exclusive license to all patents owned or controlled by Netlist or any of its subsidiaries having an effective first filing date on or prior to November 12, 2020. The license extends through the expiration of the last to expire of the licensed patents.

SEC similarly granted Netlist and its subsidiaries a perpetual, paid-up, worldwide, non-exclusive license to all patents owned or controlled by SEC or any of its subsidiaries having an effective first filing date on or prior to November 12, 2020.

The Agreement required SEC to make a payment to Netlist of $8 million subject to the terms and conditions therein.  SEC made this payment to Netlist except for a portion that was remitted as tax withholding to the Korean tax authorities, which later refunded the withheld portion to Netlist.

Netlist is now taking extraordinary actions to back out of its grant of a patent license to Samsung.

On May 27, 2020, Netlist's Chief Licensing Officer, Marc J. Frechette, wrote to Mr. Seung Min Sung of SEC, and alleged that Samsung materially breached the Agreement by "repeatedly fail[ing] to fulfill Netlist's request for NAND and DRAM products throughout the term of the Agreement" and, allegedly, by improperly deducting withholding taxes. Netlist did not allege, and has never alleged, that Samsung breached the Agreement in any way related to the patent cross-license.  In the same letter—which was the first time Netlist raised its breach allegations—Mr. Frechette informed Mr. Sung that Netlist had filed a complaint in U.S. District

Court for the Central District of California with respect to the alleged breach by Samsung and provided a copy of the complaint for reference.

On May 28, 2020, the U.S. District Court for the Central District of California docketed Netlist's breach of contract complaint against SEC. *Netlist Inc. v. Samsung Electronics Co., Ltd.*, No. 8:20-cv-00993-MCS (C.D. Cal.) ("Breach Action").

Netlist subsequently wrote to SEC to terminate the Agreement, including the patent license to SEC and its subsidiaries. On July 15, 2020, Netlist's Chief Licensing Officer, Marc J. Frechette, wrote to Mr. Seung Min Sung of SEC and stated that "Netlist is hereby terminating, effective immediately, the Agreement including the patent license granted to Samsung . . . ."

One week later, on July 22, 2020, Netlist amended its complaint in the Breach Action, seeking a declaration that the license it granted Samsung, *but not the license Samsung granted Netlist*, is terminated. In the Breach Action, Netlist seeks monetary damages and a declaration "that Netlist has terminated the Agreement pursuant to Section 13.2 and that Samsung's licenses and rights under the agreement have ceased."

Netlist then issued a "Notice of Infringement" to Samsung and a demand that Samsung take a second license to Netlist's patents.

Specifically, on October 15, 2020, Netlist's outside counsel in the Breach Action wrote to SEC's outside counsel in the Breach Action and to the General Counsel of SSI, copying Netlist's Chief Licensing Officer, Marc J. Frechette, providing notice of Samsung's alleged infringement of Netlist's portfolio of patents. Netlist stated that because it had terminated the Agreement, "Samsung is no longer licensed to any of Netlist's portfolio of patents." Netlist further asserted that its patents relate to Load Reduced Dual In-Line Memory Modules ("LRDIMMs") and/or Registered Dual In-Line Memory Modules ("RDIMMs"). Netlist then alleged: "Despite

the termination of the Joint Development and License Agreement, Samsung continues to unlawfully utilize Netlist's innovations and to infringe Netlist's patents, including United States Patent Nos. 10,217,523, 10,474,595, and 9,858,218." Netlist concluded the letter by demanding that "Samsung and its subsidiaries honor third-party intellectual property rights" and engage in "formal licensing discussions." Netlist further stated that it "reserves all rights and remedies" with respect to the alleged infringement.

Netlist resumed its communications with Samsung in 2021. On February 2, 2021, Netlist's Chief Licensing Counsel, Mr. Marc J. Frechette, indicated by email that Samsung must take a *second* license, coupled with the demand that Netlist "be made whole" for any alleged breach asserted in the Breach Action.

Accordingly, Netlist seeks to double-dip, with a demand that Samsung take a second license to Netlist's patents.

On October 14, 2021, the court in the Breach Action issued a confidential order granting summary judgment in favor of Netlist on Netlist's Third Claim for Relief, which seeks a declaration that Netlist terminated Samsung's license effective July 20, 2020. *See Netlist Inc. v. Samsung Electronics Co., Ltd.*, No. 8:20-cv-00993-MCS, D.I. 186 (C.D. Cal.). The court also granted summary judgment in Netlist's favor that Samsung was liable for certain alleged breaches of other provisions in the Agreement. *See id.*

Beginning on December 1, 2021, the court in the Breach Action held a jury trial on damages for one of the alleged breaches (the alleged failure to fulfill Netlist's orders for NAND and DRAM products). On December 3, 2021, the jury returned a verdict in Samsung's favor, finding that Netlist failed to prove that it suffered any damages for this alleged breach. *See* Breach Action, D.I. 276.

On January 10, 2022, Samsung filed a motion for entry of judgment in Samsung's favor as to Netlist's First and Second Claims for Relief and, as to Netlist's Third Claim for Relief, for entry of judgment in Samsung's favor or, in the alternative, a trial on the claim.   On February 15, 2022, the Court in the Breach Action entered judgment in favor of Netlist on the First and Second Claims for Relief and awarded nominal damages in the amount of $1.00 for each claim.  *See* Breach Action, D.I. 306.  Further, the Court entered judgment in favor of Netlist on the Third Claim for declaratory relief finding that Netlist terminated the Agreement and that Samsung's licenses and rights under the Agreement have ceased.  *See id.*

On February 25, 2022, SEC appealed the judgment entered in the Breach Action to the Ninth Circuit.   *See* Breach Action, D.I. 309.   SEC maintains that it did not breach the Agreement, that the Agreement has not been terminated, and that it continues to hold a paid-up, worldwide, non-exclusive license to Netlist's patents, including the Netlist Patents-in-Suit. Further, regardless of whether the Agreement was properly terminated (which Samsung disputes), Samsung, its customers, and its end users are not liable for infringement of the Netlist Patents-in-Suit for any memory modules made, used, sold, offered for sale, or imported before July 20, 2020, the date of which the purported termination became effective.

## TENTH ADDITIONAL DEFENSE
### (Not an Exceptional Case)

Netlist is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

## ELEVENTH ADDITIONAL DEFENSE
### (No Willful Infringement)

Netlist's claims for enhanced damages, if any, and an award of fees and costs against Samsung have no basis in fact or law and should be denied.

## TWELFTH ADDITIONAL DEFENSE
### (Prosecution Laches)

Netlist's attempted enforcement of the Netlist Patents-in-Suit against Samsung is barred by prosecution laches.

## THIRTEENTH ADDITIONAL DEFENSE
### (Inequitable Conduct and Unclean Hands)

The Netlist Patents-in-Suit are unenforceable due to inequitable conduct and unclean hands.

Samsung incorporates by reference Paragraphs 221-369 of its First Amended Complaint as if set forth fully herein.

## RESERVATION OF ADDITIONAL DEFENSES

Samsung reserves the right to assert additional defenses that may surface through discovery in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

OF COUNSEL:

Brian Nester
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

Alice J. Ahn
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000

November 15, 2022

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 15, 2022, upon the following in the manner indicated:

Karen E. Keller, Esquire                                          *VIA ELECTRONIC MAIL*
Nathan R. Hoeschen, Esquire
Emily S. DiBenedetto, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Defendant*

Jason Sheasby, Esquire                                          *VIA ELECTRONIC MAIL*
H. Annita Zhong, Esquire
Michael Tezyan, Esquire
Yanan Zhao, Esquire
Thomas C. Werner, Esquire
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
*Attorneys for Defendant*

/s/ *Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)