IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 21-1453 (RGA) (JLH) |
| v. | ) ) | |
| NETLIST, INC., | ) ) | |
| Defendant. | ) | |
| NETLIST, INC., | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| GOOGLE LLC, ALPHABET INC., SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., | ) ) ) ) ) | |
| Counterclaim Defendants. | ) | |

**SAMSUNG'S LETTER TO THE HONORABLE JENNIFER L. HALL**
**REGARDING DISCOVERY DISPUTE**

OF COUNSEL:

Brian Nester
Peter Swanson
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiffs and Counterclaim-Defendants Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc.*

Alice J. Ahn
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105-2533
(415) 591-6000

April 19, 2023

Dear Magistrate Judge Hall:

Samsung Electronics Co., Ltd and Samsung Semiconductor, Inc. ("Samsung") seek an order compelling Netlist, Inc. ("Netlist") to produce certain materials from Netlist's patent infringement actions against SK hynix Inc. at the International Trade Commission ("ITC") involving patents from the same families as the patents-in-suit.

**Background**

Samsung filed this action after Netlist purported to terminate the parties' 2015 Joint Development License Agreement ("JDLA") and then accused Samsung of infringing Netlist patents relating to memory modules, including U.S. Patent Nos. 9,858,218 ("'218 patent"), 10,474,595 ("'595 patent"), and 10,217,523 ("'523 patent"). D.I. 14 ¶¶ 21–31. In this action, Samsung seeks (a) declaratory judgments of non-infringement and unenforceability of these three patents, and (b) asserts a breach of contract claim based in part on Netlist's failure to license these and other allegedly standard-essential patents on reasonable and non-discriminatory ("RAND") terms in violation of Netlist's commitments to a memory industry group, JEDEC.[1]

Samsung has requested that Netlist produce documents from previous patent litigations filed by Netlist, including two ITC actions in which Netlist accused SK hynix of infringing allegedly essential patents from the same families as the patents that Samsung is accused of infringing in this case. Ex. H (Nos. 23, 24, 58). Netlist lost both cases, with the ITC ruling that SK hynix's standard-compliant products did not infringe any of the asserted patents and that certain patent claims are invalid. *See Certain Memory Modules and Components Thereof, and Products Containing Same*, 337-TA-1023, 2017 WL 11569255 (U.S.I.T.C.) ("1023 Action"); *Certain Memory Modules and Components Thereof*, 337-TA-1089, 2022 WL 834257 (U.S.I.T.C.) ("1089 Action") (collectively, "ITC Actions").

After multiple meet-and-confers in February, Samsung agreed to narrow its request to five categories of documents from the ITC Actions (without waiver of the right to seek additional documents at a later time): (1) discovery requests and responses; (2) pleadings and other filings; (3) expert reports; (4) deposition transcripts of Netlist fact witnesses and both parties' expert witnesses (and the exhibits thereto); and (5) trial transcripts (collectively, "Requested ITC Documents"). Ex. C at 3. Netlist, however, has not agreed to produce most of these documents.[2]

**The Requested ITC Documents Are Relevant**

Courts routinely order discovery of documents from prior litigations involving related patents. *See, e.g.*, *Qualcomm Inc. v. Broadcom Corp.*, 2006 WL 8455382, at *9 (S.D. Cal. Aug. 14, 2006) (compelling production of prior litigation documents concerning "the Qualcomm patents-in-suit [and] Qualcomm patents within the same family tree as the Qualcomm patents-in-

---

[1] After Samsung filed this action, Netlist filed multiple lawsuits in the Eastern District of Texas accusing Samsung of infringing other patents.

[2] Netlist has produced some, but not all, deposition transcripts of its fact witnesses from the ITC Actions. But Netlist has not committed to producing the remaining transcripts.

The Honorable Jennifer L. Hall
April 19, 2023
Page 2

suit"); *Glaukos Corp. v. Ivantis, Inc.*, 2019 WL 12536180, at *3 (C.D. Cal. Sept. 4, 2019). Even where the patents at issue are not from the same family, courts have held that there is a "presumption of relevance for *all* documents in that case" if the earlier-asserted patent "shares a technological nexus with the patents in the case." *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 3246094, at *20 (N.D. Cal. June 26, 2013) (emphasis added); *see also Inventio AG v. ThyssenKrupp Elevator Ams. Corp.*, 662 F. Supp. 2d 375, 381 (D. Del. 2009) (ordering prior litigation discovery where "patents involved tangentially related elevator technology").

The three patents in the present case are from the same families as, and share a technological nexus with, patents Netlist asserted in the ITC Actions. Specifically, the '218 and '595 patents in this action, along with U.S. Patent No. 9,535,623 from the 1089 Action, are continuations of U.S. Patent No. 8,489,837 from the 1023 Action. These patents have essentially identical figures and specifications, name the same inventor, claim similar subject matter (handshaking during initialization of memory modules), and contain common claim language. *Compare* 1023 Action, 2017 WL 11569355, at *7; 1089 Action, 2022 WL 834257, at *37; *with* D.I. 45, pp. 48–50. Similarly, the '523 patent in this action is a continuation of three patents from the 1023 Action (U.S. Patent Nos. 8,001,434; 8,359,501; and 8,689,064). They have essentially identical figures and specifications, name the same inventors, claim similar subject matter (self-testing memory modules), and contain common claim language. *Compare* 1023 Action, 2017 WL 11569355, at *6–7 *with* D.I. 45, pp. 47–48.[3] In all three cases, Netlist accuses the same JEDEC functionality present in the same categories of JEDEC-compliant memory products (DDR4 RDIMMs and LRDIMMs), *see* D.I. 45, p. 50; 1023 Action, 2017 WL 11569355, at *5; 1089 Action, 2022 WL 834257, at *8, and the cases involve similar non-infringement defenses. *Compare* D.I. 14 ¶ 146 *with* 1023 Action, 2017 WL 11569355, at *29–31; *compare* D.I. 14 ¶¶ 146, 158 *with* 1023 Action, 2017 WL 11569355, at *68–71.

Given the close relationship among the patents-in-suit and accused technology across these cases, documents relating to infringement, invalidity, and claim construction issues in the ITC Actions—including, for example, invalidity contentions and the prior art cited therein, the testimony of the named inventors, and the infringement and invalidity positions taken by Netlist in expert reports and briefing—are clearly relevant to the present case.

The Requested ITC Documents are also relevant to Samsung's claim that Netlist breached its RAND obligation, and Netlist's demand for damages and other relief. In the Related ITC Actions, Netlist took positions on the JDLA—which, as an arms-length license that encompasses the patents-in-suit, will be highly relevant to damages in the present case—and on the scope of its RAND obligations. *See* 1089 Action, 2022 WL 834257, at *148–51; 1023 Action, 2017 WL 11569255, at *125–34.[4] Additionally, documents relating to Netlist's alleged domestic

---

[3] The patents-in-suit also share overlapping inventors and a technological nexus with the two patents from the Related ITC Actions that are from a different family. *See* 1023 Action, 2017 WL 11569355, at *7–8; 1089 Action, 2022 WL 834257, at *7.

[4] A Netlist expert cites his analysis in the 1023 Action in a published paper that attempts to value Netlist's patents. Ex. I at 602–03.

The Honorable Jennifer L. Hall
April 19, 2023
Page 3

industry in the Related ITC Actions—*i.e.*, its efforts to exploit the patented technology—are relevant to the determination of a reasonable royalty, and documents relating to the appropriateness of an ITC exclusion order are relevant to Netlist's request for equitable relief in this case.

**Netlist Waived Any Objections by Failing to Specify Which Documents It Is Withholding**

Over the past three months, the parties have held two telephonic meet-and-confers and exchanged numerous letters and emails on the issue of discovery from the ITC Actions. Ex. A–G. Samsung patiently responded to Netlist's questions about relevance and its conclusory burden and confidentiality objections, *see* Ex. C, E, and Samsung narrowed its request in response to Netlist's overbreadth concern, *see* Ex. C at 3. In response, Netlist offered only a cryptic statement that it was considering whether there are "materials that may be produced without undue burden to Netlist," Ex. D at 4, but Netlist failed to identify which of the Requested ITC Documents it intends to produce. Since at least February 24, 2023, Samsung has asked Netlist no fewer than ***7 times*** to comply with Rule 34(b)(2)(C) by identifying what documents, if any, it intends to withhold on the basis of its objections. See Ex. F at 3; Ex. C at 1; Ex. E at 3; Ex. G at 2–3, 4–5, 8, 9. Netlist's steadfast refusal to do so constitutes a waiver of its objections.[5] *See Watkins v. Trans Union, LLC*, 2018 WL 3008639, at *2 (S.D. Ind. June 15, 2018) (overruling defendant's objection because "it was defendant's obligation under Fed. R. Civ. P. 34(b)(2)(C) to specifically identify any documents being so withheld").

Netlist's objections also fail on the merits. Netlist's burden argument is baseless as the requested materials are discrete, easily identifiable, and in the possession of Netlist's counsel from the ITC Actions. *See AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*, 2019 WL 1571666, at *2 (D. Del. Apr. 11, 2019) (finding no undue burden in producing prior litigation documents that "are easily identifiable . . . are within the control of [Plaintiff,] and not accessible to [Defendant]"). Nor may Netlist hide behind the ITC protective orders. Ex. B at 2 (arguing that Netlist may not produce non-public ITC materials absent "an order by the Commission or the Administrative Law Judge"). To the extent the Requested ITC Documents contain third-party confidential information, the ITC protective orders allow Netlist to produce such information with the consent of the third party. *See* Ex. J (1089 Action Protective Order) § 3 (allowing disclosure with "written permission from the supplier"); Ex. K (1023 Action Protective Order) § 3 (same). Netlist should be ordered to seek such consent and, absent objection, produce any third-party confidential information subject to the protective order in this case.

Samsung respectfully requests that the Court order production of the Requested ITC Documents.

---

[5] Netlist has repeatedly pointed to a trial that began April 14, 2023, in one of its Texas cases against Samsung as an excuse for its lack of diligence in the present case. Ex. F at 7, 8; Ex. G at 2, 3, 5, 7. While Samsung appreciates the demands of trial, Netlist chose to file that case after the present action and adamantly resisted Samsung's requests to stay the case. In any case, Netlist has had months to formulate its position on the Requested ITC Documents.

The Honorable Jennifer L. Hall
April 19, 2023
Page 4

                                                Respectfully,

                                                */s/ Rodger D. Smith II*

                                                Rodger D. Smith II (#3778)

RDS/rah
Enclosure

cc:      All Counsel of Record (via email)