IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., <br><br>Plaintiffs and Counter-Defendants, <br><br>v. <br><br>NETLIST, INC., <br><br>Defendant and Counter-Plaintiff. | ) ) ) ) ) ) ) C.A. No. 21-1453-RGA-JLH ) ) ) ) ) |
| NETLIST, INC., <br><br>Counter-Plaintiff, <br><br>v. <br><br>GOOGLE LLC AND ALPHABET INC., <br><br>Counter-Defendants. | ) ) ) ) ) ) ) ) ) ) |

**DEFENDANT AND COUNTER-PLAINTIFF NETLIST, INC.'S
RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY BY
COUNTER-DEFENDANTS GOOGLE LLC AND ALPHABET INC. (D.I. 106)**

Defendant and Counter-Plaintiff Netlist, Inc. ("Netlist") respectfully submit this Response to Counter-Defendants', Google LLC and Alphabet Inc. (collectively, "Google"), Notice of Supplemental Authority (D.I. 106, or "Notice") in support of Google and Alphabet's Motion to Dismiss Google and Alphabet, Or Alternatively, Sever and Stay and Dismiss Willfulness and Indirect Infringement Allegations. (D.I. 63, 64).

Google's Notice fails to address the impact of the PTAB's Final Written Decision as to U.S. Patent No. 10,217,523 ("the '523 Patent"). IPR2022-00063, Paper 53. Every claim of the '523 Patent was found patentable. *Id*. Defendants will therefore face infringement liability on all asserted claims of the '523 Patent.

1

Samsung has admitted in this proceeding that all of its memory modules are manufactured and designed outside of the U.S. Ex. 1 (D.I. 23 Declaration of Junseon Yoon) at ¶ 9 ("The Accused Memory Modules were designed outside the United States. The Accused Memory Modules are, and always have been, manufactured outside the United States."). Samsung has not taken financial responsibility for Google's purchase of memory modules outside the U.S. and their importation into the U.S.[1] Samsung also has not agreed that its sales to Google are sales or offers to sell in the U.S. As to products that Google purchases and imports into the U.S., Google is the entity liable for infringement.

Google's statement that Netlist only charted Samsung DIMMs in its Preliminary Infringement Contentions is because only Samsung has complied with its discovery obligation to produce core technical documents related to the accused products. The Asserted Claims require analysis of registered clock drivers ("RCDs") and data buffers ("DBs") on the memory modules. Samsung provided Netlist with information about the RCDs and DBs used on its accused DIMMs. Samsung also produced third-party RCD and DB datasheets that Netlist could use in its infringement charts. Google, on the other hand, provided no information on the RCDs and DBs used in its accused memory modules.

Google has not agreed to be bound by any jury and court findings in a case that only involves proceedings against Samsung. Moreover, the resolution of claims against Samsung does not resolve the dispute with Google, because Google can purchase or assemble memory modules with similar designs from different sources. Indeed, Google used to be a customer of Netlist. There are a large number of entities that can supply DIMMs to Google or its contractors

---

[1] Samsung's Deputy General Counsel asserted in an IPR Declaration that "Samsung is not indemnifying Google . . . ." Ex. 2 (Declaration of Jason Sonoda – IPR2022-00615 Ex. 1071 at ¶ 3).

who assemble servers. Ex. 3 (https://www.newegg.com/p/pl?d=DDR4+LRDIMM) (listing DIMM manufactures including Samsung, Micron, Kingston, Crucial, SK Hynix, Supermicro, NEMIX RAM, Brute Networks, HP, Arch Memory, Axiom, Ballistix, Lenovo). Because of Google's vast options for sourcing infringing products, obtaining a judgment against Google in a timely manner is necessary to prevent Google's ongoing infringement. Google's motion to stay is simply a tool for evading the impact of an injunction. *Minerva Surgical, Inc. v. Hologic, Inc.*, No. 18-cv-217-JFB-SRF, 2021 WL 1840645 (D. Del. May 7, 2021), *aff'd*, 2021 WL 2856596 (D. Del. July 8, 2021) (denying Hologic's motion to stay where "Minerva sought a preliminary injunction at the outset of the case and seeks a permanent injunction to enjoin Hologic from further sales of the accused product[,]" which further supported "Minerva's contention that real prejudice could result from imposition of a stay").

The '523 patent expires in 6 years, and Netlist "has an interest in prompt enforcement of its patent rights." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-cv-452-WCB, 2020 WL 6270776, at *3 (D. Del. Oct. 26, 2020). Trial in this case is not scheduled until 2025. A stay against Google would as a practical matter preclude the issuance of an injunction against Google. *British Telecommc'ns PLC v. IAC/InterActiveCorp*, No. 18-cv-366-WCB, 2020 WL 5517283, at *7 (D. Del. Sept. 11, 2020) (observing that a delay in adjudicating alleged infringement among competitors may result in potential loss of market share and erosion of goodwill); *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) ("Price erosion, loss of goodwill, damage to *reputation, and loss of business opportunities are all valid grounds for finding irreparable harm.*").

When Netlist supplied memory modules to the defendants, the name of the parent entity that it dealt with was Google. Google has now re-organized with the new parent called

3

Alphabet. Defendants allege that the operating divisions who use memory modules, such as YouTube, Google, LLC, Waymo, etc., are now independent subsidiaries of Alphabet, and that Alphabet commits no acts of direct or induced infringement. In addition to being a factual issue for discovery, not an argument to be addressed at the pleadings stage, Counter-Defendants' behavior promotes judicial inefficiency. The purpose of the counterclaim is to definitively resolve infringement as to all divisions that use the accused memory modules.

Respectfully submitted,

*/s/ Emily S. DiBenedetto*
Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Netlist, Inc.*

OF COUNSEL:
Jason Sheasby
H. Annita Zhong
Thomas C. Werner
Michael Tezyan
Yanan Zhao
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Rebecca Carson
Jonathan M. Lindsay
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
(949) 760-0991

Dated: May 16, 2023