# ATTACHMENT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> NETLIST, INC., <br><br> Defendant. | C.A. No. 21-1453-RGA-JLH |
| NETLIST, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., <br><br> Counter-Defendant. | |
| NETLIST, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> GOOGLE LLC AND ALPHABET INC., <br><br> Counter-Defendant. | |

**REPLY TO NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF GOOGLE AND ALPHABET'S MOTION TO DISMISS GOOGLE AND ALPHABET, OR ALTERNATIVELY, SEVER AND STAY AND DISMISS WILLFULNESS AND INDIRECT INFRINGEMENT ALLEGATIONS**

Netlist does not address the impact of the Final Written Decisions in Samsung's *Inter Partes* Review ("IPR") proceedings against Netlist's '218 patent and '595 patent finding all claims unpatentable. Netlist provides no basis for why Google, either as a customer of Samsung or otherwise, should need to proceed forward in this case as to these patents.[1]  And even if this case were to proceed as to Samsung on the '523 Patent alone, Google should still be dismissed, as the litigation between Netlist and Samsung will determine and narrow the issues as to whether that patent is invalid and whether Samsung infringes, does not infringe, or ultimately settles—which would necessarily resolve any liability by Samsung customers like Google for Samsung products.

Further, Netlist does not dispute that its Preliminary Infringement Contentions identify only memory modules manufactured and sold by Samsung as Accused Instrumentalities. D.I. 106, Ex. 3 at 2-4.  Netlist has had Google's core technical production since February 10, and Google's interrogatory responses identifying the memory modules Google purchases since March 17. Despite this, Netlist did not identify non-Samsung products in its Preliminary Infringement Contentions, nor did it complain to Google that it needed additional information to accuse non-Samsung products.  Instead, for the first time in its Response to Google's Notice of Supplemental Authority, it manufactures a supposed dispute regarding Google's technical document production and the fact that it does not include information and documents regarding "RCDs" and "DBs." D.I. 108, 2-3. But again, Netlist has had that production for months and never raised this purported dispute until Google filed its Notice of Supplemental Authority.

Furthermore, Google specifically told Netlist in its interrogatory responses that information concerning the components used in the memory modules Google purchases is in the possession of

---

[1]  Subsequent to Google's Notice of Supplemental Authority, Samsung also requested that Netlist agree to a stay of the case on all patents given the IPR Final Decisions.  Netlist has not responded to this request.

third-party suppliers.  Again, Netlist had those responses for two months, but never exercised the basic diligence to subpoena third-party suppliers and request whatever purported information Netlist believes it needed for its contentions.

Netlist also argues that Samsung has "admitted" it manufactures the (only) accused memory modules in this case outside of the United States. *Id.*, 2. And it asserts that "Samsung also has not agreed" that its sales to Google are sales or offers to sell in the United States. *Id.*  But Netlist is careful to avoid saying it does not *accuse* these sales of infringement in this case.  Nor does Netlist dispute that it accuses these same Samsung products when sold to other U.S. customers as well.  So again, Netlist's arguments do nothing to refute the key point of Google's Motion—that the case against Samsung will determine and narrow the issues as to Samsung and its customers, including Google.  Notably, Chief Judge Seeborg stayed the California action over Netlist's similar arguments.  D.I. 77 (Ex. 1, 16 ("Regarding prejudice, certain of Netlist's arguments (i.e., that it may be unable to collect damages against Samsung) are speculative…"); Ex. 2, 21-23).

Netlist now further argues that Google's Motion is somehow "a tool for evading the impact of an injunction." D.I. 108, 3.  This tardy argument is meritless.  Netlist did not seek a preliminary injunction.  Its counterclaims do not include a specific request for an "injunction." D.I. 58. And while Netlist suggests a delay in adjudicating alleged infringement among competitors may result in potential loss of market share and erosion of goodwill, Netlist does not even argue in its Response or in prior Opposition to Google's Motion that Google is a "competitor," much less how any delay would impact its market share or goodwill at all.  Furthermore, Netlist's concern about delay is belied by the fact that it waited years after the asserted patents issued to assert them against Google.

Netlist also again argues that "Google has not agreed to be bound by any jury and court findings in a case that only involves proceedings against Samsung." D.I. 108, 2. Google already addressed this argument (D.I. 76, 5-6), which Netlist ignores. As it did in its Opposition to Google's Motion, Netlist points to non-party subsidiaries of Alphabet. D.I. 108, 3-4. Google addressed them in its Reply as well (D.I. 76, 1-2), which Netlist ignores also.

|  |  |
|---|---|
| OF COUNSEL:<br><br>David A. Perlson<br>Jonathan Tse<br>Michael Trombetta<br>Elle Wang<br>Quinn Emanuel Urquhart & Sullivan LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br><br>Deepa Acharya<br>Jared Newton<br>Quinn Emanuel Urquhart & Sullivan LLP<br>1300 I Street, NW<br>Washington, DC 20005<br>(202) 538-8000 | /s/ Kelly E. Farnan<br>Kelly E. Farnan (#4395)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br><br>*Attorneys for Defendants Google LLC and Alphabet Inc.* |

Dated: May 18, 2023