IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NETLIST, INC., <br><br> Defendant. <br><br> NETLIST, INC. <br><br> Counter Plaintiff, <br><br> v. <br><br> GOOGLE LLC, ALPHABET INC., SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., <br><br> Counter Defendants. | C.A. No. 21-1453-RGA-JLH |

## REPORT AND RECOMMENDATION

This is a patent case. Plaintiffs Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. (collectively, "Samsung") sued Defendant Netlist, Inc. ("Netlist") on October 15, 2021, seeking (among other things) a declaratory judgment of non-infringement of certain of Netlist's patents. (D.I. 1.) Netlist answered and asserted counterclaims of infringement against Samsung. (D.I. 40.) Netlist then filed an amended answer that added counterclaims for patent infringement against Google LLC ("Google") and Alphabet Inc. ("Alphabet") (collectively, "Google Counterclaim Defendants"). (D.I. 58.)

1

Google and Alphabet want out of the case or, barring that, to trim the claims against them. Pending before the Court is their Motion to Dismiss Google and Alphabet, or Alternatively, Sever and Stay and Dismiss Willfulness and Indirect Infringement Allegations. (D.I. 63.). For the reasons that follow, I recommend that the motion be GRANTED-IN-PART and DENIED-IN-PART.

## I. BACKGROUND

The history between the parties is complex. Because I write primarily for the parties and the District Judge, I will recite only those facts necessary to resolve the motion before me.

### A. Brief summary of procedural history

Both Samsung and Netlist offer semiconductor products called memory modules. A memory module is a circuit board made up of a plurality of individual memory devices. (D.I. 58 ("Second Amended Answer and Counterclaims" or "SAAC") ¶ 13.)[1] "A memory module is typically installed into a memory slot on a computer motherboard and serve[s] as memory for computer systems." (*Id.*) They are "designed for various purposes, including use in server computers supporting cloud-based computing and other data-intensive applications." (*Id.* ¶ 14.)

Netlist and Samsung are embroiled in lawsuits across the country over the question of whether Samsung's memory modules infringe various Netlist patents, as well as whether Samsung breached a Joint Development License Agreement that the parties entered into in 2015. *See, e.g., Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 22-293 (E.D. Tex., filed Aug.1, 2022); *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 21-463 (E.D. Tex., filed Dec. 20, 2021); *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 20-993 (C.D. Cal., filed May 28, 2020).

---

[1] The Court's pin cites refer specifically to paragraphs within the counterclaim portion of the SAAC, which begins at page 42.

Samsung filed this case the day after a district court in the Central District of California granted summary judgment that Samsung had breached the 2015 Joint Development License Agreement and that Netlist had properly terminated that agreement. In its First Amended Complaint here, Samsung seeks a declaration that its DDR4 memory modules do not infringe certain Netlist patents, including U.S. Patent No. 7,619,912 (the "'912 patent"), and that some patents are unenforceable. (D.I. 14.) Samsung also claims that Netlist is in breach of its obligations to the JEDEC, a standard-setting organization, to license its patents on reasonable and non-discriminatory (RAND) terms. (*Id.*) On August 1, 2022, Judge Andrews dismissed some of the claims, including the claims involving the '912 patent, and allowed others to move forward. (D.I. 37.) Netlist answered on August 22, 2022, and asserted counterclaims for infringement against Samsung. (D.I. 40.)

On September 12, 2022, Netlist amended its answer to add claims against Google and Alphabet for infringement. The operative version of Netlist's responsive pleading—the SAAC—alleges that Samsung and the Google Counterclaim Defendants infringe U.S. Patent Nos. 10,217,523 (the "'523 patent"), 9,858,218 (the "'218 patent"), and 10,474,595 (the "'595 patent"). (D.I. 58.)

Netlist's current claims against Google are not the first time these companies have litigated against each other. Back in 2009, Netlist sued Google in the Northern District of California for infringing the '912 patent. *See Netlist Inc. v. Google Inc.*, No. 09-5718 (N.D. Cal.). In that action—which is still pending—Netlist accuses memory modules that Google purchased from Samsung. On July 13, 2022, Judge Seeborg, who presides over that action, entered a temporary stay in light of Samsung's declaratory judgment suit against Netlist here in Delaware. (*See* D.I. 77, Ex. 1.) Judge Seeborg's decision relied on the "customer suit" doctrine, which says that in

3

some circumstances, a non-infringement suit brought by a manufacturer should take precedence over an earlier-filed suit brought by a patentee against the manufacturer's customer or retailer. (*Id.* at 12–13.)

In his August 1, 2022, decision in this case, Judge Andrews declined to exercise jurisdiction over Samsung's request for a declaratory judgment regarding the '912 patent. (D.I. 37 at 5–6.) After Judge Andrews issued his decision, Netlist immediately sued Samsung on the '912 patent in the Eastern District of Texas, and Netlist and Google agreed to stay the litigation in California pending resolution of the new Texas lawsuit.

**B.     Netlist's counterclaims**

As mentioned, Netlist's counterclaims in this case allege infringement of the '523 patent, the '595 patent, and the '218 patent.[2] They all "relate generally to memory modules." (SAAC ¶ 13.) The SAAC alleges "[o]n information and belief" that "Google[, defined to include Google and Alphabet,] is one of the largest users of server computers and memory modules worldwide, and it develops, manufactures, purchases, uses, and/or imports into the United States memory components and memory modules designed for, among other things, use in Google's and its affiliates' server computers and other data-intensive applications." (*Id.* ¶ 39.) The SAAC alleges that Samsung and the Google Counterclaim Defendants infringe at least one claim of each of the patents "by, among other things, making, using, selling, offering to sell, and/or importing within

---

[2] The same day that Samsung filed this action, it also filed petitions for *inter partes* review ("IPR") challenging the patentability of each of the patents in suit. *See* IPR2022-0062; IPR2022-0063; IPR2022-0064. Recently, the PTAB found the '523 patent patentable, but all claims of the '218 and the '595 patents unpatentable. Samsung subsequently filed a motion to stay the case as to all of the patents in suit until the Federal Circuit decides the parties' appeals on the IPR decisions and the Ninth Circuit decides Samsung's appeal regarding the Joint Development License Agreement. (D.I. 115.) Netlist argues that the case should proceed on the '523 patent. (*See* D.I. 127 at 3.) That motion remains pending.

this District and elsewhere in the United States . . . DDR4 LRDIMMs and other products with materially the same structure in relevant parts." (*Id.* ¶¶ 44 (Count I), 62 (Count II), 82 (Count III).)

The SAAC alleges, "[o]n information and belief" that "Samsung is one of the suppliers of the Accused Instrumentalities used by [the Google Counterclaim Defendants], including but not limited to Samsung products listed on Samsung's module-selector web page." (*Id.* ¶ 41.) The SAAC also alleges that Samsung and the Google Counterclaim Defendants each indirectly infringe the asserted patents. (*Id.* ¶¶ 56–57, 76–77, 95–96.) The SAAC further alleges that the infringement is willful. (*Id.* ¶ 101(d).)

### C.      The present motion

The case was referred to me on September 28, 2022, for all purposes through the case dispositive motion deadline. (D.I. 53.) On November 15, 2022, Google and Alphabet filed the present motion, which seeks to dismiss the counterclaims as to them, or, in the alternative, to stay the claims as to them. (D.I. 63.) The motion was fully briefed (D.I. 64, 74, 76, 77), and the parties filed notices of additional authority (D.I. 106, 108, 110), which have all been considered to the extent that they comply with the local rules. I heard oral argument on May 22, 2023. ("Tr. __.") I recommend that the motion be granted-in-part and denied-in-part.

## II.     LEGAL STANDARDS

### A.      Rule 12(b)(6)

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of the complaint under the plausibility standard, all "well-pleaded facts" are assumed to be true, but legal conclusions are not. *Id*. at 679.

**B.     Rule 21**

Federal Rule of Civil Procedure 21 provides that "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In patent cases, motions to sever are governed by Federal Circuit law. *Vehicle IP, LLC v. AT&T Mobility LLC*, No. 09-1007-LPS, 2016 WL 6404093, at *1 (D. Del. Oct. 20, 2016) (citing *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012)). When considering a motion to sever under Rule 21, the Federal Circuit has instructed courts to look to the rules for joinder as guidance. *See, e.g., EMC*, 677 F.3d at 1356. Accused infringers in patent cases may only be joined as defendants if the requirements in Rule 20 and the "more stringent" requirements in 35 U.S.C. § 299(a) are met. *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 938–39 (Fed. Cir. 2013) ("*Nintendo I*"). Section 299 provides in relevant part:

> **(a) Joinder of Accused Infringers:** With respect to any civil action arising under any Act of Congress relating to patents . . . parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—
>
>> **(1)** any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

> **(2)** questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a).

While the statutory requirements are necessary conditions for joinder, they are not always sufficient. "Even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants," the Federal Circuit has said that "joinder may still be refused in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Nintendo I*, 544 Fed. App'x at 939 (internal marks and citation omitted). Whether to sever claims that can be joined is within the discretion of the district court. *Id.* at 939–40.

### III.   DISCUSSION

The pending motion contains multiple requests for relief. First, the Google Counterclaim Defendants want the Court to sever and stay (or dismiss) the claims against them. Second, Alphabet asks the Court to dismiss the counterclaims against it under Rule 12(b)(6). Third and fourth, the Google Counterclaim Defendants want the Court to dismiss the indirect infringement and the willfulness claims against them under Rule 12(b)(6). I will address each in turn.

#### A.   Severance

The Google Counterclaim Defendants are not arguing that they should be severed because the requirements Rule 20 and 35 U.S.C. § 299 aren't met. (*See* Tr. 9.) Rather, they argue that the Court, in its discretion, should sever and stay (or dismiss) the claims against them in the interests of fundamental fairness, prejudice, and judicial economy.

I agree with the Google Counterclaim Defendants that the Court may, in its discretion, sever—or sever and stay—the claims against them. I disagree with them that the Court should exercise its discretion to do so.

Starting with judicial economy, I am not persuaded that severing and staying the claims against the Google Counterclaim Defendants will promote judicial economy. To the contrary, it promotes judicial economy to consider the infringement counterclaims against Samsung, and the infringement counterclaims against the Google Counterclaim Defendants, in the same suit. I really don't think that much more needs to be said about that, but a couple points in response to the parties' arguments are worth mentioning.

First, even if the Google Counterclaim Defendants purchase the accused memory modules only from Samsung (as opposed to other suppliers), this is not a case that calls for a classic application of the "customer suit" doctrine. This isn't a situation where there are separate cases pending against a manufacturer and a customer, and I am not being asked to decide which one should take precedence.[3] There is one case. Further, I am unpersuaded on the record currently before the Court that splitting this case into two cases and staying one has a reasonable chance of promoting judicial economy, especially since the record is not precise (and the parties don't agree) about the extent to which the Google Counterclaim Defendants will be bound by the outcome of Netlist's infringement claims against Samsung.[4] Indeed, it seems to me equally likely, if not more likely, that severance will complicate things.

---

[3] That makes this case different from the situation confronted by Judge Seeborg in the California action. *See Netlist Inc. v. Google Inc.*, No. 09-5718, D.I. 325 (C.D. Cal. July 13, 2022) (temporarily staying the suit against Google in view of the pending suit against Samsung in Delaware).

[4] At the hearing, counsel for the Google Counterclaim Defendants represented that they would not relitigate the issue of infringement by Samsung memory modules. But the question of infringement liability is not the only issue in the case. For example, the Google Counterclaim Defendants maintain that Netlist will not be able to recover anything from them if it settles or wins a damages award against Samsung, while Netlist suggests that there might be an independent basis to recover damages from the Google Counterclaim Defendants if a Google entity bought the accused Samsung memory modules overseas and then imported and used them in the United States. That alone makes this case distinguishable from *UltimatePointer, L.L.C. v. Nintendo Co.*,

As for fairness and prejudice, the Google Counterclaim Defendants point only to the fact that they are having to defend against Netlist's infringement counterclaims. (Tr. 10–12.) But that is not prejudice; it is a consequence of the Patent Act, which makes using a patented invention an act of infringement. *See* 35 U.S.C. § 271. And, again, the record is not precise about the extent to which the Google Counterclaim Defendants have agreed or will agree to be bound by the outcome of the Netlist/Samsung disputes. It is not unfair or prejudicial to require the Google Counterclaim Defendants to defend this case.

As for the Google Counterclaim Defendants' request that the claims against them be dismissed in their entirety, I'm skeptical that dismissal would ever be an appropriate exercise of discretion under these circumstances, *i.e.*, where everyone agrees that Rule 20 and 35 U.S.C. § 299 are satisfied. Even if dismissal were within the Court's discretion, the Google Counterclaim Defendants point out that Netlist could "simply file a new infringement complaint" against them (which they say should be stayed). (D.I. 64 at 12.) I am unpersuaded that such a course of action would promote judicial economy or fairness for at least the reasons already stated.

In sum, I do not think that considerations of prejudice, judicial economy, or fairness weigh in favor of severance or dismissal. Accordingly, I recommend that the Court exercise its discretion by denying the Google Counterclaim Defendants' requests to sever and stay or dismiss the claims against them.

---

No. 11-496, 2014 WL 12515338, at *3 (E.D. Tex. June 17, 2014) (severing and transferring claims against a supplier from its retailers in part because the patentee "has not presented evidence that the Retailers had any role in the . . . importation of the accused products" and the retailers "agree to be bound by the transferee court's decisions with respect to the [supplier's products]"), *on remand from Nintendo I*, 544 Fed. App'x 934.

### B.     Rule 12(b)(6)

I next turn to the Google Counterclaim Defendants' arguments under Federal Rule of Civil Procedure 12(b)(6).

#### a.      Alphabet

Alphabet is a parent company of Google. Alphabet argues that the claims against it should be dismissed because the SAAC "lump[s] Alphabet and Google together thereby asserting claims against Alphabet solely by virtue of it being a parent company to Google." (D.I. 64 at 1.)

I disagree. Paragraph 6 of the SAAC alleges, in relevant part:

> On information and belief, Alphabet, individually and collectively with SEC, SSI, and Google LLC, is involved in the design, manufacture, purchase, use, offering for sale, sale, and/or importation to the United States of certain semiconductor products, including the Accused Instrumentalities as defined below . . . .

(SAAC ¶ 6.) In addition, the SAAC defines "Google" to mean Google LLC and Alphabet Inc., (*id.* at 42), and it alleges that "Samsung and Google directly infringed and are currently infringing" the asserted patents "by, among other things, making, using, selling, offering to sell, and/or importing within this District and elsewhere in the Untied states, without authority" the accused products (*e.g.*, *id.* ¶ 44).

Taken together, those paragraphs do not merely allege that Alphabet is liable by virtue of it being a parent company; rather, they allege that Alphabet is itself involved in the infringing acts. In other words, the SAAC alleges that each Counterclaim Defendant did everything. At this stage, those allegations must be taken as true. *See Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 447 (D. Del. 2018) ("[Plaintiff] is alleging that both of the Defendants did everything. The allegations must at this stage, be taken as true. Time will tell if plaintiff can prove them."); *see also IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 330515, at *11–12 (D. Del. Jan. 25, 2019); *Groove Digital, Inc. v. King.com, Ltd.*, No. 18-836-RGA, 2018 WL

6168615, at *1 (D. Del. Nov. 26, 2018) ("[A] complaint that collectively refers to defendants meets Rule 8's pleading standard if it can be reasonably inferred that each and every allegation is made against each individual defendant." (internal marks and citation omitted)); *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, No. 15-438-LPS-CJB, 2015 WL 7833206, at *3 (D. Del. Dec. 3, 2015), *report and recommendation adopted*, 2016 WL 9344010, at *3–4 (D. Del. Jan. 21, 2016). Many of the district court cases cited by Alphabet are distinguishable at least because the pleadings in those cases did not sufficiently allege that each defendant committed at least one infringing act. *See, e.g., Manigault-Johnson v. Google LLC*, No. 18-1032, 2019 WL 3006646, at *2 (D.S.C. March 31, 2019) (dismissing Alphabet because "nowhere do Plaintiffs allege any independent wrongdoing on the part of Alphabet").

Accordingly, I recommend that the Court deny the motion to dismiss Alphabet for failure to state a claim.

      **b.**    **Willful Infringement**

The Google Counterclaim Defendants ask the Court to dismiss Netlist's claims of willful infringement. A determination of willfulness requires a finding of "deliberate or intentional" infringement. *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). A finding of "subjective willfulness," proof that the defendant acted in the face of a risk of infringement that was "either known or so obvious that it should have been known to the accused infringer," can satisfy this standard. *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 101 (2016)), *rev'd on other grounds*, 138 S. Ct. 2129 (2018). Some judges in this district, including Judge Andrews, "dismiss" allegations of willful infringement when the complaint fails to

11

adequately allege pre-suit knowledge of the patent.  *See, e.g.,* W*rinkl, Inc. v. Facebook, Inc.,* No. 20-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021).

In this case, the SAAC alleges "on information and belief" that the Google Counterclaim Defendants knew about the asserted patents at the time that Netlist filed its infringement counterclaims against them (which was more than a year after Samsung filed its declaratory judgment complaint against Netlist).  (SAAC ¶¶ 60, 80, 99.)  That allegation doesn't seem to me to be implausible under the circumstances, given the parties' history.  Nevertheless, the Google Counterclaim Defendants contend that "even were this sufficient to plead knowledge of the Asserted Patents, . . . Netlist has not pleaded any actual facts that Google knew, or should have known, that its conduct amounted to infringement of the patents." (D.I. 64 at 16–17 (cleaned up).)  That argument has some force, given that the whole point of Samsung's declaratory judgment action was to obtain a declaration that Samsung (and thus its customers, like Google) did not infringe Netlist's patents.  Any action taken by the Google Counterclaim Defendants after Samsung's declaratory judgment complaint was filed was probably on the advice of counsel, and Judge Andrews has previously explained why such circumstances usually result in a "dearth of evidence . . . regarding the presence or absence of . . . willfulness." *Wrinkl*, 2021 WL 4477022, at *7.

Under these circumstances, I may have my own views about Netlist's likelihood of success in proving wilfulness, but "[t]he plausibility standard is not akin to a probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  I recommend denying the request to dismiss the willful infringement allegations at this stage but giving the Google Counterclaim Defendants the opportunity to move for summary judgment of no enhanced damages should there be a lack of sufficient evidence that they acted in the face of a risk of infringement that was either known or so

obvious that it should have been known.  I do not think it is worthwhile to spend more judicial resources on this issue at this stage, on this limited record.

### c. Indirect Infringement

Google and Alphabet also move to dismiss the indirect infringement claims against them. I recommend dismissing the indirect infringement claims without prejudice.

Section 271(b) of Title 35 provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To state a claim of induced infringement that can survive a motion to dismiss, the complaint must plead (1) an underlying act of direct infringement, (2) facts plausibly supporting an inference that the defendant intended another to take the acts that are alleged to constitute infringement, and (3) facts plausibly supporting an inference that the defendant knew that the induced acts constituted infringement. *EyesMatch Ltd. v. Facebook, Inc.*, No. 21-111-RGA-JLH, 2021 WL 4501858, at *2 (D. Del. Oct. 1, 2021) (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355–56 (Fed. Cir. 2018)), *report and recommendation adopted*, 2021 WL 5061730 (D. Del. Oct. 19, 2021).

Section 271(c) provides that "[w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c). "A plaintiff sufficiently pleads contributory infringement when it asserts that a defendant: (1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial non-infringing use; and (5) [others]

directly infringed." *Groove Digital, Inc. v. Jam City, Inc.*, No. 18-1331-RGA, 2019 WL 351254, at *4 (D. Del. Jan. 29, 2019) (internal marks omitted).

I agree with the Google Counterclaim Defendants that the indirect infringement allegations in the SAAC do not put them on notice of what acts are alleged to be the direct infringement and what acts they took that led to the direct infringement. The indirect infringement allegations are essentially boilerplate, and it is impossible to tell from the SAAC what the theory is. The SAAC alleges, for example, that Google "has induced, and currently induces, the infringement" of the patents "through its affirmative acts of making, selling, offering to sell, distributing, and/or otherwise making available the accused DDR4 LRDIMM and other materially similar products that infringe the '523 patent," that they "provide[] specifications, datasheets, instruction manuals, and/or other materials that encourage and facilitate infringing use of the accused DDR 4 LRDIMM products and other similar products by users," and that those products "have no substantial noninfringing use." (*E.g.*, SAAC ¶¶ 56–57.) But it appears to be undisputed that Google Counterclaim Defendants neither make, sell, nor distribute the accused memory modules. So who are the users that the Google Counterclaim Defendants are causing to infringe? It's not apparent from the SAAC. Nor was it apparent from Netlist's brief.

In some cases, depending on the nature of the patent claim and the accused product, a boilerplate allegation of indirect infringement is sufficient to put the defendants on notice of what activity is being accused of infringement. In this case, it's not.

At oral argument, Netlist stated that its indirect infringement theory had to do with "rent[ing] equipment" and "cloud services" and that "there is absolutely more specificity that we can put into the complaint if that's necessary." (Tr. 39–45.) I think it is necessary. Accordingly,

14

I recommend that the indirect infringement counterclaims against the Google Counterclaim Defendants be dismissed without prejudice.

Should Netlist wish to amend, it should proceed in accordance with my discovery dispute procedures and attach a copy of the proposed amendment. This case is in the middle of discovery, and it makes little sense to spend any more resources than necessary fighting about the sufficiency of the pleadings.

## IV. CONCLUSION

For the reasons set forth above, I recommend that the Google Counterclaim Defendants' Motion to Dismiss Google and Alphabet, or Alternatively, Sever and Stay and Dismiss Willfulness and Indirect Infringement Allegations (D.I. 63) be GRANTED-IN-PART and DENIED-IN-PART:

1. The counterclaims against Google and Alphabet should not be severed and stayed or dismissed.

2. Alphabet should not be dismissed as a counterclaim defendant; the direct infringement counterclaims against Alphabet should proceed.

3. The willful infringement claims against Google and Alphabet should not be dismissed.

4. The indirect infringement claims against Google and Alphabet should be dismissed without prejudice. Should Netlist wish to amend its indirect infringement claims, it should proceed in accordance with my discovery dispute procedures and attach a copy of the proposed amendment.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to

ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

      The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 14, 2022, a copy of which can be found on the Court's website.

Dated: August 18, 2023

                                                      Jennifer L. Hall
                                                      UNITED STATES MAGISTRATE JUDGE