IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC., | ) ) ) |
| Plaintiffs and Counter-Defendants, | ) ) |
| v. | ) ) C.A. No. 21-1453-RGA-JLH ) |
| NETLIST, INC., | ) ) |
| Defendant and Counter-Plaintiff. | ) |
| NETLIST, INC., | ) ) |
| Counter-Plaintiff, | ) ) |
| v. | ) ) |
| GOOGLE LLC AND ALPHABET INC., | ) ) |
| Counter-Defendants. | ) |

**NETLIST, INC.'S RESPONSE TO GOOGLE AND ALPHABET'S OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING GOOGLE AND ALPHABET'S MOTION TO DISMISS OR ALTERNATIVELY, SEVER AND STAY AND DISMISS WILLFULNESS AND INDIRECT INFRINGEMENT ALLEGATIONS (D.I. 164)**

OF COUNSEL:
Jason Sheasby
H. Annita Zhong
Thomas C. Werner
Michael Tezyan
Andrew J. Strabone
Yanan Zhao
David Z. Kahn
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Netlist, Inc.*

Rebecca Carson
Jonathan M. Lindsay
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
(949) 760-0991

Dated: September 15, 2023

Counterclaim Plaintiff Netlist, Inc. ("Netlist") respectfully responds to Google and Alphabet's ("Google") objections to the findings in the Report and Recommendation (D.I. 161, "R&R") on Counterclaim Defendants' Motion to Dismiss (D.I. 63 "Motion"). The R&R properly and correctly considered the relevant law and allegations regarding the issues of joinder, counterclaims against Alphabet, and willful infringement.

I.  **THE R&R'S RULING ON JOINDER SHOULD NOT BE DISTURBED**

First, Google recognizes that dismissal is not the proper remedy for misjoinder. D.I. 164 at n. 1. The R&R's ruling in this regard was proper, and the only question is whether the claims against Google should be severed. For the reasons the R&R set out, they should not. D.I. 161.

Second, Google argues that "The joinder analysis also must consider fundamental fairness, prejudice, and judicial economy. *Id.* The R&R's failure to properly evaluate those factors and was legal error." D.I. 164 at 1. This is wrong. The R&R evaluated each of these factors and did so properly. D.I. 161 at 7-9.

Google claims that Google is a customer of Samsung, and thus should be severed from the case. Google relies solely on the *Nintendo* ruling in support of its argument, but the R&R addresses that case, explaining that:

> the question of infringement liability is not the only issue in the case. For example, the Google Counterclaim Defendants maintain that Netlist will not be able to recover anything from them if it settles or wins a damages award against Samsung, while Netlist suggests that there might be an independent basis to recover damages from the Google Counterclaim Defendants if a Google entity bought the accused Samsung memory modules overseas and then imported and used them in the United States. That alone makes this case distinguishable from *UltimatePointer, L.L.C. v. Nintendo Co.*, No. 11-496, 2014 WL 12515338, at *3 (E.D. Tex. June 17, 2014) (severing and transferring claims against a supplier from its retailers in part because the patentee "has not presented evidence that the Retailers had any role in the . . . importation of the accused products" and the retailers "agree to be bound by the transferee court's decisions with respect to the [supplier's products]"), *on remand from Nintendo I*, 544 Fed. App'x 934.

D.I. 161 at 9. Indeed, Google ignores that the Federal Circuit has distinguished cases involving separate suits from circumstances where—*like here*—a customer and supplier are properly involved in the *same* litigation. *See In re Dell Inc.*, 600 Fed. App'x 728, 730 (Fed. Cir. 2015) ("[W]e are aware of [no appellate court case] that sets forth the proposition that a district court must stay proceedings against a customer in the very same litigation that will, regardless of the requested stay, go forward against the supplier").

And, with respect to judicial economy, the R&R recognizes that "it promotes judicial economy to consider the infringement counterclaims against Samsung, and the infringement counterclaims against the Google Counterclaim Defendants, in the same suit." D.I. 161 at 8.

Google also claims that it has no relevant documents or evidence for Netlist's infringement claims and thus it should not be a part of this litigation. This ignores the fact that Netlist has alleged that the Google Counter-Defendants infringe using products from suppliers beyond Samsung. Google thus has possession of evidence regarding the operation of additional accused infringing products not available from Samsung. As for the memory modules that Samsung does supply to the Google Counter-Defendants, severing and staying the claims against Google and Alphabet while Samsung's action proceeds separately would not promote judicial economy or fairness to the parties; to the contrary, a subsequent proceeding for Google and/or Alphabet would lead to delays, duplicative work, and needless expenses for all parties. *See Carucel Inv., L.P.* 2016 WL 8738221, at *3 (declining to apply the customer suit exception or enter defendants' requested stay because it could require "a second round of proceedings involving . . . a second claim construction, a second round of pre-trial motions . . . and a second trial"). Moreover, Google has not agreed to be bound by this Court's rulings on validity or infringement, and admits that it intends to defend itself if Netlist "assert[s] the patents-in-suit against non-Samsung products in the future," D.I. 164

3

at 5-6, thus admitting that Netlist's claims against Samsung do not resolve all of Netlist's claims against Google.

## II. THE R&R PROPERLY DISMISSES THE COUNTERCLAIMS AGAINST ALPHABET

Google contends that Netlist has not alleged that Alphabet has "participated in the alleged wrong." D.I. 164 at 6. This is wrong. As the R&R properly recognizes, Paragraph 6 of the SAAC alleged that "Alphabet…is involved in the design, manufacture, purchase, use, offering for sale, sale, and/or importation to the United States of certain semiconductor products, including the Accused Instrumentalities as defined below." D.I. 161 at 10. Netlist further alleges direct infringement in Paragraph 44. *Id*.

Google contends that Netlist's allegations are "boilerplate" and do not define facts "specific to Alphabet," but there is no requirement that Netlist identify Alphabet-specific allegations apart from allegations against Google. The R&R properly recognized this in identifying the relevant law. *See* D.I. 161 at 10-11 ("those paragraphs do not merely allege that Alphabet is liable by virtue of it being a parent company; rather, they allege that Alphabet is itself involved in the infringing acts. In other words, the SAAC alleges that each Counterclaim Defendant did everything. At this stage, those allegations must be taken as true.") (citing relevant law).

Google cites older case law than the R&R does, relying on *M2M* and *T-Jat* to argue that Netlist's allegations are insufficient. But those cases are properly dismissed as inapposite. In *M2M Sols. LLC v. Telit Commc'ns PLC*, 2015 WL 4640400, at *3-*5 (D. Del. Aug. 5, 2015), the plaintiff admitted that its infringement allegation against the foreign parent company was based solely on the subsidiary's infringing activities and had explicitly founded its infringement theory on an allegation that the foreign parent exercised "total control" over its American subsidiary. By

4

contrast, Netlist has made no such admission here and has plausibly alleged Alphabet's own infringing uses of Accused Instrumentalities. And in *T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, 2017 WL 896988, at *7 (D. Del. Mar. 7, 2017), the Court's decision was based on the fact that the pleading at issue did not explicitly allege that each of several defendants committed at least one infringing act. This is in sharp contrast to the pleadings here, where Netlist has made express allegations that Alphabet engaged in infringing conduct itself. D.I. 58 ¶ 6.

### III. THE R&R PROPERLY DENIED GOOGLE'S ARGUMENTS AS TO WILLFUL INFRINGEMENT

Google's response is wrong when it asserts that Netlist's willfulness allegations are solely based on Google's post-suit conduct. Netlist filed cross-claims against Google and Alphabet on September 12, 2022. D.I. 45. Netlist alleges that Google's knowledge of the patents-in-suit and Google's own infringing activities began on October 15, 2021. D.I. 58 ¶ 60 ("Google has had actual notice of the [Asserted Patents] since at least October 15, 2021, when Samsung initiated this instant declaratory judgment action. Google continues to commit acts of infringement despite a high likelihood that its actions constitute infringement, and Google knew or should have known that its actions constituted an unjustifiably high risk of infringement."). This is not post-suit conduct with respect to Google, and Google cites no authority to suggest it is. Importantly, the R&R recognized that even where the Court "may have [its] own views about Netlist's likelihood of success in proving willfulness, . . . '[t]he plausibility standard is not akin to a probability requirement.'" R&R at 12 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, "given the parties' history" and related circumstances surrounding this litigation, the R&R properly found that Netlist's counterclaim alleging Google's willfulness is plausible. *Id.*

Google also argues Netlist fails to plead knowledge of any specific act of infringement by Google. This is simply wrong. Netlist alleged that Google "knew or should have known that its

5

actions constituted an unjustifiably high risk of infringement." *Id*. This is adequate notice pleading. *See WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) ("subjective willfulness alone—i.e., proof that the defendant acted despite a risk of infringement that was 'either known or so obvious that it should have been known to the accused infringer'—can support an award of enhanced damages.") (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016)), *rev'd on other grounds*, 138 S.Ct. 2129 (2018).

## CONCLUSION

For the foregoing reasons, Netlist respectfully requests that the Court adopt the R&R's findings with respect to these issues.

|  |  |
|---|---|
| OF COUNSEL:<br>Jason Sheasby<br>H. Annita Zhong<br>Thomas C. Werner<br>Michael Tezyan<br>Andrew J. Strabone<br>Yanan Zhao<br>David Z. Kahn<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010<br><br>Rebecca Carson<br>Jonathan M. Lindsay<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br>(949) 760-0991<br><br>Dated: September 15, 2023 | Respectfully submitted,<br><br>*/s/ Emily S. DiBenedetto*<br>Karen E. Keller (No. 4489)<br>Emily S. DiBenedetto (No. 6779)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>edibenedetto@shawkeller.com<br>*Attorneys for Netlist, Inc.* |

6